Paul Young, Esq., CFE (SBN 257571)
paul@cym.law
Joseph Chora, Esq. (SBN 284700)
joseph@cym.law
Kevin Ronk, Esq. (SBN 241598)
kevin@cym.law
**CHORA YOUNG & MANASSERIAN LLP**
281 E. Colorado Blvd., #378
Pasadena, CA 91101
Tel: (626) 744-1838

Attorneys for Judgment Creditor Crystal Bergstrom,
dba Judicial Judgment Enforcement Services

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| In re: | Case No.: 2:26-bk-13348-DS |
|---|---|
| CAROLYN JEAN LINDHOLM, | Chapter 13 |
| Debtor. | [Honorable Deborah J. Saltzman] |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JUDGMENT CREDITOR CRYSTAL BERGSTROM'S NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. §§ 1307(c) AND 349(a) OR, ALTERNATIVELY, 11 U.S.C. § 521(e)(2)(A)(ii)**

**Hearing Date and Time**
Date:    June 25, 2026
Time:    1:00 p.m.
Place:    Courtroom 1639
255 E. Temple Street
Los Angeles, CA 90012

1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JUDGMENT CREDITOR CRYSTAL BERGSTROM'S
NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE PURSUANT TO 11
U.S.C. §§ 1307(c) AND 349(a) OR, ALTERNATIVELY, 11 U.S.C. § 521(e)(2)(A)(ii)

**PLEASE TAKE NOTICE** that pursuant to Rule 203 of the Federal Rules of Evidence, Judgment Creditor Crystal Bergstrom, dba Judicial Judgment Enforcement Services ("Bergstrom") requests the Court to take judicial notice of the following documents, which are attached as exhibits hereto, in ruling on the concurrently filed *Judgment Creditor Crystal Bergstrom's Notice of Motion and Motion to Dismiss Chapter 13 Case With Prejudice Pursuant to 11 U.S.C. §§ 1307(C) and 349(a) or, Alternatively, 11 U.S.C. § 521(E)(2)(A)(ii)* (the "Motion to Dismiss").

| EXHIBIT | TITLE | EXH PGS. |
|---------|-------|----------|
| 1 | August 6, 2018 – *COMPLAINT FOR: 1) BREACH OF CONTRACT; 2) INTENTIONAL FRAUD & DECEIT; 3) DECLARATORY RELIEF* filed in the case entitled *Robert Lindholm, et al. v. Appollo Equine Transport, Inc., et al.* (Case No. YCO73049) in Superior Court of the State of California for the County of Los Angeles | 000074-000092 |
| 2 | November 20, 2018 – CROSS-COMPLAINT FOR: 1) BREACH OF CONTRACT; 2) FRAUD filed in the case entitled *Robert Lindholm, et al. v. Appollo Equine Transport, Inc., et al.* (Case No. YCO73049) | 000093-000104 |
| 3 | September 4, 2020 – *JUDGMENT* filed in the case entitled *Robert Lindholm, et al. v. Appollo Equine Transport, Inc., et al.* (Case No. YCO73049) | 000105-000108 |
| 4 | December 12, 2023 – *ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT* filed in the case entitled *Robert Lindholm, et al. v. Appollo Equine Transport, Inc., et al.* (Case No. YCO73049) | 000109-000119 |
| 5 | April 12, 2024 – *AFFIDAVIT OF IDENTITY AND ORDER* filed in the case entitled *Robert Lindholm, et al. v. Appollo Equine Transport, Inc., et al.* (Case No. YCO73049) | 000120-000144 |
| 6 | October 16, 2025 – *PREFILING ORDER – VEXATIOUS LITIGANT* filed in the case entitled *Robert Lindholm, et al. v. Appollo Equine Transport, Inc., et al.* (Case No. YCO73049) against Carolyn Wade Lindholm | 000145-000147 |
| 7 | October 16, 2025 – *PREFILING ORDER – VEXATIOUS LITIGANT* filed in the case entitled *Robert Lindholm, et al.* | 000148-000149 |

2

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JUDGMENT CREDITOR CRYSTAL BERGSTROM'S NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. §§ 1307(c) AND 349(a) OR, ALTERNATIVELY, 11 U.S.C. § 521(e)(2)(A)(ii)

| | | |
|---|---|---|
| | *v. Appollo Equine Transport, Inc., et al.* (Case No. YCO73049) against Robert Lindholm | |
| 8 | February 23, 2024 – *COMPLAINT FOR BREACH OF CONTRACT AND PUNITIVE DAMAGES* filed in the case entitled *Robert Lindholm, et al. v. Crystal Bergstrom, Judicial Judgment Enforcement Services, et al.* (Case No. 24STCV04536) in Superior Court of the State of California County of Los Angeles, Central District | 000150-000155 |
| 9 | October 7, 2024 – Minute Order filed in the case in the case entitled *Robert Lindholm, et al. v. Crystal Bergstrom, Judicial Judgment Enforcement Services, et al.* (Case No. 24STCV04536) | 000156-000160 |
| 10 | September 23, 2025 – Minute Order filed in the case in the case entitled *Robert Lindholm, et al. v. Crystal Bergstrom, Judicial Judgment Enforcement Services, et al.* (Case No. 24STCV04536) | 000161-000163 |
| 11 | On August 15, 2012 – *VOLUNTARY PETITION FOR INDIVIDUALS FILING FOR BANKRUPTCY [in re Robert Lindholm, Chapter 13]* filed in United States Bankruptcy Court for the Central District of California, Santa Ana Division (Case No. 8:12-bk-19751-MW) [Dkt. No. 1] | 000164-000174 |
| 12 | September 22, 2025 – *APPLICATION FOR ISSUANCE OF ORDER FOR SALE OF DWELLING COMMONLY KNOWN AS 4445 DUNDEE DRIVE, LOS ANGELES, CA 90027* filed in the case in the case entitled *Robert Lindholm, et al. v. Crystal Bergstrom, Judicial Judgment Enforcement Services, et al.* (Case No. 24STCV04536) | 000175-000179 |
| 13 | September 22, 2025 – *MOTION FOR A STAY ORDER BY THIS COURT; AND FOR SANCTIONS FOR VIOLATING THE AUTOMATIC STAY; DECLARATION OF CAROLYN LINDHOLM; [PROPOSED] ORDER* filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (Case No. 2:25-bk-17721-DS) [Dkt. No. 18] | 000180-000185 |
| 14 | September 22, 2025 - *NOTICE OF FILING OF MOTION FOR STAY ORDER BY THE BANKRUPTCY COURT, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY* filed in the case in the case entitled *Robert Lindholm, et al. v. Crystal Bergstrom, Judicial* | 000186-000193 |

3

| | | |
|---|---|---|
| | *Judgment Enforcement Services, et al.* (Case No. 24STCV04536) | |
| 15 | September 22, 2025 – *NOTICE OF FILING OF MOTION FOR STAY ORDER BY THE BANKRUPTCY COURT, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY* filed in the case entitled *Robert Lindholm, et al. v. Appollo Equine Transport, Inc., et al.* (Case No. YCO73049) | 000194-000201 |
| 16 | October 14, 2025 – *ORDER DENYING MOTION FOR A STAY ORDER BY THIS COURT, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY* filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (Case No. 2:25-bk-17721-DS) [Dkt. No. 20] | 000202-000205 |
| 17 | October 17, 2025 – Minute Order filed in the case in the case entitled *Robert Lindholm, et al. v. Crystal Bergstrom, Judicial Judgment Enforcement Services, et al.* (Case No. 24STCV04536) | 000206-000207 |
| 18 | November 6, 2025 – *ORDER AND NOTICE OF DISMISSAL FOR FAILURE TO FILE SCHEDULES, STATEMENTS AND/OR PLAN* filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (Case No. 2:25-bk-17721-DS) [Dkt. No. 42] | 000208-000209 |
| 19 | December 8, 2025 – *VOLUNTARY PETITION FOR INDIVIDUALS FILING FOR BANKRUPTCY [in re Carolyn Jean Lindholm and Robert Lindholm, Chapter 13]* filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (Case No. 2:25-bk-20998-DS) [Dkt. No. 1] | 000210-000221 |
| 20 | December 10, 2025 – Minute Order filed in the case entitled *Robert Lindholm, et al. v. Crystal Bergstrom, Judicial Judgment Enforcement Services, et al.* (Case No. 24STCV04536) | 000222-000224 |
| 21 | December 19, 2025 – *NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO FILE PETITION DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAROLYN LINDHOLM IN SUPPORT THEREOF* filed in the United States Bankruptcy Court for the Central District of | 000225-000231 |

4

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JUDGMENT CREDITOR CRYSTAL BERGSTROM'S
NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE PURSUANT TO 11
U.S.C. §§ 1307(c) AND 349(a) OR, ALTERNATIVELY, 11 U.S.C. § 521(e)(2)(A)(ii)

| | | | |
|---|---|---|---|
| | | California, Los Angeles Division (Case No. 2:25-bk-20998-DS) [Dkt. No. 10] | |
| 22 | | December 19, 2025 – *ORDER RE MOTION TO EXTEND DEADLINE TO FILE CASE COMMENCEMENT DOCUMENTS* filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (Case No. 2:25-bk-20998-DS) [Dkt. No. 11] | 000232-000233 |
| 23 | | January 13, 2026 – *ORDER DENYING MOTION FOR RECONSIDERATION OF MOTION FOR EXTENSION OF TIME TO FILE PETITION DOCUMENTS* filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (Case No. 2:25-bk-20998-DS) [Dkt. No. 27] | 000234-000237 |
| 24 | | January 13, 2026 – *ORDER DENYING MOTION FOR COURT PERMISSION TO FILE DOCUMENTS UNDER SEAL* filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (Case No. 2:25-bk-20998-DS) [Dkt. No. 28] | 000238-000242 |
| 25 | | January 12, 2026 – *SCHEDULE A/B: PROPERTY* filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (Case No. 2:25-bk-20998-DS) [Dkt. No. 25] | 000243-000254 |
| 26 | | January 14, 2026 – *ORDER AND NOTICE OF DISMISSAL FOR FAILURE TO FILE SCHEDULES, STATEMENTS AND/OR PLAN* filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (Case No. 2:25-bk-20998-DS) [Dkt. No. 30] | 000255-000256 |
| 27 | | February 18, 2026 – Minute Order filed in the case entitled *Robert Lindholm, et al. v. Appollo Equine Transport, Inc., et al.* (Case No. YCO73049) | 000257-000263 |
| 28 | | April 8, 2026 – *NOTICE OF STAY OF PROCEEDINGS* filed in the case entitled *Robert Lindholm, et al. v. Crystal Bergstrom, Judicial Judgment Enforcement Services, et al.* (Case No. 24STCV04536) | 000264-000281 |
| 29 | | April 9, 2026 – Minute Order filed in the case entitled *Robert Lindholm, et al. v. Crystal Bergstrom, Judicial Judgment Enforcement Services, et al.* (Case No. 24STCV04536) | 000282-000284 |

5

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JUDGMENT CREDITOR CRYSTAL BERGSTROM'S
NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE PURSUANT TO 11
U.S.C. §§ 1307(c) AND 349(a) OR, ALTERNATIVELY, 11 U.S.C. § 521(e)(2)(A)(ii)

| 30 | April 21, 2026 - *SCHEDULE A/B: PROPERTY* filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (Case No. 2:26-bk-13348-DS) [Dkt. No. 10] | 000285-000336 |
| --- | --- | --- |
| 31 | April 21, 2026 – *CHAPTER 13 PLAN* filed in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (Case No. 2:26-bk-13348-DS) [Dkt. No. 12] | 000337-000353 |
| 32 | *U.S. v. Lindholm*, 24 F.3d 1078 (1994) | 000354-000364 |

Rule 201(b) of the Federal Rules of Evidence allows the Court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201(c) of the Federal Rules of Evidence states that the Court: "(1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." The 2011 Advisory Committee Notes to Rule 201 states, inter alia, that "the traditional textbook treatment has included these general categories (matters of common knowledge, facts capable of verification), McCormick §§324, 325, and then has passed on into detailed treatment of such specific topics as facts relating to the personnel and records of the court, *Id*. §327, and other governmental facts, *Id*. §328."

Exhibits 1 through 32 are true and correct copies of records of the Superior Court of California, County of Los Angeles (Case Nos. YC 073049 and 24STCV04534), a memorandum of the United States Bankruptcy Appellate Panel of the Ninth Circuit, an opinions of the United States Court of Appeal for the Ninth Circuit, the United States Bankruptcy Appellate Panel for the Ninth Circuit, and records from cases filed in the United States Bankruptcy Court for the Central District of California, including this case. Therefore, it is proper for the Court to take judicial notice of said exhibits. Bergstrom respectfully requests the Court take judicial notice of the attached exhibits.

///

6

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JUDGMENT CREDITOR CRYSTAL BERGSTROM'S NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. §§ 1307(c) AND 349(a) OR, ALTERNATIVELY, 11 U.S.C. § 521(e)(2)(A)(ii)

Respectfully submitted,

Dated: June 3, 2026                           **CHORA YOUNG & MANASSERIAN LLP**


By: _Kevin Ronk, Esq._
Kevin Ronk, Esq.
Attorneys for Creditor Crystal Bergstrom, dba
Judicial Judgment Enforcement Services

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JUDGMENT CREDITOR CRYSTAL BERGSTROM'S
NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE PURSUANT TO 11
U.S.C. §§ 1307(c) AND 349(a) OR, ALTERNATIVELY, 11 U.S.C. § 521(e)(2)(A)(ii)

# EXHIBIT 1

**BERGSTROM 000074**

FILED
Superior Court of California
County of Los Angeles

AUG 0 6 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
T. Rhodes

Dean P. Sperling
State Bar No. 82936
LAW OFFICE OF DEAN P. SPERLING
114 Pacifica, Suite 250
Irvine, California 92618
(949) 333-6540

Attorneys for Plaintiffs, Robert Lindholm, an individual and Carolyn Lindholm, an individual

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, TORRENCE COURTHOUSE

| | |
|---|---|
| ROBERT LINDHOLM, an individual and CAROLYN LINDHOLM, an individual<br><br>Plaintiff,<br><br>vs.<br><br>APOLLO EQUINE TRANSPORT, INC., a California corporation; EUROPEAN HORSE SERVICES (USA), INC. a California corporation; and DOES 1 through 30, inclusive,<br><br>Defendants. | CASE NO. **YC073049**<br><br>COMPLAINT FOR:<br><br>1) BREACH OF CONTRACT;<br><br>2) INTENTIONAL FRAUD & DECEIT;<br><br>3) DECLARATORY RELIEF<br><br>**[UNLIMITED JURISDICTION]** |

Robert Lindholm, an individual and Carolyn Lindholm, an individual, do hereby allege as follows:

**Parties**

A.    Plaintiffs.

1.    ROBERT LINDHOLM, an individual ("Robert") and CAROLYN LINDHOLM, an individual ("Carolyn") hereinafter collectively referred to as "Plaintiffs", at all times referred to in this Complaint are individuals residing in the County of Los Angeles, State of California.

B.    Named Party Defendants.

2.    Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned, Defendant, APOLLO EQUINE TRANSPORT, INC., a California corporation is and was a California corporation with its principal place of

1

Complaint

BERGSTROM 000075

business at 8055 West Manchester Avenue, Suite 505, Playa Del Rey, California 90293. Whenever the term "Apollo" is utilized in this Complaint, it is to be construed as referring to Defendant, APOLLO EQUINE TRANSPORT, INC., a California corporation and Does 1 through 5, inclusive.

3.     Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned, Defendant, EUROPEAN HORSE SERVICES (USA), INC. a California corporation is and was a California corporation with its principal place of business at Boomgaarden58, Knokke-Heist West, Blaanderen, Belguim 8300 and maintaining no address in the State of California. Whenever the term "EHS" is utilized in this Complaint, it is to be construed as referring to Defendant, EUROPEAN HORSE SERVICES (USA), INC. a California corporation and Does 6 through 10, inclusive.

C.     DOE Defendants.

4.     The true names and capacities of Defendants named herein as DOES 1 through 30, inclusive, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, which, therefore sues said DOE Defendants by their respective fictitious names. Plaintiff will seek leave of this Court to amend the within Complaint to allege the true names and capacities of such DOE Defendants when their respective names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to, and thereby proximately caused damage to Plaintiff as herein alleged.

**Agency**

5.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants was the agent, servant and/or employee of each of the remaining Defendants herein, and was at all times herein mentioned acting within the course and scope of such agency and/or employment and pursuant to the express direction of said Defendant in doing the things herein alleged.

///

<center>2</center>

---

<center>Complaint</center>

BERGSTROM 000076

**Joint and Several Liability**

6.     Plaintiff alleges, upon information and belief, that each of the Defendants named in this complaint was, in some manner, responsible for the acts, conduct, and omissions alleged in this complaint, and for the damages each of the remaining Defendants have caused, and is, therefor, jointly and severally liable for the damage that Plaintiff has sustained as alleged herein.

**Venue**

7.     Plaintiff alleges, upon information of belief, that pursuant to Code of Civil Procedure §395(a), venue is properly laid in the County of Los Angeles and the within district, in that Defendants, and each of them reside in or have their principal place of business within the County of Los Angeles within the meaning of <u>California Code of Civil Procedure</u>, §395.5. Further, the contract which is the subject of this action was entered into and was to be performed in the County of Los Angeles, State of California.

**<u>The Horses</u>**

8.     In or around November 10, 2017, Plaintiff, Carolyn, had purchased from breeders in Europe five (5) foals (the "Horses") to be shipped from their European breeders in Holland, Belgium and Germany to Los Angeles. Plaintiff, Robert, made the arrangements for the shipping of the Horses on behalf of Plaintiff, Carolyn. Plaintiff, Robert was referred to Defendant, Apollo, a freight forwarder in Los Angeles, to make the necessary arrangements.

**<u>The Agreement with Apollo</u>**

9.     On or about November 15, 2017, Plaintiff Robert spoke with Karl Webster, who Robert was informed was a principal with Defendant, Apollo and a former cabin steward with KLM Airlines ("KLM"). Plaintiff, Robert, wanted the Horses to be shipped via KLM who specialized and was experienced in flying foals from Amsterdam to Los Angeles, had non-stop flights and, further, utilized a plane that was modified for that purpose. During the conversation between Plaintiff, Robert and Karl Webster of Defendant, Apollo, Robert was clear that the Horses were to be shipped from Europe to the United States

3

Complaint

**BERGSTROM 000077**

on KLM and, further, that the sooner the shipment could be made, the better. Karl Webster advised Plaintiff, Robert, that the shipping of the Horses from the breeders to the airport would have to be handled in Europe by a freight forwarder, Defendant EHS, for transporting the Horses to the European airport with their shipping and health documents while Defendant, Apollo would receive the Horses in Los Angeles and handle the necessary requirements such as quarantine and testing them concerning their entry into the United States. Plaintiff, Robert, was to be provided with a quote for the shipping of the Horses from Karl Webster of Defendant, Apollo.

10.    Plaintiff, Robert, was advised by Defendant, EHS, that KLM had told EHS that the date for shipping the Horses would be December 26, 2017. On November 20, 2017, Plaintiff, Robert sent an email to Thibaut Deleersnyder of Defendant EUS, Bruce Hillewaert of Defendant, EHS and Karl Webster of Defendant Apollo, that the ship date of December 26, 2017 was unacceptable and thus had to be in Los Angeles by the following week. Bruce Hillewaert of Defendant, EHS responded to Plaintiff, Robert by email dated November 20, 2017 that Defendant EHS would go back to KLM and ask for more space for the following week. Bruce Hillewaert also stated that there was another airline from Luxemburg to Los Angeles (Cargolux) who has direct flights, that the week of November 30, 2017 was open and that the price would be similar to that charged by KLM. Plaintiff, Robert responded to Bruce Hillewaert by email on November 20, 2017 that the Horses were babies, that they are sitting in cold stalls awaiting shipment to the United States and that a higher price being charged for giving away the space on KLM was unacceptable.

11.    On or about November 20, 2017, Plaintiff, Robert received a further email from Bruce Hillewaert of Defendant, EHS, showing a quote from another airline, Cargolux, to ship the Horses from Luxemburg airport to Los Angeles on December 7, 2017. Plaintiff, Robert, investigated Cargolux to see if anyone else in the horse transporting business knew of them, but no one he spoke to did. As such, Plaintiff, Robert, continued to insist to Defendants that the Horses be transported via KLM earlier than December 26, 2017. While the December 26, 2017 date for shipment of the Horses to Los Angeles via KLM was still,

4

Complaint

BERGSTROM 000078

to the knowledge of Plaintiff, Robert, reserved, the weather was predicted to turn colder towards the end of December 2017 where the Horses were stabled, and the Plaintiffs were concerned for their health. As such, the December 7, 2017 shipping date on Cargolux was reluctantly accepted by Plaintiffs to ship the Horses to Los Angeles from Luxemburg. On November 26, 2017, Plaintiff, Robert, emailed Bruce Hillewaert of Defendant, EHS and Karl Webster of Defendant Apollo asking them to confirm that they have contacted the breeders for the Horses and Cargolux to be sure that the December 7, 2017 shipping date was set and certain. On November 28, 2017, Thibaut Deleersnyder of Defendant EHS emailed Plaintiff, Robert advising that Defendant UHS will work on getting the Horses to the Luxemburg airport for shipment to Los Angeles.

12.    On December 7, 2017, Plaintiff, Robert emailed Thibaut Deleersnyder of Defendant EHS and asked if the Horses were in the air and to provide the flight information ASAP. On December 7, 2017, Thibaut Deleersnyder of Defendant EHS emailed Plaintiff, Robert back stating that the flight is delayed but that a message will be sent once it is in the air.

13.    While the Horses did eventually reach Los Angeles, Plaintiffs discovered that the Cargolux plane sat at the Luxemburg airport with the Horses on board for approximately eight (8) hours before taking off. Further, two of the Horses arrived in Los Angeles ill and were treated by a veterinarian at JetPets (and recovered) but without notifying Plaintiffs. Plaintiffs are informed and believe and allege that the actual reason for the flight delay was the desire of Cargolux to sell unsold space in the plane for additional cargo.

14.    On December 7, 2017, Plaintiff, Robert, received an email from Bruce Hillewaert of Defendant, EHS stating that he had heard that Plaintiffs had more horses to ship to Los Angeles, and that space had been reserved for Plaintiffs on December 28, 2017 and offering space on December 21, 2017. Plaintiff, Robert responded asking for prices and dates. Plaintiff, Robert then found out on December 11, 2017 that Defendant EHS had booked space for Plaintiffs via Cargolux without consent.

///

5

Complaint

**BERGSTROM 000079**

**The Received Billings are Not Itemized**

15.    Plaintiffs received an invoice from Defendant, Apollo, for $15,250.00 regarding the shipment of the Horses on December 7, 2017 and then an invoice from Defendant EHS for $20,115.81. Initially, Plaintiffs thought that the two invoices were for the same services but then learned that in fact they were separate and distinct.   At that point, Plaintiffs asked for but did not receive an itemized invoice for the services rendered concerning the shipping of the Horses.

**Discovery of Undisclosed Facts**

16.    Since the receipt of the invoices of Defendants, totaling the principal sum of $35,365.81, Plaintiffs have discovered the following:

A.    Karl Webster of Defendant, Apollo, is not a former cabin steward with KLM;

B.    That Defendant EHS, was not then, and still is not, an authorized agent to book any flights on KLM and thus had no ability to obtain bookings on KLM for the Horses from Europe to Los Angeles.

C.    That the Cargolux flight from Luxemburg airport to Los Angeles on which the Horses were booked by Defendants for December 7, 2017, was not a non-stop flight those offered by KLM.

D.    That the Cargolux flight from Luxemburg airport to Los Angeles on which the Horses were booked by Defendants for December 7, 2017 did not include a groom and veterinarian for the care of the Horses (something that is included on KLM flights) thus causing Plaintiffs to incur additional charges.

E.    That the total all inclusive charges to ship one horse from Europe, by way of Luxemburg airport to Los Angeles (including shipping from the breeder in Europe to the release of the horse in the United States) is $2,500.00.

///

///

///

6

Complaint

BERGSTROM 000080

## FIRST CAUSE OF ACTION

### (For Breach of Contract Against All Defendants)

### Reincorporation by Reference

17.     Plaintiffs hereby incorporate by reference herein paragraphs 1 through 16, inclusive, of this Complaint into the First Cause of Action as though set forth in full herein.

### Breach of the Agreement

18.     On or about December 7, 2017, the agreement with Defendants was breached by Defendants in the following ways:

A.     The flight from Luxemburg airport to Los Angeles was not a direct flight as on KLM as was contracted for;

B.     That the cost of utilizing Cargolux to transport the Horses from Luxemburg airport to Los Angeles was not for a price similar to that charged by KLM for the similar services and, in fact, is substantially more as was contracted for.

C.     That Defendant, EHS at no time had any ability to ever book the Horses on KLM for a flight from Luxemburg airport to Los Angeles in November and December 2017 or at any time that Defendants made such representations to Plaintiffs as was contracted for.

D.     That the total principal cost of shipping the Horses from Luxemburg airport to Los Angeles should not have exceeded the principal sum of $10,000.00 (allowing for a discount in the $2,500.00 cost to ship one horse for multiple horses on one flight).

### Plaintiffs' Performance

19.     Plaintiffs performed all conditions, covenants, and promises required by Plaintiffs to be performed in accordance with the terms and conditions of the agreement between the parties, except for those excused by the breach of the agreement by Defendants.

### Plaintiff's Damages

20.     The breach by the Defendants, and each of them, of the terms and conditions of the agreement under which the Horses were to be shipped from Luxemburg airport to Los Angeles is the principal sum of $25,365.81.

7

Complaint

BERGSTROM 000081

## SECOND CAUSE OF ACTION

### (For Intentional Fraud Against All Defendants)

### Reincorporation by Reference

21.     Plaintiffs hereby incorporate by reference herein paragraphs 1 through 16, inclusive of this Complaint into the Second Cause of Action as though set forth in full herein.

### Representations by Defendants

22.     Karl Webster of Defendant, Apollo and Bruce Hillewaert of Defendant, EHS specifically represented to Plaintiff, Robert, that Defendant EHS had the ability, authority and wherewithal to book the Horses with KLM for travel from Luxemburg Airport to Los Angeles. Karl Webster made such representation to Robert on or about November 15, 2017 during their initial conversation.  Bruce Hillewaert of Defendant, EHS made the said representation to Plaintiff Robert on November 20, 2017 when it was represented that the Horses were booked on KLM for a flight on December 26, 2017 and, further, that Defendant EHS would seek alternative dates for flights with KLM.  Further, Bruce Hillewaert of Defendant, EHS represented to Plaintiff, Robert, that an alternative airline, Cargolux, offered flights for the Horses on-stop from Luxemburg airport to Los Angeles for the similar cost and service of the flights offered by KLM.

### Falsity of the Representation

23.     The representations by Defendants, and each of them, as alleged above in paragraph 23  were in fact false.  The true facts were as follows:

A.     The Cargolux flight on which the Horses were booked from Luxemburg airport to Los Angeles on December 7, 2017 was not a direct flight as on KLM.

B.     That the cost of utilizing Cargolux to transport the Horses from Luxemburg airport to Los Angeles was not for a price similar to that charged by KLM for the similar services and, in fact, was substantially more as was contracted for.

C.     That Defendant, EHS at no time had any ability to ever book the Horses on KLM for a flight from Luxemburg airport to Los Angeles in November and December 2017 or at any time that Defendants made such representations to Plaintiffs as was contracted

8

Complaint

**BERGSTROM 000082**

for.

The object of the Defendants' misrepresentations were to secure the shipment of the Horses notwithstanding that Defendant EHS could not ever book on KLM or obtain pricing for KLM and, further, to generate fees and costs above what KLM would have charged for the similar services.

### Intentional Misrepresentation of Defendants

24.     When Defendants, and each of them, made the representations to Plaintiff, Robert, alleged above in Paragraph 22, they knew them to be false and made such representations with the intention to deceive and defraud Plaintiffs and to induce Plaintiffs to act in reliance on such representations in the manner herein alleged, or with the expectation that Plaintiffs would indeed so act.

### Plaintiffs' Actions

25.     Plaintiffs, at the time that the representations were made by Defendants and at the time that Plaintiffs took the actions herein alleged, was ignorant of the falsity of said Defendants' representations and believed them to be true.   In reliance upon such representations Plaintiffs were induced and did in fact utilize the services of Defendants, and each of them, and reluctantly consented to shipping the Horses with Cargolux on December 7, 2017 from Luxemburg airport to Los Angeles. Had Plaintiffs known the actual facts, they would not have taken such actions and, instead, would have not have dealt with said Defendants to ship the Horses or to allow the Horses to be shipped on Cargolux at all. Plaintiffs' reliance on said Defendants' representation was justified in that Plaintiffs could not have otherwise then discovered the falsity of said statements and that Plaintiffs believed Defendants, as experiences shippers of horses from Europe to the United States, to have the expertise, knowledge and contacts necessary to perform such work. Plaintiffs did not learn the falsity of said representations until after the Horses arrives in Los Angeles and the Defendants sent separate invoices and began demanding payment.

### Damages

26.     As a proximate result of the fraudulent conduct of Defendants, and each of

<div align="center">9</div>

---

<div align="center">Complaint</div>

**BERGSTROM 000083**

them, as herein alleged, Plaintiffs have been damaged in the amount in excess of $25,000.00, the exact amount to be proven at the time of trial.

### Entitlement to Punitive Damages

27.    The aforementioned conduct of Defendants, and each of them, was an intentional misrepresentation, deceit or concealment of material facts known to Defendants, with the intention on the part of Defendants to deprive Plaintiff of property, legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of said Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

### THIRD CAUSE OF ACTION

### (For Declaratory Relief Against all Defendants)

### Reincorporation by Reference

28.    Plaintiffs hereby incorporate by reference herein  1 through 16, inclusive, of this Complaint into this Third  Cause of Action as though set forth in full herein.

### Defendants' Claims

29.    Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, contend and/or may assert that they are entitled to funds from the Plaintiffs for alleged services rendered according to agreements of the parties totaling the principal sum of $35,365.81.

### Plaintiffs' Claims

30.    Plaintiffs claims that the Defendants, and each of them, rendered services based upon false statements and representations and, as such any services rendered were not provided or worth the sum of $35,365.81.

### Actual Controversy Exists

31.    An actual controversy has arisen and now exists between Plaintiffs and Defendants, and each of them, concerning their respective rights, duties, and obligations regarding the asserted agreement regarding the shipment of the Horses.

///

10

Complaint

BERGSTROM 000084

<u>**Request For Judicial Determination**</u>

24.    Plaintiffs desire a judicial determination of respective rights, duties, and obligations of Plaintiffs and Defendants, and each of them, regarding the rights and duties owed, if any, by each in connection with the shipment of the Horses.

<u>**Need for Judicial Determination at this Time**</u>

25.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights, duties and obligations to and with respect to the claims of Defendants, and each of them, if any, pertaining to the shipment of the Horses.

WHEREFORE, Plaintiffs prays for judgment in its favor and against Defendants, and each of them, as follows:

**On the First Cause of Action:**

1.    The principal sum of at least $25,365.81 or as proven at the time of trial;

2.    For costs of suit incurred herein;

3.    For such other and further relief as the court may deem just and proper.

**On the Second Cause of Action:**

4.    For general damages according to proof;

5.    For punitive damages in an amount appropriate to punish said Defendant and to deter others from engaging in similar misconduct;

6.    For costs of suit incurred herein;

7.    For such other and further relief as the Court may deem just and proper.

**On the Third Cause of Action:**

8.    For a declaration of Plaintiffs' rights, duties, and obligations to Defendants with respect to the shipment of the Horses, that the maximum sum of money owed to the Defendants, if any, is the total sum of $10,000.00.

9.    For costs of suit incurred herein;

11

Complaint

**BERGSTROM 000085**

10.     For such other and further relief as the Court may deem just and proper.

LAW OFFICE OF DEAN P. SPERLING

DATED: August 6, 2018                    By:    _Dean P. Sperling_

Dean P. Sperling, Attorneys for Plaintiffs,
Robert Lindholm, an individual and
Carolyn Lindholm, an individual

S:\Wp8-JD\Lindholm, Robert & Carolyn\Plead\Complaint - Lindholm v. EHS 01.wpd

12

Complaint

BERGSTROM 000086

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|

Dean P. Sperling, Esq.  SBN 82936
Law Office of Dean P. Sperling
114 Pacifica, Suite 250
Irvine, California 92618
TELEPHONE NO: (949) 333-6540       FAX NO.:
ATTORNEY FOR *(Name):* Plaintiffs Robert & Carolyn Lindholm

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 825 Maple Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Torrence CA
BRANCH NAME: Torrence Court

**FILED**
Superior Court of California
County of Los Angeles

AUG 06 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
        T. Rhodes

CASE NAME:
Robert Lindholm, etc., et. al. v Apollo

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: **YC073049** |
|---|---|---|
| ☑ **Unlimited** ☐ **Limited** (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☑ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* three
5. This case ☐ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 6, 2018
Dean P. Sperling
                    (TYPE OR PRINT NAME)                                      ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov


ORIGINAL

**BERGSTROM 000087**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)--Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice-- Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach--Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case--Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ--Administrative Mandamus
  Writ--Mandamus on Limited Court Case Matter
  Writ--Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal--Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400--3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**BERGSTROM 000088**

| SHORT TITLE: Robert Lindholm etc., et. al., v Apollo | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

<table>
<tr><td colspan="2"><b>A</b><br>Civil Case Cover Sheet<br>Category No.</td><td><b>B</b><br>Type of Action<br>(Check only one)</td><td><b>C</b><br>Applicable Reasons -<br>See Step 3 Above</td></tr>
<tr><td rowspan="2"><b>Auto<br>Tort</b></td><td>Auto (22)</td><td>☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death</td><td>1, 4, 11</td></tr>
<tr><td>Uninsured Motorist (46)</td><td>☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist</td><td>1, 4, 11</td></tr>
<tr><td rowspan="10"><b>Other Personal Injury/ Property<br>Damage/ Wrongful Death Tort</b></td><td rowspan="2">Asbestos (04)</td><td>☐ A6070 Asbestos Property Damage</td><td>1, 11</td></tr>
<tr><td>☐ A7221 Asbestos - Personal Injury/Wrongful Death</td><td>1, 11</td></tr>
<tr><td>Product Liability (24)</td><td>☐ A7260 Product Liability (not asbestos or toxic/environmental)</td><td>1, 4, 11</td></tr>
<tr><td rowspan="2">Medical Malpractice (45)</td><td>☐ A7210 Medical Malpractice - Physicians & Surgeons</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7240 Other Professional Health Care Malpractice</td><td>1, 4, 11</td></tr>
<tr><td rowspan="4">Other Personal<br>Injury Property<br>Damage Wrongful<br>Death (23)</td><td>☐ A7250 Premises Liability (e.g., slip and fall)</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7270 Intentional Infliction of Emotional Distress</td><td>1, 4, 11</td></tr>
<tr><td>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death</td><td>1, 4, 11</td></tr>
</table>

| LACIV 109 (Rev 2/16)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | Local Rule 2.3<br>Page 1 of 4 |
|---|---|---|



**ORIGINAL**

**BERGSTROM 000089**

| SHORT TITLE: Robert Lindholm etc., et. al., v Apollo | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☑ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

BERGSTROM 000090

| SHORT TITLE: Robert Lindholm etc., et. al., v Apollo | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

BERGSTROM 000091

| SHORT TITLE: Robert Lindholm etc., et. al., v Apollo | CASE NUMBER |
|---|---|
|  |  |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☑ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>8055 West Manchester Avenue #505 |
|---|---|

| CITY: Playa Del Rey | STATE: CA | ZIP CODE: 90293 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Torrence Court___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___August 6, 2018___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

BERGSTROM 000092

# EXHIBIT 2

**BERGSTROM 000093**

ORIGINAL

JOSEPH BOYLE, State Bar No. 132539
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6316
(415) 441-5544

Attorney for Defendant APOLLO EQUINE TRANSPORT INC.

FILED
Superior Court of California
County of Los Angeles

NOV 20 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
T. Rhodes

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, TORRENCE COURTHOUSE**

| | |
|---|---|
| CAROLYN LINDHOLM, an individual and ROBERT LINDHOLM, an individual, and DOES 1 through 30 inclusive, | CASE NO. YCO73049 |
| | **CROSS-COMPLAINT FOR:** |
| Plaintiffs, | **1) BREACH OF CONTRACT** |
| vs. | **2) FRAUD** |
| APOLLO EQUINE TRANSPORT INC., a California Corporation; EUROPEAN HORSE SERVICES (USA), INC., a California Corporation; and DOES 1 through 30, inclusive. | **[UNLIMITED JURISDICTION]** |
| Defendants | |
| _____/ | |
| APOLLO EQUINE TRANSPORT, INC., a California Corporation | |
| Cross- Complaint, | |
| vs. | |
| CAROLYN LINDHOLM, an individual and ROBERT LINDHOLM, an individual; and DOES 1 to 30 inclusive, | |
| Cross-Defendants. | |



HERSHANDHERSH
A Professional Corporation

- 1 -

CROSS-COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

BERGSTROM 000094

Come now Cross-Plaintiff APOLLO EQUINE TRANSPORT, INC., and pleads and alleges as follows:

## PARTIES

1.     At all times relevant herein, Cross-Plaintiff APOLLO EQUINE TRANSPORT, INC., (hereinafter "Apollo") is a California corporation in good standing with is principal place of business at 8055 West Manchester Avenue, Suite 505, Playa Del Rey, California 90293.

2     At all times herein mentioned, Cross-Defendants CAROLYN LINDHOLM, an individual, and ROBERT LINDHOLM, an individual, and DOES 1 through 5, inclusive are individuals residing in the County of Los Angeles, State of California.

3.     The true names and capacities whether individual, corporate, associate or otherwise, of Cross-Defendants Does 1-30 are unknown to Apollo who, therefore, sues said Cross-Defendants by such fictitious names. Apollo is informed and believes and thereon alleges that each of said fictitious Cross-Defendants proximately caused injury and damages to Apollo as herein alleged.

4.     At all times mentioned herein, each of the Cross-Defendants was the agent and employee of every other Cross-Defendant in doing the acts herein alleged, and was, at all times, acting within the purpose and scope of said agency and employment and all of said acts and conduct were ratified and approved by said Cross-Defendants.

## JURISDICTION AND VENUE

5.     Venue is proper in the Superior Court of the State of California, County of Los Angeles pursuant to Code of Civil Procedure §395(a) in that Cross-Defendants, and each of them reside in the County of Los Angeles. Further, the contract, which is the subject of this action, was entered into and was performed or to be performed in the County of Los Angeles, State of California.

///

///

- 2 -
CROSS-COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

BERGSTROM 000095

HERSHANDHERSH
A Professional Corporation

## FACTS

**Contract Agreement with Apollo.**

6.      On or about October 2017, the Cross-Defendants contacted Karl Webster (hereinafter "Webster") the owner of Apollo, and informed him that Cross-Defendant, Carolyn Lindholm, had purchased five horses in Europe and that they needed the horses transported from Europe to Los Angeles ("LA"). The horses were in different countries in Europe, two were in Germany, two were in Holland, and one was in Belgium. The Cross-Defendants wanted to hire Apollo to handle the transport of the horses.

7.      Apollo, informed the Cross-Defendants that its services apply only when the horses land in the United States ("US").  Apollo advised that it handles the customs and immigration process, a process that takes approximately two to three days and includes, but is not limited to, meeting the horses at the plane on arrival, ensuring that immigration paperwork is complete and in order, transport of the horses to quarantine, ensuring that the USDA is informed of the horses arrival, ensuring that the medical tests of the horses are performed and that the results are provided to the authorities.  The Cross-Defendants hired Apollo to provide those services.

8.      Apollo informed the Cross-Defendants that the Cross-Defendants would have to contact a company in Europe to transport the horses from Europe to the US. Apollo referred the Cross-Defendants to a company in Belgium, EHS Bel.

9.      The Cross-Defendants contacted EHS Bel and entered into an agreement with EHS Bel to ship the horses from Europe to the US on December 7, 2017.

10.     The horses arrived in LA on December 7, 2017. Apollo, in reliance on the agreement with the Cross-Defendants, met and received the horses in LA and Apollo handled the import of the horses through customs and immigration. Apollo, on behalf of the Cross-Defendants paid for all the costs related to the customs and immigration process with the understanding that the Cross-Defendants would reimburse said costs.

- 3 -
CROSS-COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

**BERGSTROM 000096**

11.    On December 8, 2017, Apollo sent an invoice to the Cross-Defendants in the amount of $15,250.00, for the costs it paid on behalf of Cross-Defendants as set forth herein and services it rendered in processing the horses through customs and immigration.

12.    On December 9, 2018, the Cross-Defendants collected the horses from quarantine and and took the horses to their property for their use and/or for sale. At the time they picked up the horses from quarantine, the Cross-Defendants told Apollo that they forgot to bring the check for payment of Apollo's bill, but that they would mail the check to Apollo. To date, despite many requests and demands for payment, the Cross-Defendants have not paid Apollo.

13.    The Cross- Defendants have a modus operandi, a way of operating, whereby they seek the services of a company by agreeing that they will pay for those services, but when requested to pay they do not pay but make many promises to pay, and then when payment is demanded instead of requested, the Cross-Defendants criticize the services and ultimately refuse to pay the bills. The Cross-Defendants used these tactics with Apollo and with EHS-Bel in the following manner.

**A. Promises Made To Apollo In Response to Requests For Payment.**

(i) On January 3, 2017, the Cross-Defendants wrote to Webster at Apollo and told him that the horses were very happy and settling in nicely, and said to Webster "Let me take a break and get your check over, or better yet, since we will be doing this again, set something up electronically and more automatic. We are at Chase."

(ii) On January 31, 2018, the Cross-Defendants wrote the following to Apollo; "Obviously we are not going to hang Apollo out when you have paid the bill and it is ordinary and customary, if ridiculous." "Rest assured, we do not need Apollo as our bank, Carolyn and I have an impressive history of taking care of everything."

- 4 -

CROSS-COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

**BERGSTROM 000097**

(iii) On February 1, 2017, the Cross-Defendants wrote to Apollo and said that "this invoice will be resolved in the next few days. No way am I going to have you not get paid." (Emphasis in original) "You did nothing wrong.." "We want you to take care of the daily operation. The reason I contacted you in the first place, is the recommendation of Buffy at Pollyrich, and your Yelps, everyone loves you." (Emphasis in original) "And THANK YOU for your wonderful service with the Fab 5, happy in their sunny pasture right now." (emphasis in original)

(iv) On February 6, 2017, the Cross-Defendants wrote to Apollo and said "I am looking forward paying you sometime next week." (sic)

**B.    Promises To Pay In Response To Requests For Payment From EHS Bel.**

(i) On January 22, 2018 the Cross-Defendant, Robert Lindholm, wrote to EHS Bel and said that the "I am sorry, money being arranged right now."

(ii) On Feburary 20, 2018 Cross-Defendant, Robert Lindholm, wrote to EHS Bel and, referring to the EHS Bel bill, told it that "Yes, I am aware of that. We are working on that this week."

(iii) On March 9, 2018, Cross-Defendant. Robert Lindholm, wrote to EHS Bel and told it that they were "Not buying or shipping anything until I get your bill paid!"

(iv) On March 16, 2018, the Cross-Defendant, Robert Lindholm, wrote to EHS Bel and told it that they were awaiting two large checks, and that they "will send you partial payment on Monday."

(v) On March 21, 2018, the Cross-Defendants wrote to EHS Bel and told it that "Nothing is getting paid now before you."

- 5 -
CROSS-COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

BERGSTROM 000098

**C. Cross-Defendants Responses To Demand For Payment From Apollo.**

(i) On February 8, 2018, in response to a demand by Webster to be paid by February 16, 2018, Cross-Defendant, Robert Lindholm, wrote that he would discuss the matter of a stolen horse and secret charges with his wife Carolyn who may wish to speak to her lawyer and that he is sure that Apollo might wish to be a co-plaintiff rather than a co-defendant.

(ii) On February 15, 2018, Cross-Defendant, Robert Lindholm, in writing, referred to himself as an expert in importing and raised an issue of questionable billing by Apollo and said that the Lindholms will pay a proper bill.

(iii) On February 20, 2018, Cross-Defendant, Robert Lindholm, wrote to Apollo and threatened legal action while at the same time implying that the bills for the import of the horses were incorrect (" before we take legal action, which we are most certainly willing to do to pay the correct charges for importing our horses.")

(iv) On March 28, 2018, Cross-Defendant, Robert Lindholm, referred to Apollo's demand for payment "old news" and he questioned Apollo's invoice totals and claimed that Apollo is not licensed to prepare and submit Custom entry forms.

**D.     Defendants' Responses Demands For Payment From EHS Bel.**

(i) On April 24, 2018, after EHS Bel demanded payment and advised Cross-Defendants that they had been approached by lawyers inquiring about the practices of Cross Defendants, Cross-Defendant, Robert Lindholm, wrote to EHS Bel and told it Cross-Defendants were not happy with the service received, that they were "ripped off almost the cost of the flight, by your agents in LAX"

- 6 -
CROSS-COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

BERGSTROM 000099

(sic), and said that "As for lawyers, my wife's law practice is across Grand Avenue from the courthouse." Cross-Defendant, Robert Lindholm had earlier informed EHS Bel that his wife worked for the law firm Bonne Bridges.

(ii) On April 25, 2018, Cross-Defendant, Robert Lindholm, wrote to EHS Bel and told it to cut the nonsense, "Otherwise every load you fly into my area, will get my personal attention and scrutiny in a few months, and I will open a Twitter account."

(iii) On July 20, 2018, Cross-Defendant, Robert Lindholm, wrote to EHS Bel and accused it of having no contract with KLM and hence was not in position to book space on KLM flights to LA.

14.    When Apollo demanded payment by August 6, 2018, the Cross-Defendants responded by filing this lawsuit Lindholm v. Apollo et al in this court, alleging that Apollo was in breach of contract and had committed fraud. The Cross-Defendants alleged that they were damaged in an amount in excess of $25,000.00 (twenty five thousand dollars). The Cross-Defendants never paid any money to Apollo or EHS Bel for the services provided to them by these companies, nevertheless they are alleging that they were damaged in an amount of more than $25,000.00. The Cross-Defendants received, and were satisfied with, the benefit of the bargain they entered into with Apollo, and when payment was demanded of them by Apollo, they instead attacked Apollo with a lawsuit and claimed that Apollo should pay them money.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
### (Against All Defendants)

15.    Apollo re-alleges and incorporates by this reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 14, above.

16.    The Cross-Defendants requested the services of Apollo to effect the transport of their horses into the US. Apollo offered to handle the customs and immigration process

- 7 -

CROSS-COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

HERSH AND HERSH
A Professional Corporation

BERGSTROM 000100

once the horses arrived in the US from Europe and the Cross-Defendants accepted that offer and promised to pay for Apollo for its costs and services. The Cross-Defendants entered into an oral contract with Apollo.

17.     Apollo rendered its services to and expended money on behalf of the Cross-Defendants in reliance on the Cross-Defendants' promise to pay.

18.     The Cross-Defendants, in writing, many times acknowledged it was obligated to pay Apollo for costs and sevices, and acknowledged that it knew that Apollo had paid money on Cross-Defendants' behalf to effect the import of the horses to the US.

19.     The Cross-Defendants failed to pay Apollo for costs and services despite demands from Apollo for payment.

20.     The Cross-Defendants have refused to pay Apollo for its services.

21.     The Cross-Defendants, in writing, have acknowledged that they have received and were satisfied with the benefit of the services it received from Apollo.

22.     Apollo has performed as promised and fulfilled all the terms and conditions of its agreement with the Cross-Defendants.

23.     As a result of the Defendants' refusal to pay, Apollo has been damaged in an amount in excess of $15,250.00.

Wherefore, Apollo prays as follows below:

### SECOND CAUSE OF ACTION
### FRAUD
### (Against All Defendants)

24.     Apollo re-alleges and incorporates by this reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 23, above.

25.     The Cross-Defendants, when they agreed to accept the services of Apollo, promised to pay for those services.

26.     At the time that the Cross-Defendants promised to pay for Apollo's costs and services they did not intend to pay for those services. The Cross-Defendants continually

- 8 -

CROSS-COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

**BERGSTROM 000101**

promised to pay for the costs and services but they continually failed to pay for the costs and services and eventually filed a lawsuit and refused to pay, despite the fact that the Cross-Defendants expressed complete satisfaction with the services Apollo rendered to them. The Cross-Defendants have used this tactic, that is, promises to pay and then when demand for payment is made complain about the costs and services rendered, more than once to avoid payment of the monies they owe.

27.     The Cross-Defendants made the promise to pay Apollo with the intention that Apollo render costs and services to the Cross-Defendants, and the Cross-Defendants made the promise to pay with no intention of paying. In conformity with its agreement with the Cross-Defendants, Apollo rendered the said services to, and paid the said costs for, the Cross- Defendants. Apollo in rendering the said costs and services reasonably relied on the Cross-Defendants' promise to pay for the services.

28.     Apollo did rely on the Cross-Defendants' promise to pay for the costs and services rendered and was damaged as a result. Apollo's reliance on the promise of the Cross-Defendants' promise to pay was a substantial factor in causing its harm.  Apollo's reliance on the Cross-Defendants' promise to pay was the factor that caused Apollo to render the services to the Cross-Defendants, and the Cross-Defendants' subsequent refusal to pay caused Apollo damages as alleged herein.

29.     The actions of the Cross-Defendants as stated herein were intentional and deceitful and were made with malicious intent and conscious disregard for the rights of Apollo and are such as to justify an award for exemplary and punitive damages against the Cross-Defendants

Wherefore, Plaintiff prays as follows below:

## PRAYER FOR RELIEF

**For First Cause of Action, Breach of Contract.**

1.     For the principal sum of at least $15,250.00.

2.     For costs of suit incurred herein.

- 9 -

CROSS-COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

**BERGSTROM 000102**

3.    For such other and further relief as the Court deems just and proper.

**For Second Cause of Action, Fraud.**

1.    For general damages according to proof.

2.    For punitive and exemplary damages against the Cross-Defendants in an amount appropriate to punish Cross-Defendants and deter others from engaging in similar misconduct;

3.    For costs of suit incurred herein.

4.    For such other costs as the Court deems just and proper.

<div align="center">

**DEMAND FOR JURY TRIAL**

</div>

Cross-Plaintiff hereby demands trial by jury in this action.

DATED:    November 19, 2018                HERSH & HERSH
                                           A Professional Corporation


                                           By
                                           Joseph Boyle
                                           for Cross-Plaintiffs

- 10 -
CROSS-COMPLAINT FOR BREACH OF CONTRACT AND FRAUD

BERGSTROM 000103

## PROOF OF SERVICE

*Lindholm v. Apollo Equine Transport, Inc., et al.*
*Los Angeles Superior Court Case #YC073049*

I, LAUREN DIAZ, declare that I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action or proceeding; my business address is 601 Van Ness Avenue, Suite 2080, San Francisco, California 94102-6388. On **November 19, 2018,** I served a true copy of the following document(s):

    1.    **Cross-Complaint for Breach of Contract and Fraud**
    2.    **Summons for Cross-Complaint**

on the following:

> Dean P. Sterling, Esq.
> Law Office of Dean P. Sterling
> 114 Pacifica, Suite 250
> Irvine, CA 92618
> Telephone: 949-333-6540
> *Attorneys for Plaintiffs*

   x   **(BY MAIL)** I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid in San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on **November 19, 2018,** at San Francisco, California.

_____
LAUREN DIAZ

- 1 -

**BERGSTROM 000104**

# EXHIBIT 3

**BERGSTROM 000105**

Electronically Received 08/26/2020 12:10 PM

Electronically Received 08/26/2020 12:10 PM

JOSEPH BOYLE, ESQ., State Bar No. 132539
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA  94102-6316
(415) 441-5544

Attorneys for Defendants/Cross-Defendants
APOLLO EQUINE TRANSPORT, INC.
EUROPEAN HORSE SERVICES (USA) INC.

**FILED**
Superior Court of California
County of Los Angeles
**09/04/2020**
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ J. Ahn _____ Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**LOS ANGELES COUNTY, TORRANCE DIVISION**

| | |
|---|---|
| ROBERT LINDHOLM, an individual; CAROLYN LINDHOLM an individual. )<br>)<br>) | **[~~PROPOSED~~]** JUDGMENT |
| Plaintiffs, ) | |
| vs. ) | |
| APOLLO EQUINE TRANSPORT, INC., a California Corporation; EUROPEAN HORSE SERVICES (USA) INC., a California Corporation, and DOES 1 through 30 inclusive. )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. ) | |
| AND RELATED CROSS-COMPLAINT ) | |

On August 7, 2020, the Defendants/Cross-Complainants' Motion to Enforce Settlement Agreement §664.6, was heard in Department B of the Los Angeles Superior Court, Torrance Division, before the Hon. Gary Y. Tanaka.  The Plaintiffs appeared in pro per, Mr. Lindholm telephonically, and Mrs. Lindholm in person.  Joseph Boyle, Esq., appeared telephonically for the Defendants. The Court considered the motion, the opposition and the reply, as well as arguments made at the hearing.    The

-1-

**[~~PROPOSED~~] JUDGMENT**          **BERGSTROM 000106**

Court took the matter under submission and on August 7, 2020, issued a written ruling granting the Defendants' Motion to Enforce.

By reason of the Court's written ruling judgment shall be entered in this matter as follows: NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that

The terms of the Agreement shall be enforced. In accordance with those terms, the Plaintiffs shall pay to the Defendants forthwith a sum of $20,000.00 (twenty thousand US dollars) payable to the law firm Hersh & Hersh APC, attorneys for the Defendants. Requests for dismissal with prejudice shall be executed by the Plaintiffs, and by Defendants Apollo Equine Transport Inc., and European Horse Services (USA) Inc., and shall be held in trust by Plaintiffs.  Once receipt of the $20,000.00 by Hersh & Hersh APC has been confirmed, the Plaintiffs shall file with this Court the requests for dismissal with prejudice of the  lawsuit, including the cross-complaint,  *Robert Lindholm, an individual; Carolyn Lindholm, an individual v, Apollo Equine Transport Inc., a California Corporation; European Horse Services (USA) Inc., a California Corporation, Case No. YC073049,* filed in this Court.  European Horse Services BVBA, shall, on September 29, 2020, dismiss with prejudice the lawsuit *European Horse Services v. Robert Lindholm et al, case number 19/5950* filed in the courts in Belgium.

The Defendants' request for sanctions is denied without prejudice subject to a noticed motion.

Plaintiffs' request to continue the hearing based on their Motion to Transfer is denied as the Motion was not before the Court.

**Gary Y. Tanaka**

Date:___09/04/2020_____        ___Gary Y. Tanaka / Judge___
                                      Gary Y. Tanaka
                                      Judge of the Superior Court

[~~PROPOSED~~] JUDGMENT                    **BERGSTROM 000107**

## PROOF OF SERVICE
### *Lindholm v. Apollo Equine Transport, Inc., et al.*
### *Los Angeles Superior Court Case #YC073049*

I, LAUREN DIAZ, declare that I am employed in the City and County of San Francisco, California.  I am over the age of 18 years and not a party to the within action or proceeding; my business address is 601 Van Ness Avenue, Suite 2080, San Francisco, California 94102-6316. On **August 14, 2020**, I served a true copy of the following document(s):

**1. [Proposed] Judgment**
**2. Proof of Service**

on the following:

> Robert Lindholm
> Carolyn Lindholm
> 4445 Dundee Drive
> Los Angeles, CA 90027
> robert921@gmail.com
> clinholm@bonnebridges.com
> ***Plaintiffs in Pro Per***

**_X_**    **(BY MAIL)**  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid in San Francisco, California.

**_X_**    **(BY ELECTRONIC SERVICE)**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **August 14, 2020**, at San Francisco, California.

/s/ LAUREN DIAZ
LAUREN DIAZ

-3-

[PROPOSED] JUDGMENT          **BERGSTROM 000108**

# EXHIBIT 4

**BERGSTROM 000109**

Crystal Bergstrom, dba
Judicial Judgment Enforcement Services
29911 Niguel Road, #6086
Laguna Niguel, CA 92607
Telephone: 949.499.9952
Facsimile: 949.415-5585
E-mail: cbergstrom@judicialenforcement.com

Assignee of Record for: Defendants/Judgment Creditors

**FILED**
Superior Court of California
County of Los Angeles

DEC 1 2 2023

David W. Slayton, Executive Officer/Clerk of Court
By: H. Rodgers, Deputy

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF LOS ANGELES, TORRANCE COURTHOUSE

| | |
|---|---|
| ROBERT LINDHOLM, an individual and CAROLYN LINDHOLM, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>APOLLO EQUINE TRANSPORT, INC., a California corporation; EUROPEAN HORSE SERVICES (USA), INC., a California corporation,<br><br>Defendants | Case No.: YC073049<br><br>ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT<br><br>[Code of Civ. Proc., §§673, 680.240, 681.020 and Civil Code § 954.5(a)] |

Defendants/Judgment Creditors APOLLO EQUINE TRANSPORT, INC., by and through its Chief Executive Officer Karl Anthony Webster and EUROPEAN HORSE SERVICES[1], by and through its Founder and Permanent Representative Filip Vande Cappelle, ("Creditors") provide the following in support of an ASSIGNMENT OF JUDGMENT:

1. Judgment was entered by this Court on September 4, 2020 in favor of APOLLO EQUINE TRANSPORT, INC., and EUROPEAN HORSE SERVICES in the amount of $20,000.00 against ROBERT LINDHOLM and CAROLYN LINDHOLM. ("Debtors").

---

[1] Erroneously sued as European Horse Services (USA), Inc. a California corporation. *See*: Amendment to Complaint (Fictitious/Incorrect Name) filed by Plaintiffs on July 11, 2019.

1

ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT

BERGSTROM 000110

2. There have been no renewals since the entry of the judgment by this Court. Creditors have received $00.00 of the judgment amount from Debtors ROBERT LINDHOLM and CAROLYN LINDHOLM.

3. APOLLO EQUINE TRANSPORT, INC., of 8055 W. Manchester Avenue, Suite 505, Playa Del Rey, California, 90293 and EUROPEAN HORSE SERVICES of Oostendse Steenweg 11, 8377 Meetkerke, Belgium are the judgment creditors of record.

4. The last address of record for judgment debtors ROBERT LINDHOLM and CAROLYN LINDHOLM is 4445 Dundee Drive, Los Angeles, California, 90027.

5. In consideration of this ASSIGNMENT, APOLLO EQUINE TRANSPORT, INC., and EUROPEAN HORSE SERVICES hereby transfer, and assign all title, rights, and interest in the within judgment to the following:

Crystal Bergstrom
JUDICIAL JUDGMENT ENFORCEMENT SERVICES
29911 Niguel Road, #6086
Laguna Niguel, CA 92607
Tel: (949) 499-9952
Fax: (949) 415-5585
E-mail: cbergstrom@judicialenforcement.com

6. As the authorized representatives of judgment creditors APOLLO EQUINE TRANSPORT, INC., and EUROPEAN HORSE SERVICES with the authority to effect this Assignment, we hereby authorize Assignee, Crystal Bergstrom, JUDICIAL JUDGMENT ENFORCEMENT SERVICES, to recover, compromise, settle and enforce said judgment and we withdraw all right and claim to same.

Print: Apollo Equine Transport
ASSIGNOR

By: Karl Anthony Webster
Apollo Equine Transport

Print: European Horse Services
ASSIGNOR

By: Filip Vande Cappelle
European Horse Services

2

ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT

BERGSTROM 000111





BA20231047366



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION
CORPORATION**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: BA20231047366

Date Filed: 8/30/2023

### Entity Details

| | |
|---|---|
| Corporation Name | APOLLO EQUINE TRANSPORT, INC. |
| Entity No. | 3160675 |
| Formed In | CALIFORNIA |

### Street Address of Principal Office of Corporation

| | |
|---|---|
| Principal Address | 8055 W. MANCHESTER AVENUE SUITE 505 PLAYA DEL REY, CA 90293 |

### Mailing Address of Corporation

| | |
|---|---|
| Mailing Address | 8055 W. MANCHESTER AVENUE SUITE 505 PLAYA DEL REY, CA 90293 |
| Attention | |

### Street Address of California Office of Corporation

| | |
|---|---|
| Street Address of California Office | 8055 W. MANCHESTER AVENUE SUITE 505 PLAYA DEL REY, CA 90293 |

### Officers

| Officer Name | Officer Address | Position(s) |
|---|---|---|
| GUADALUPE BELL | 8055 W MANCHESTER AVE #505 PLAYA DEL REY, CA 90293 | Secretary |
| Karl A Webster | 8055 W MANCHESTER AVENUE SUITE 505 PLAYA DEL REY, CA 90293 | Chief Executive Officer, Chief Financial Officer |

### Additional Officers

| Officer Name | Officer Address | Position | Stated Position |
|---|---|---|---|
| None Entered | | | |

### Directors

| Director Name | Director Address |
|---|---|
| KARL ANTHONY WEBSTER | 19612 E. BROOKPORT STREET COVINA, CA 91724 |
| GUADALUPE BELL | 8055 W MANCHESTER AVE #505 PLAYA DEL REY, CA 90293 |

The number of vacancies on Board of Directors is: 0

### Agent for Service of Process

| | |
|---|---|
| Agent Name | GUADALUPE BELL |
| Agent Address | 8055 W MANCHESTER AVE #505 PLAYA DEL REY, CA 90293 |

### Type of Business

| | |
|---|---|
| Type of Business | LIVESTOCK TRANSPORTATION |

**BERGSTROM 000112** Page 1 of 2

Email Notifications
Opt-in Email Notifications                                        Yes, I opt-in to receive entity notifications via email.

Labor Judgment

No Officer or Director of this Corporation has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒  By signing, I affirm that the information herein is true and correct and that I am authorized by California law to sign.

*Guadalupe Bell*                                  06/30/2023
Signature                                         Date

BERGSTROM 000113

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of LOS ANGELES

On NOVEMBER 7, 2023 before me, GAYNOR M. EOZZO , Notary Public,
(Here insert name and title of the officer)

personally appeared KARL ANTHONY WEBSTER ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature of Notary Public


GAYNOR M. EOZZO
Notary Public - California
Los Angeles County
Commission # 2317989
My Comm. Expires Jan 31, 2024

(Notary Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

Acknowledgment of Assignment of Judgment
(Title or description of attached document)

LASC Case No.: YC073049
(Title or description of attached document continued)

Number of Pages _____ Document Date _____

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER

- ☐ Individual (s)
- ☒ Corporate Officer
  Chief Executive Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other

### INSTRUCTIONS FOR COMPLETING THIS FORM

Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document.

© 2004-2015 ProLink Signing Service, Inc. - All Rights Reserved www.TheProLink.com - Nationwide Notary Service

**BERGSTROM 000114**

2. There have been no renewals since the entry of the judgment by this Court. Creditors have received $00.00 of the judgment amount from Debtors ROBERT LINDHOLM and CAROLYN LINDHOLM.

3. APOLLO EQUINE TRANSPORT, INC., of 8055 W. Manchester Avenue, Suite 505, Playa Del Rey, California, 90293 and EUROPEAN HORSE SERVICES of Oostendse Steenweg 11, 8377 Meetkerke, Belgium are the judgment creditors of record.

4. The last address of record for judgment debtors ROBERT LINDHOLM and CAROLYN LINDHOLM is 4445 Dundee Drive, Los Angeles, California, 90027.

5. In consideration of this ASSIGNMENT, APOLLO EQUINE TRANSPORT, INC., and EUROPEAN HORSE SERVICES hereby transfer, and assign all title, rights, and interest in the within judgment to the following:

> Crystal Bergstrom
> JUDICIAL JUDGMENT ENFORCEMENT SERVICES
> 29911 Niguel Road, #6086
> Laguna Niguel, CA 92607
> Tel: (949) 499-9952
> Fax: (949) 415-5585
> E-mail: cbergstrom@judicialenforcement.com

6. As the authorized representatives of judgment creditors APOLLO EQUINE TRANSPORT, INC., and EUROPEAN HORSE SERVICES with the authority to effect this Assignment, we hereby authorize Assignee, Crystal Bergstrom, JUDICIAL JUDGMENT ENFORCEMENT SERVICES, to recover, compromise, settle and enforce said judgment and we withdraw all right and claim to same.

Print: Apollo Equine Transport
ASSIGNOR                          By:    Karl Anthony Webster
                                         Apollo Equine Transport

Print: European Horse Services
ASSIGNOR                          By:    Filip Vande Cappelle
                                         European Horse Services

2

ACKNOWLEDGMENT OF ASSIGNMENT OF JUDGMENT

BERGSTROM 000115

Data from the registered entity | KBO Public Search

| New search by number | New search by name | New search on activity | New search on admission | New search at address | |
|---|---|---|---|---|---|

---

## Data from the registered entity

### General

| | |
|---|---|
| Company number: | 0446.190.892 |
| Status: | Active |
| Legal status: | Normal condition<br>Since December 24, 1991 |
| Start date: | December 24, 1991 |
| Name: | EUROPEAN HORSE SERVICES<br>Name in Dutch, since August 2, 2023 |
| Address of the seat: | Ostend Steenweg 11<br>8377 Zuienkerke<br>Since April 6, 2023 |
| Phone number: | No data included in KBO. |
| Fax number: | No data included in KBO. |
| E-mail: | No data included in KBO. |
| Web address: | No data included in KBO. |
| Entity type | Legal person |
| Legal form: | Private Company<br>Since August 2, 2023 |
| Number of business units ( VE ): | 2 List VE - Data and activities per VE |

### Functions

| | | |
|---|---|---|
| Driver | 0797.798.990 | Since April 6, 2023 |
| Driver | Hamerlinck, Lieselot | Since August 21, 2023 |
| Permanent representative | Vande Cappelle, Filip ( 0797.798.990 ) | Since April 6, 2023 |

### Entrepreneurial skills - ambulatory - fairground manager

No data included in KBO.

### Capacity

Employer RSZ
Since July 1, 1993

Subject to VAT
Since February 1, 1992

Company subject to registration
Since November 1, 2018

### Admissions

No data included in KBO.

### Btw-activiteiten Nacebelcode versie 2008(1)

Btw 2008 52.290 - Overige vervoerondersteunende activiteiten
Sinds 1 januari 2008

BERGSTROM 000116

12-Dec-2023 16:53    p.9

11/3/23, 12:24 PM

RSZ-activiteiten Nacebel-code versie 2008⁽¹⁾

RSZ2008  46.231 -  Groothandel in levend vee
Sinds 1 januari 2008

Toon de activiteiten Nacebel-code versie 2003.

Financiële gegevens

Jaarvergadering                                              mei
Einddatum boekjaar                                           31 december

Linken tussen entiteiten

Geen gegevens opgenomen in KBO.

Externe links

Publicaties in het Belgisch Staatsblad
Publicaties van de jaarrekeningen bij de NBB
Databank van statuten en vertegenwoordigingsbevoegdheden (notariële akten)
Werkgeversrepertorium

(1)
On 1/1/2008 the EC classification of the Facebook codes was changed. Public search shows both the existing activities according to the old Facebook code 2003, valid until 31/12/2007, and the new code (and description) 2008, valid from 1/1/2008. It is therefore a mere administrative conversion and not a change in the activities of the entity or the establishment unit.

Back

 economie    FPS Economy, SME, Self-employed and Energy.

Condition in the KBO database on 02/11/2023
Version: 11.0.5-3416-29 / 03/2023

BERGSTROM 000117

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

# CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

COUNTRY OF BELGIUM

PROVINCE OF WEST FLANDERS

VILLAGE OF MEETKERKE

NOTARISKANTOOR
Geraldine & Xavier Van den Weghe
Geassocieerde notaris en
Notarisvennootschap Van den Weghe BV
Stalisstraat 20 - 8970 Zuite
Tel. 09/388 82 77 - Fax: 09/388 87 54
www.notarisvandenweghe.be
BTW BE-0888 773 824

On this 13 day of November, 2023 before me, _____

Notary Public, personally appeared Filip Vande Cappelle who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument entitled Acknowledgment of Assignment of Judgment and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument, the person executed the instrument.

    I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and Official Seal.

Signature: _____
          Notary Public

BERGSTROM 000118

streemsvc

# Streem Center

## Streem Center Print Job

12/12/23   04:54 PM

FaxPrintJob

Xerox® AltaLink® B8155 MFP

BERGSTROM 000119

EXHIBIT 5

**BERGSTROM 000120**

Electronically Received 12/27/2023 08:59 AM

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Crystal Bergstrom<br>dba Judicial Judgment Enforcement Services<br>29911 Niguel Road, #6086<br>Laguna Niguel, CA  92607 | | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/12/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Ahn _____ Deputy |

TELEPHONE NUMBER (Optional)
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
825 Maple Avenue, Torrance, California 90503

PLAINTIFF:
Robert Lindholm and Carolyn Lindholm

DEFENDANT:
Apollo Equine Transport, Inc., et al.

| **AFFIDAVIT OF IDENTITY AND ORDER** | CASE NUMBER:<br>YC073049 |
|---|---|

I am the judgment creditor in the above entitled action.

1.     The name of the judgment debtor as stated in the judgment is:
    Carolyn Lindholm

2.     List additional name or names by which the judgment debtor is known:
    Carolyn J Lindholm
    Carolyn Wade Lindholm
    Carolyn Wade Doran
    Carolyn Jean Lindholm, Trustee of the Carolyn Jean Lindholm Trust Agreement dated February 13, 2017.

3.     The facts relied on in obtaining the judgment debtor's additional name or names are:

        See Attached Affidavit & Exhibits

*This document may be used to add new names or aliases for present juddment debtors, but it may not be used to add new juddment debtors.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 27, 2023 _____

Crystal Bergstrom _____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

**IT IS HEREBY ORDERED** that the identification of the judgment debtor shall include the names(s) stated in item #2 above, and those names may be added to any writ of execution or abstract of judgment.

Date: 04/12/2024 _____

**Gary Y. Tanaka**
JUDICIAL OFFICER
Gary Y. Tanaka / Judge

LASC LACIV 198 (Rev. 08/18)       **AFFIDAVIT OF IDENTITY AND ORDER**       Code Civ. Proc., §§ 680.135,
For Optional Use                                                                                                          699.510 (c)(1)

**BERGSTROM 000121**

**<u>AFFIDAVIT OF IDENTITY</u>**

With this Affidavit of Identity, judgment creditor seeks to add the aliases of judgment debtor **<u>Carolyn Lindholm</u>** to any writ of execution and abstract of judgment issued in this case pursuant to Code Civ. Proc., §680.135. Creditor moves this court on grounds that Carolyn Lindholm is known by many aliases, and that said aliases may be added to any abstracts or writs issued in this case to ensure that any liens, levies, and garnishments employed in the enforcement of the judgment against Ms. Lindholm will be effective and may be carried out without delay or impediment, irrespective of which of Ms. Lindholm's preferred aliases she is operating under.

**<u>DECLARATION OF FACTS</u>**

I, Crystal Bergstrom, declare:

1.   I am the judgment creditor by way of assignment in this matter.  If called upon to testify, I would competently testify to the matters contained herein based upon my personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I am informed and believe that they are true and correct based upon my reasonable investigation.

2.   Judgment in the amount of $20,000.00 was entered by this court on September 4, 2020 in favor of plaintiffs Apollo Equine Transport, Inc., and European Horse Services ("original judgment creditors") against Robert Lindholm and **<u>Carolyn Lindholm</u>**.  A true and correct copy of the judgment is attached as *<u>Exhibit A</u>*.  The judgment is final, enforceable, and wholly unsatisfied.  In December 2023, the original judgment creditors assigned all right, title, and interest in said judgment to Crystal Bergstrom, dba Judicial Judgment Enforcement Services.  [*See:* Court Record – December 18, 2023].

3.   Carolyn Lindholm is a shareholder at Bonne, Bridges, Mueller, O'Keefe & Nichols. There, she goes by the name **<u>Carolyn J. Lindholm</u>**.  (https://bonnebridges.com/attorney/carolyn-lindholm).  A true and correct copy of Ms. Lindholm's profile at the firm is attached as *<u>Exhibit B</u>*.

4.   The official website of the California Bar Association indicates that Ms. Lindholm also goes by the names **<u>Carolyn Wade Lindholm</u>** and **<u>Carolyn Wade Doran</u>**. (https://apps.calbar.ca.gov/attorney/Licensee/Detail/106450).   A true and correct copy of Ms. Lindholm's on-line California Bar record is attached as *<u>Exhibit C</u>*.

AFFIDAVIT OF IDENTITY

**BERGSTROM 000122**

5.    In or about May 11, 2012 Ms. Lindholm acquired the property at 4445 Dundee Drive, Los Angeles, California 90027, Parcel No.: 5588-033-029 as the surviving spouse under her former name, Carolyn Wade Doran.  A true and correct copy of the May 11, 2012 Grant Deed recorded in the official records of the County of Los Angeles is attached as *Exhibit D*.  [*And see*:  Exhibit E, page 2]

6.    On February 13, 2017, Ms. Lindholm transferred the Dundee Drive property to herself as **Carolyn Jean Lindholm, Trustee of the Carolyn Jean Lindholm Trust Agreement dated February 13, 2017**, noting for the assessor's records that no documentary transfer tax was due as the conveyance was transferring Ms. Lindholm's interest into her own revocable living trust, pursuant to Revenue & Tax Code §11930.  A true and correct copy of the February 16, 2017 Grant Deed recorded in the official records in the County of Los Angeles is attached as *Exhibit E*.

### LEGAL AUTHORITY

### A.  The Aliases of a Judgment Debtor May be Added to Writs & Abstracts.

Under the Enforcement of Judgments Law (Code Civ. Proc., §680.010 – 724.260), a writ of execution and/or abstract of judgment shall be issued in the name of the judgment debtor as listed on the judgment but may include the additional name or names by which a judgment debtor is known as set forth in an affidavit of identity, as defined in Code Civ. Proc., §680.135.  Code Civ. Proc. § 699.510(c)(2) for writs of execution, Code Civ. Proc., §674(c)(1) for abstracts of judgment.

A court must approve the affidavit of identity before the additional names may be included on the writ or abstract. *Id*. "If the court determines, without a hearing or a notice, that the affidavit of identity states sufficient facts upon which the judgment creditor has identified the additional names of the judgment debtor, the court shall authorize the issuance of the writ of execution or abstract of judgment with the additional name or names." *Id*.  An affidavit of identity may not include the name of other "persons, including any corporations, partnerships, or any legal entities not separately named in the judgment in which the judgment debtor is a partner, shareholder, or member." Code Civ. Proc., §680.135.  Here, the names listed by Ms. Lindholm's employer, the California Bar, and in the property records of the County of Los Angeles do not reflect a separate

AFFIDAVIT OF IDENTITY                    **BERGSTROM 000123**

person, corporation, or partnership, but rather the many names by which Carolyn Lindholm identifies herself.

**B. A Trust is not a Legal Entity**.

"Unlike a corporation, a trust is not a legal entity." *Galdjie v. Darwish* (2003) 113 Cal. App. 4th 1331, 1343, nor is it "an entity separate from its trustees." *Ziegler v. Nickel* (1998) 64 Cal. App. 4th 545, 548.  A trust is "simply a collection of assets and liabilities" *Galdjie*, *supra* at p. 1344; "a fiduciary relationship with respect to property" Rest. 2d Trusts §, p. 6; *Moeller v. Superior Court* (1997) 16 Cal. 4th 1124, 1132.  Because revocable trusts are not legal entities, alter-ego liability need not be established nor is a piercing of the "corporate" veil required for debtors and their trust to be considered "one in the same."

As stated in the 2017 Grant Deed recorded by Carolyn Lindholm, "This conveyance transfers the grantors interest into her revocable living trust".  [See: Exhibit E].  "There is no distinction in California law between property owned by a revocable trust and property owned by the settlor of such a revocable trust during the lifetime of the settlor…" *Carolina. v. L.M. Ross* (2010), 184 Cal. App. 4th 196, 208; cf. *Galdjie*, *supra* at p. 1344.   "Under California law, a revocable inter vivos trust is recognized as simply 'a probate avoidance device...'. Property transferred to, or held in, a revocable inter vivos trust is nonetheless deemed the property of the settlor." *Zanelli v. McGrath* (2008) 166 Cal.App.4th 615, 633.  It is just another name, created by a judgment debtor by which the judgment debtor is additionally identified.

**C. Property in a Debtor's Trust is Subject to Enforcement; its Name may be Added to a Writ or Abstract**.

A revocable trust exists as probate avoidance device.  It does not prevent creditors of the settlors—who are often also the trustees and the sole beneficiaries during their lifetimes—from reaching trust property. *Walgren v. Dolan* (1990) 226 Cal. App. 3d 572, 578; Prob. Code, §§ 18200–18201; See also Prob. Code, §18200 [property in revocable trust is subject to claims of settlor's creditors "to the extent of the power of revocation during the lifetime of the settlor"]; Rev. & Tax. Code, §62, subd. (d) [transfer by settlor to revocable trust is not a change in ownership].)  Unless a trust is expressly made irrevocable by the trust instrument, the trust is revocable by the

3

AFFIDAVIT OF IDENTITY

**BERGSTROM 000124**

settlor.   Probate Code §15400.  As evidenced by the facts herein, and the documents recorded by Ms. Lindholm in the official records of the County of Los Angeles, judgment debtor Carolyn Lindholm transferred her real property into her self-settled trust, naming herself as the Trustee. Because California law contemplates that a Trust is nothing more than a collection of assets of its settlor, said trust may be added to the judgment as the alias of Carolyn Lindholm.

For the reasons set forth above, I respectfully request that the following aliases be included as the aliases of Carolyn Lindholm upon all writs of execution and abstracts of judgment issued in this case: Carolyn J. Lindholm, Carolyn Wade Lindholm, Carolyn Wade Doran, and Carolyn Jean Lindholm, Trustee of the Carolyn Jean Lindholm Trust Agreement dated February 13, 2017

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed this 27th day of December 2023 at Laguna Niguel, California.


Crystal Bergstrom
Judicial Judgment Enforcement Services

---

4

AFFIDAVIT OF IDENTITY          **BERGSTROM 000125**

# EXHIBIT A

# EXHIBIT A

**BERGSTROM 000126**

Electronically Received 08/26/2020 12:10 PM

Electronically Received 08/26/2020 12:10 PM

JOSEPH BOYLE, ESQ., State Bar No. 132539
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6316
(415) 441-5544

Attorneys for Defendants/Cross-Defendants
APOLLO EQUINE TRANSPORT, INC.
EUROPEAN HORSE SERVICES (USA) INC.

**FILED**
Superior Court of California
County of Los Angeles
**09/04/2020**
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ , Deputy
J. Ahn

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### LOS ANGELES COUNTY, TORRANCE DIVISION

| | |
|---|---|
| ROBERT LINDHOLM, an individual;<br>CAROLYN LINDHOLM an individual.<br><br>Plaintiffs,<br><br>vs.<br><br>APOLLO EQUINE TRANSPORT, INC., a<br>California Corporation; EUROPEAN<br>HORSE SERVICES (USA) INC., a<br>California Corporation, and DOES 1<br>through 30 inclusive.<br><br>Defendants.<br><br>AND RELATED CROSS-COMPLAINT | [PROPOSED] JUDGMENT |

On August 7, 2020, the Defendants/Cross-Complainants' Motion to Enforce Settlement Agreement §664.6, was heard in Department B of the Los Angeles Superior Court, Torrance Division, before the Hon. Gary Y. Tanaka. The Plaintiffs appeared in pro per, Mr. Lindholm telephonically, and Mrs. Lindholm in person. Joseph Boyle, Esq., appeared telephonically for the Defendants. The Court considered the motion, the opposition and the reply, as well as arguments made at the hearing. The

-1-

[PROPOSED] JUDGMENT

BERGSTROM 000127

Court took the matter under submission and on August 7, 2020, issued a written ruling granting the Defendants' Motion to Enforce.

By reason of the Court's written ruling judgment shall be entered in this matter as follows: NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that

The terms of the Agreement shall be enforced. In accordance with those terms, the Plaintiffs shall pay to the Defendants forthwith a sum of $20,000.00 (twenty thousand US dollars) payable to the law firm Hersh & Hersh APC, attorneys for the Defendants. Requests for dismissal with prejudice shall be executed by the Plaintiffs, and by Defendants Apollo Equine Transport Inc., and European Horse Services (USA) Inc., and shall be held in trust by Plaintiffs.  Once receipt of the $20,000.00 by Hersh & Hersh APC has been confirmed, the Plaintiffs shall file with this Court the requests for dismissal with prejudice of the lawsuit, including the cross-complaint, *Robert Lindholm, an individual; Carolyn Lindholm, an individual v. Apollo Equine Transport Inc., a California Corporation; European Horse Services (USA) Inc., a California Corporation, Case No. YC073049,* filed in this Court.  European Horse Services BVBA, shall, on September 29, 2020, dismiss with prejudice the lawsuit *European Horse Services v. Robert Lindholm et al, case number 19/5950* filed in the courts in Belgium.

The Defendants' request for sanctions is denied without prejudice subject to a noticed motion.

Plaintiffs' request to continue the hearing based on their Motion to Transfer is denied as the Motion was not before the Court.

**Gary Y. Tanaka**

Date: 09/04/2020 _____

Gary Y. Tanaka / Judge
Gary Y. Tanaka
Judge of the Superior Court

-2-

[PROPOSED] JUDGMENT

BERGSTROM 000128

<u>PROOF OF SERVICE</u>
*Lindholm v. Apollo Equine Transport, Inc., et al.*
*Los Angeles Superior Court Case #YC073049*

I, LAUREN DIAZ, declare that I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action or proceeding; my business address is 601 Van Ness Avenue, Suite 2080, San Francisco, California 94102-6316. On August 14, 2020, I served a true copy of the following document(s):

1. [Proposed] Judgment
2. Proof of Service

on the following:

> Robert Lindholm
> Carolyn Lindholm
> 4445 Dundee Drive
> Los Angeles, CA 90027
> robert921@gmail.com
> clinholm@bonnebridges.com
> *Plaintiffs in Pro Per*

__X__  (BY MAIL) I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid in San Francisco, California.

__X__  (BY ELECTRONIC SERVICE) Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **August 14, 2020**, at San Francisco, California.

/s/ LAUREN DIAZ
LAUREN DIAZ

-3-

[PROPOSED] JUDGMENT

--125--

BERGSTROM 000129

## PROOF OF SERVICE
### *Lindholm v. Apollo Equine Transport, Inc., et al.*
### *Los Angeles Superior Court Case #YC073049*

I, LAUREN DIAZ, declare that I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action or proceeding; my business address is 601 Van Ness Avenue, Suite 2080, San Francisco, California 94102-6316. On **September 21, 2020**, I served a true copy of the following document(s):

**1. Notice of Entry of Judgment**
**2. Proof of Service**

on the following:

| |
|---|
| Robert Lindholm |
| Carolyn Lindholm |
| 4445 Dundee Drive, |
| Los Angeles, CA 90027 |
| robert921@gmail.com |
| clinholm@bonnebridges.com |
| *Plaintiffs in Pro Per* |

__X__    **(BY MAIL)** I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid in San Francisco, California.

__X__    **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **September 21, 2020**, at San Francisco, California.

/s/ LAUREN DIAZ
LAUREN DIAZ

- 1 -                                                                          --126--

BERGSTROM 000130

# EXHIBIT B

# EXHIBIT B

**BERGSTROM 000131**

SEARCH    PHONE 213.480.1900

# Bonne Bridges
Mu

| The Firm | Attorneys | Practice Areas | News | Join Us | Contact Us |

# Our Attorneys

## Carolyn J. Lindholm

📞 213.607.583 ✉ clindholm@bonnebridges.com

download VCF

⬇ download PDF



### Areas of Expertise:

Medical Malpractice Defense

Disciplinary & Licensing Matters

Employment Law

For over thirty years, Carolyn Lindholm, a Bonne Bridges shareholder, has focused on the litigation and trial of cases alleging medical malpractice. She has represented physicians and nurses in all fields of medicine but most often has represented orthopedic surgeons, including cases involving complex upper extremity or hand surgery, and spine surgery.

| Expertise | Personal | Education |

In addition to the defense of healthcare providers in medical malpractice litigation, a significant portion of Carolyn's practice has increasingly involved the representation of physicians in all specialties before the Medical Board, nurses before the Board of Registered Nursing, and other healthcare professionals with issues involving their respective licensing boards.  Carolyn also has experience in other fields of litigation, including veterinary malpractice, construction defect, and general liability.

**BERGSTROM 000132**

## Key Practice Areas

*Representing doctors and
healthcare providers for more
than 60 years.*
*Find out how we can help you!*

Medical Malpractice Defense

Elder Abuse & Long Term Care

Administrative and Regulatory
Law

Complex Litigation

## Connect With Us

213.480.1900 PHONE

213.607.5588 FAX

 

Privacy Policy | Disclaimer

© Copyright 2023 Bonne Bridges Mueller O'Keefe & Nichols. All Rights Reserved. | Website by: 5D Spectrum

**BERGSTROM 000133**

# EXHIBIT C

# EXHIBIT C

BERGSTROM 000134


The State Bar *of California*

**Carolyn Wade Lindholm (aka Carolyn Wade Doran)** #106450
License Status: Active

Address: Bonne, Bridges, Mueller, O'Keefe & Nicho, 355 S Grand Ave, Ste 1750, Los Angeles, CA 90071-1562
Phone: 213-480-1900 | Fax: 213-607-5588
Email: clindholm@bonnebridges.com | Website: Not Available

## More about This Attorney ▼

**All changes of license status due to nondisciplinary administrative matters and disciplinary actions.**

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|------|------------------|--------------|--------------------------|
| Present | Active | | |
| 12/3/1982 | Admitted to the State Bar of California | | |

**Additional Information:**

- About the disciplinary system

Copyright © 2023 The State Bar of California

  

BERGSTROM 000135

# EXHIBIT D

# EXHIBIT D

**BERGSTROM 000136**

This page is part of your document - DO NOT DISCARD



# 20120709496



Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**05/11/12 AT 08:00AM**

| | |
|---|---|
| FEES: | 44.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 44.00 |

### PCOR SURCHARGE $20.00



**L E A D S H E E T**



201205110160005

00005796397



003986967

SEQ:
04

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED       t33

**BERGSTROM 000137**

LSL LeclGolfions
Lender Processing Services

**RECORDING REQUESTED BY:**

**WHEN RECORDED MAIL TO:**

NAME: Carolyn Wade Doran

ADDRESS:  4445 Dundee Drive

CITY: Los Angeles
STATE/ZIP: CA  90027


05/11/2012
*20120709496*

Title Order No.: 13979746 -AP Space Above This Line For Recorder's Use   Escrow No.: SE06317-KM

---

## AFFIDAVIT
### SURVIVING SPOUSE SUCCEEDING TO TITLE TO COMMUNITY PROPERTY
### (CALIFORNIA PROBATE CODE SECTION 13540)

---

STATE OF CALIFORNIA}
COUNTY OF Los Angeles_____ } S.S.


Carolyn Wade Doran_____, of legal age, being first duly sworn, deposes and says:
     Andrew Jackson Connick
     That _K. J. Q. Doran_____, the decedent mentioned in the attached certified copy
of Certificate of Death, is the same person as named as one of the parties in that certain
Grant Deed_____, dated April 7, 1992_____ executed by
A. J. C. Doran_____ to A. J. C. Doran and*_____, as community property,
recorded on April 24, 1992___, as Instrument No. 92-730441___, in Book _____, Page
_____, of Official Records of Los Angeles_____ County, California, covering the following
described property situated in the County of Los Angeles_____, State of California:
* Carolyn Wade Doran, husband and wife

Lot 23 of Tract No. 4276, in the City of Los Angeles, County of Los Angeles,
State of California, as per Map recorded in Book 47, Page 23 of Maps, in the
Office of the County Recorder of said County.

Assessor's Parcel No.: _5588-033-029_____.

Property Address:   4445 Dundee Drive, Los Angeles, California  90027___.

That he/she was married to the decedent at the time of the death of the decedent.

That the above-described property has been at all times since acquisition considered the
community property of him/her and decedent.
     More than forty (40) days have passed since the death of the above-named decedent, and no
notice has been recorded pursuant to Section 13541 of the Probate Code.

**BERGSTROM 000138**

That, with respect to the above-described property, there has not been nor will there be an election filed pursuant to Probate Code Sections 13502 or 13503 in any probate proceeding in any court of competent jurisdiction.

That the above-described property has not passed to someone other than the affiant under the decedent's will or by intestate succession.

That the property has not been disposed of in trust under the decedent's will.

That the decedent's will does not limit the affiant to a qualified ownership.

That this Affidavit is made for the protection and benefit of the surviving spouse, his/her successors, assigns and personal representatives and all others parties hereafter dealing with or who may acquire an interest in the above-described property.

Dated: _5|5|12_  _____
Carolyn Wade Doran

State of California

County of _Los Angeles_

Subscribed and sworn to (or affirmed) before me on this _5TH_ day of _May_, 20_12_, by _CAROLYN WADE DORAN_, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

WALDO H. PINN
COMM.# 1892966
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
MY COMM. EXPIRES JUNE 18, 2014
RST1

BERGSTROM 000139

# COUNTY OF LOS ANGELES

## DEPARTMENT OF HEALTH SERVICES

STATE OF CALIFORNIA
CERTIFICATE OF DEATH
USE BLACK INK ONLY / NO ERASURES / WHITE OUTS OR ALTERATIONS
VS 11 (REV 1/93)

STATE FILE NUMBER                                                    LOCAL REGISTRATION NUMBER

| 1 NAME OF DECEDENT — FIRST (Given) | 2 MIDDLE | 3 LAST (Family) |
|---|---|---|
| ANDREW | JACKSON CONNICK | DORAN |

| AKA, ALSO KNOWN AS — Include full AKA (FIRST, MIDDLE, LAST) | 4 DATE OF BIRTH mm/dd/ccyy | 5 AGE Yrs | IF UNDER ONE YEAR: Months / Days | IF UNDER 24 HOURS: Hours / Minutes | 6 SEX |
|---|---|---|---|---|---|
| — | 12/23/1921 | 82 | | | M |

| 9 BIRTH STATE/FOREIGN COUNTRY | 10 SOCIAL SECURITY NUMBER | 11 EVER IN U.S. ARMED FORCES? | 12 MARITAL STATUS (at Time of Death) | 7 DATE OF DEATH mm/dd/ccyy | 8 HOUR (24 Hours) |
|---|---|---|---|---|---|
| NEW YORK | ████8645 | X YES  NO  UNK | MARRIED | 12/31/2003 | 0045 |

| 13 EDUCATION — Highest Level/Degree | 14/15 WAS DECEDENT SPANISH/HISPANIC/LATINO? (if yes, see worksheet on back) | 16 DECEDENT'S RACE — Up to 3 races may be listed (see worksheet on back) |
|---|---|---|
| PROFESSIONAL | YES    X NO | CAUCASIAN |

| 17 USUAL OCCUPATION — Type of work for most of life. DO NOT USE RETIRED | 18 KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | 19 YEARS IN OCCUPATION |
|---|---|---|
| MEDICAL DOCTOR | HEALTH CARE | 50 |

| 20 DECEDENT'S RESIDENCE (Street and number or location) |
|---|
| 4445 DUNDEE DRIVE |

| 21 CITY | 22 COUNTY/PROVINCE | 23 ZIP CODE | 24 YEARS IN COUNTY | 25 STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| LOS ANGELES | LOS ANGELES | 90027 | 30 | CALIFORNIA |

| 26 INFORMANT'S NAME, RELATIONSHIP | 27 INFORMANT'S MAILING ADDRESS (Street and number or rural route number, city or town, state, ZIP) |
|---|---|
| CAROLYN WADE DORAN, WIFE | 4445 DUNDEE DRIVE, LOS ANGELES, CA 90027 |

| 28 NAME OF SURVIVING SPOUSE — FIRST | 29 MIDDLE | 30 LAST (Maiden Name) |
|---|---|---|
| CAROLYN | JEAN | WADE |

| 31 NAME OF FATHER — FIRST | 32 MIDDLE | 33 LAST | 34 BIRTH STATE |
|---|---|---|---|
| WILLIAM | G. | DORAN | NEW YORK |

| 35 NAME OF MOTHER — FIRST | 36 MIDDLE | 37 LAST (Maiden) | 38 BIRTH STATE |
|---|---|---|---|
| CONSTANCE | — | CONNICK | NEW YORK |

| 39 DISPOSITION DATE mm/dd/ccyy | 40 PLACE OF FINAL DISPOSITION |
|---|---|
| 01/09/2004 | AT SEA OFF THE COAST OF LOS ANGELES COUNTY |

| 41 TYPE OF DISPOSITION(S) | 42 SIGNATURE OF EMBALMER | 43 LICENSE NUMBER |
|---|---|---|
| CR/SEA | NOT EMBALMED | — |

| 44 NAME OF FUNERAL ESTABLISHMENT | 45 LICENSE NUMBER | 46 SIGNATURE OF LOCAL REGISTRAR | 47 DATE mm/dd/ccyy |
|---|---|---|---|
| NEPTUNE SOCIETY    S.O. | FD-1359 | Thomas G. Garcaweta   MS | 01/07/2004 CLD |

| 101 PLACE OF DEATH | 102 IF HOSPITAL, SPECIFY ONE | 103 IF OTHER THAN HOSPITAL, SPECIFY ONE |
|---|---|---|
| KAISER PERMANENTE HOSPITAL | X IP  ER/OP  DOA | Hospice  Nursing Home/LTC  Decedent's Home  Other |

| 104 COUNTY | 105 FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number or location) | 106 CITY |
|---|---|---|
| LOS ANGELES | 4867 SUNSET BOULEVARD | LOS ANGELES |

| 107 CAUSE OF DEATH | | Time Interval Between Onset and Death | 108 DEATH REPORTED TO CORONER? |
|---|---|---|---|
| IMMEDIATE CAUSE (A) | RESPIRATORY ARREST | (AT) MIN. | YES  X NO  REFERRAL NUMBER |
| (B) | PNEUMONIA | (BT) WEEKS | 109 BIOPSY PERFORMED?  YES  X NO |
| (C) | | (CT) | 110 AUTOPSY PERFORMED?  YES  X NO |
| (D) | | (DT) | 111 USED IN DETERMINING CAUSE?  YES  NO |

| 112 OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 |
|---|
| ATRIAL FIBRILLATION, CORONARY ARTERY DISEASE |

| 113 WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (if yes, list type of operation and date) | 113A IF FEMALE, PREGNANT IN LAST YEAR? |
|---|---|
| NO | YES  NO  UNK |

| 114 I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED | 115 SIGNATURE AND TITLE OF CERTIFIER | 116 LICENSE NUMBER | 117 DATE mm/dd/ccyy |
|---|---|---|---|
| Decedent Attended Since / Decedent Last Seen Alive | One   MD | A055751 | 12/31/2003 |
| (A) 12/24/2003 | (B) 12/30/2003 | 118 TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE  KHOI TRAN M.D. 4950 SUNSET BLVD. L.A. CA. 90027 | |

| 119 I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED | 120 INJURED AT WORK? | 121 INJURY DATE mm/dd/ccyy | 122 HOUR (24 Hours) |
|---|---|---|---|
| MANNER OF DEATH  Natural  Accident  Homicide  Suicide  Pending Investigation  Could not be determined | YES  NO  UNK | | |

| 123 PLACE OF INJURY (e.g. home, construction site, wooded area, etc.) |
|---|
| |

| 124 DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) |
|---|
| |

| 125 LOCATION OF INJURY (Street and number, or location, and city, and ZIP) |
|---|
| |

| 126 SIGNATURE OF CORONER / DEPUTY CORONER | 127 DATE mm/dd/ccyy | 128 TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| | | |

| STATE REGISTRAR | A | B | C | D | E | FAX AUTH # | CENSUS TRACT |
|---|---|---|---|---|---|---|---|
| | | | | | | 195/9090 | |

*19017255 7*    190172557.

This is a true certified copy of the record filed in the County of Los Angeles Department of Health Services if it bears the Registrar's signature in purple ink

Thomas L. Garcaweta

245   JAN 08 2004
DATE ISSUED

Director of Health Services and Registrar

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



**BERGSTROM 000140**

# EXHIBIT E

# EXHIBIT E

BERGSTROM 000141



**This page is part of your document - DO NOT DISCARD**



# 20170193875



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**02/16/17 AT 02:17PM**

| | |
|---|---|
| FEES: | 25.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 25.00 |



**L E A D S H E E T**



201702160620040

00013376448



008152577

**SEQ:**
**07**

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**



E487879

BERGSTROM 000142

**RECORDING REQUESTED BY:**

**ROBERT H. PALMER**
Attorney at Law
3812 Sepulveda Blvd., #300
Torrance, CA 90505

**WHEN RECORDED MAIL TO:**

**CAROLYN JEAN LINDHOLM**
4445 Dundee Drive
Los Angeles, CA 90027

**MAIL TAX STATEMENTS TO:**

**CAROLYN JEAN LINDHOLM**
4445 Dundee Drive
Los Angeles, CA 90027

-----------------------------------------------------------------------------------------------------

**APN: 5588-033-029**

### GRANT DEED

The undersigned Grantor, **CAROLYN JEAN LINDHOLM**, declares:

DOCUMENTARY TRANSFER TAX IS: **NONE** - This conveyance transfers the grantors interest into her revocable living trust, RT 11930.

_____
**ROBERT H. PALMER**, Agent

FOR VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED,

**CAROLYN JEAN LINDHOLM**, who acquired title as **CAROLYN WADE DORAN**

HEREBY GRANTS TO:

**CAROLYN JEAN LINDHOLM**, Trustee of the **CAROLYN JEAN LINDHOLM Trust Agreement dated February 13, 2017**

**BERGSTROM 000143**

The following described real property in the City of Los Angeles, County of Los Angeles, State of California.

Lot 23 of Tract No. 4276, as per map recorded in Book 47, Page 23 of Maps in the Office of the County Recorder of said County.

DATED: February 13, 2017

_____
**CAROLYN JEAN LINDHOLM**, who
acquired title as Carolyn Wade Doran

_____
**CAROLYN WADE DORAN**

> A notary public or other officer completing this Certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of this document.

**STATE OF CALIFORNIA**            )
                                   )ss
**COUNTY OF LOS ANGELES**          )

On February 13, 2017, before me, **ROBERT H. PALMER**, a Notary Public, personally appeared **CAROLYN JEAN LINDHOLM**, formerly known as **CAROLYN WADE DORAN** who proved to me on the basis of satisfactory evidence, to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under Penalty of Perjury under the laws of the State of California that the foregoing paragraph is true and complete.

WITNESS my hand and official seal.

_____
**ROBERT H. PALMER**

> ROBERT H. PALMER
> Comm. No. 2054198
> NOTARY PUBLIC - CALIFORNIA
> LOS ANGELES COUNTY
> My Comm. Exp. January 31, 2018
> CMD-1

**BERGSTROM 000144**

# EXHIBIT 6

**BERGSTROM 000145**

**VL-100**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: *(To be completed only if a party is making the motion)* <br> NAME: Paul Young <br> FIRM NAME: CHORA YOUNG & MANASSERIAN LLP <br> STREET ADDRESS: 281 E. Colorado Blvd. #378 <br> CITY: Pasadena    STATE: CA   ZIP CODE: 91101 <br> TELEPHONE NO.: (626) 744-1838   FAX NO.: <br> E-MAIL ADDRESS: Paul@cvm.law <br> ATTORNEY FOR (name): CRYSTAL BERGSTROM, Judicial Judgment Enforcement Service, Inc. | STATE BAR NUMBER: 257571 | *FOR COURT USE ONLY* <br><br> **FILED** <br> Superior Court of California <br> County of Los Angeles <br><br> **OCT 16 2025** <br><br> David W. Slayton, Executive Officer/Clerk of Court <br><br> By: J. Ahn, Deputy |

| |
|---|
| ☐ COURT OF APPEAL,         APPELLATE DISTRICT, DIVISION <br> ☒ SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES <br> STREET ADDRESS: 825 Maple Ave <br> MAILING ADDRESS: 825 Maple Ave <br> CITY AND ZIP CODE: Torrance. CA 90503 <br> BRANCH NAME: Torrance Courthouse |

| | |
|---|---|
| CASE NAME: <br> LINDHOLM; LINDHOLM v. APOLLO EQUINE TRANSPORT, et al., | |

| | |
|---|---|
| **PREFILING ORDER—VEXATIOUS LITIGANT** | CASE NUMBER: <br> YC073049 |

1.  Name and address of each plaintiff or cross-complainant or other party subject to this prefiling order:

    Carolyn Wade Lindholm (aka Carolyn Wade Doran) (State Bar No. 106450)

    355 S Grand Ave, Ste 1750,

    Los Angeles, CA 90071-1562

2.  This prefiling order is entered pursuant to a motion made by  ☒  the court    ☐  party *(name)*:

3.  The person or persons identified in item 1, unless represented by an attorney, are prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.
    **"SEE ADDENDUM"**

4.  The clerk is ordered to provide a copy of this order to the Judicial Council of California by fax at 415-865-4329 or by mail at the address below.

> Vexatious Litigant Prefiling Orders
> Judicial Council of California
> 455 Golden Gate Avenue
> San Francisco, California 94102-3688

Date: 10/16/25

_____
JUDICIAL OFFICER

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> VL-100 [Rev. September 1, 2018]

**PREFILING ORDER—VEXATIOUS LITIGANT**

Code of Civil Procedure, § 391.7
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

 Print this form   Save this form

 BERGSTROM-000146   Clear this form

## ADDENDUM

New litigation includes the filing of motions and other pleadings seeking affirmative relief.

BERGSTROM 000147

EXHIBIT 7

**BERGSTROM 000148**

**MC-700**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>*(To be completed only if a party is making the motion)* | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR *(Name):*

TELEPHONE NO.:

FAX NO.:

E-MAIL ADDRESS:

☐ **COURT OF APPEAL,         APPELLATE DISTRICT, DIVISION**

☑ **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles

STREET ADDRESS:

MAILING ADDRESS: 825 Maple Avenue, Torrance, CA 90503

CITY AND ZIP CODE: Torrance, CA 90503

BRANCH NAME: Torrance Courthouse

CASE NAME: ROBERT LINDHOLM VS APOLLO EQUINE TRANSPORT, INC.

**FILED**
Superior Court of California
County of Los Angeles
**09/30/2025**
David W. Slayton, Executive Officer / Clerk of Court
By: _____ J. Ahn _____ Deputy

| **PREFILING ORDER—VEXATIOUS LITIGANT** | CASE NUMBER:<br>YC073049 |
|---|---|

1. Name and address of each plaintiff or cross-complainant or other party subject to this prefiling order:

   Robert LIndholm
   4445 Dundee Drive
   Los Angeles, CA 90027

2. This prefiling order is entered pursuant to a motion made by ☑ the court ☐ party (name):

3. The person or persons identified in item 1, unless represented by an attorney, are prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.

4. The clerk is ordered to provide a copy of this order to the California Judicial Council by fax at 415-865-4329 or by mail at the address below.

Date: 09/30/2025

Vexatious Litigant Prefiling Orders
Judicial Council of California
455 Golden Gate Avenue
San Francisco, California 94102



Gary Y. Tanaka
Gary Y. Tanaka
JUDICIAL OFFICER

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
MC-700 [Rev. January 1, 2016]

**PREFILING ORDER—VEXATIOUS LITIGANT**

Code of Civil Procedure, § 391.7
www.courts.ca.gov

**BERGSTROM 000149**

EXHIBIT 8

**BERGSTROM 000150**

Carolyn Lindholm
Bar No.: 106450
tocarolynlindholm@gmail.com
4445 Dundee Drive
Los Angeles, CA. 90027
323-522-6226

Attorney for Robert Lindholm,
and Carolyn Lindholm in Pro Per

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/23/2024 11:03 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| Robert Lindholm and Carolyn Lindholm,<br><br>Plaintiffs,<br><br>vs.<br><br>Crystal Bergstrom, Judicial Judgment Enforcement Services, Joe Boyle, Filip Van de Cappelle, and DOES 1-50 inclusive,<br><br>Defendants. | CASE NO. 24STCV04536<br><br>COMPLAINT FOR BREACH OF CONTRACT AND PUNITIVE DAMAGES<br>[Unlimited Civil Case] |

PLAINTIFFS Robert Lindholm and Carolyn Lindholm hereby allege against

DEFENDANTS Crystal Bergstrom, Judicial Judgment Enforcement Services, Joe Boyle,

Filip Van de Cappelle, and DOES 1-50, inclusive, as follows:

THE PARTIES

1. Plaintiffs Robert Lindholm and Carolyn Lindholm [hereinafter "plaintiffs'] are,

and at all times mentioned herein were, consumers in the State of California, residing in

the County of Los Angeles, State of California.

2. Defendant Crystal Bergstrom is, and at all material times was, an unlicensed

collector, doing business as Judicial Judgment Enforcement Services, living and doing

business in the State of California.

88888-6727/1729719.1

1

COMPLAINT FOR BREACH OF CONTRACT and PUNITIVE DAMAGES

BERGSTROM 000151

3. Defendant Joe Boyle is an attorney at law, living and doing business in the State of California.

4. Defendant Filip Van de Cappelle lives and does business in Belgium.

5. Plaintiffs are unaware of the true names and capacities of DOES 1-50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to show the true names and capacities of such fictitiously named defendants when their identities are ascertained.

6. Defendants Crystal Bergstrom, Judicial Judgment Enforcement Services, Joe Boyle, Filip Van de Cappelle, and DOES 1-50, inclusive, will be referred to herein collectively as "Defendants."

JURISDICTION AND VENUE

7. Venue is proper in the Superior Court for the County of Los Angeles, State of California, because Los Angeles is the city and county where the contract at issue was entered into, and where it was to be performed.

OPERATIVE FACTS

8. This case arose out of the shipment of five horses from Europe to Los Angeles. A dispute arose regarding said shipment, and plaintiffs offered $20,000 in payment to try to resolve the dispute prior to the filing of any lawsuit. Plaintiffs filed a lawsuit, and $20,000 was offered at a settlement conference in court. Defendant Joe Boyle was the attorney for one party in the lawsuit, and Defendant Filip Van de Cappelle was and is the owner of another party to that litigation. After there was an attempt to settle the case for $20,000, and the attempted settlement went through an appeal filed by plaintiffs, the settlement was upheld by the Court of Appeal. Defendant Joe Boyle made a written demand to plaintiffs for payment of $20,000.

9. Plaintiff Robert Lindholm, in the presence of Carolyn Lindholm, then called Joe Boyle, as well as the senior partner at his law firm, Nancy Hersh of Hersh and Hersh, leaving multiple voicemail messages about arranging to pay the $20,000, to which there was no response from either Mr. Boyle or Ms. Hersh.

10. Plaintiffs are informed and believe and thereon allege that Defendants Joe Boyle and Filip Van de Cappelle then retained Defendant Crystal Bergstrom, [hereinafter "Bergstrom"] acting on behalf of her dba, Judicial Judgment Enforcement Services, to collect the judgment from plaintiffs. When Bergstrom was initially contacted by Robert Lindholm, on behalf of the plaintiffs, plaintiffs did not know that Bergstrom is not licensed for collections in the State of California.

11. On February 8, 2024, plaintiff Robert Lindholm entered into a contract, on behalf of both plaintiffs, with Defendant Bergstrom to pay off the judgment, and a payment amount of $25,000 was agreed upon. The confirming e-mail from Bergstrom to Robert Lindholm included:

"...It was a pleasure speaking with you today. In keeping with our discussion, I look forward to receiving your payments on the judgment as follows:

$5,000 on February 12, 2024

$5,000 on March 12, 2024

$5,000 on April 12, 2024

$5,000 on May 13, 2024

$5,000 on June 12, 2024...

If we receive payments in the amounts and on the dates shown above, we will file a Satisfaction of Judgment with the Court..."

In a subsequent e-mail exchange, there was an agreement that the first payment would be due February 15, 2024.

12. When plaintiff Robert Lindholm subsequently followed up with Bergstrom regarding information and documentation he was anticipating he would receive from her, she unilaterally repudiated and breached the contract, and is currently pursuing collection of the judgment from plaintiffs by, including but not limited to, levying on bank accounts, garnishing wages, and setting a judgment debtor's exam. Plaintiffs are informed and believe and thereon allege that the breach of contract by Bergstrom was done with the involvement of, at the direction of, and/or in concert with, defendants Joe Boyle and Filip

88888-6727/1729719.1

3

COMPLAINT FOR BREACH OF CONTRACT and PUNITIVE DAMAGES

BERGSTROM 000153

Van de Cappelle for the purpose of maliciously and intentionally harassing, oppressing, and causing injury and harm to plaintiffs.

## FIRST CAUSE OF ACTION

### [Breach of Contract]

13. Plaintiffs repeat and reallege each allegation contained in the foregoing paragraphs of the Complaint, as though fully set forth herein.

14. The Defendants, and each of them, breached and repudiated the contract entered into between plaintiff Robert Lindholm and Bergstrom.

15. Plaintiffs were prepared and willing to perform under the contract, but defendant Bergstrom repudiated the contract, and refused to provide her wire information for the payments to be made pursuant to the contract.

16. As a direct and proximate result of the breach described herein, plaintiffs have been damaged in an amount to conform to proof at trial, including interest as allowed by law, and attorneys' fees and costs as provided by law.

## SECOND CAUSE OF ACTION

### [Punitive Damages]

17. Plaintiffs repeat and reallege each allegation contained in the foregoing paragraphs of the Complaint, as though fully set forth herein.

18. Plaintiffs allege and request punitive damages, in accordance of Civil Code Section 3294, according to proof at time of trial, in that the defendants, and each of them, breached the contract with plaintiffs with the malicious intention of causing oppression, harm, and injury to the plaintiffs, in willful and conscious disregard for the rights of the plaintiffs. The conduct of the defendants, and each of them, in breaching the contract, was malicious and intended to cause harm, injury, and damages to plaintiffs.

WHEREFORE, plaintiffs pray for judgment against the defendants, and each of them, as follows"

A. For an award of all damages available under the law, and according to proof at trial;

B. For an award of punitive damages;

C. For interest to the extent allowed by law;

D. For reasonable attorneys' fees as allowed by law;

E. For costs of suit incurred herein.

F. For such other an further relief as the Court deems just and proper.

DATED: February 21, 2024

By _____
Carolyn Lindholm
Attorney for Robert Lindholm and Carolyn
Lindholm in Pro Per

BERGSTROM 000155

# EXHIBIT 9

**BERGSTROM 000156**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 39

**24STCV04536**                                                          October 7, 2024
**ROBERT LINDHOLM, et al. vs JUDICIAL JUDGMENT**                                8:30 AM
**ENFORCEMENT SERVICES, et al.**

Judge: Honorable Tony L. Richardson          CSR: None
Judicial Assistant: Patricia Salcido         ERM: None
Courtroom Assistant: Karlet Ghazarian        Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Carolyn Lindholm via LACourtConnect

For Defendant(s): Paul Philip Young

Other Appearance Notes: Crystal Bergstrom via LACourtConnect

**NATURE OF PROCEEDINGS:** Hearing on Special Motion to Strike under CCP Section
425.16 (Anti-SLAPP motion) (Res #8805); Case Management Conference; Hearing on Ex Parte
Application FOR A CONTINUANCE OF THE HEARING SET FOR OCTOBER 7, 2024

The Court's tentative ruling is electronically posted on the Court's website before the hearing is
held.

The matters are called for hearing.

Counsel for Plaintiff was present prior to the matters being called. Counsel for Plaintiff
submitted on the Court's tentative ruling in open court.
Counsel for Defendant, Bergstrom submits on the Court's tentative ruling in open court.

After considering the moving papers and all documents relating to the motion, the Court amends
its tentative ruling which is adopted as the final ruling of the Court as follows:

| DEPARTMENT | 39 |
|---|---|
| HEARING DATE | October 7, 2024 |
| CASE NUMBER | 24STCV04536 |
| MOTIONS | Special Motion to Strike |
| MOVING PARTY | Defendant Crystal Bergstrom |
| OPPOSING PARTY | Plaintiffs Robert Lindholm and Carolyn Lindholm |

**MOTION**

**BERGSTROM 000157**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 39

**24STCV04536**                                               October 7, 2024
**ROBERT LINDHOLM, et al. vs JUDICIAL JUDGMENT**               8:30 AM
**ENFORCEMENT SERVICES, et al.**

Judge: Honorable Tony L. Richardson          CSR: None
Judicial Assistant: Patricia Salcido          ERM: None
Courtroom Assistant: Karlet Ghazarian         Deputy Sheriff: None

Plaintiffs Robert Lindholm and Carolyn Lindholm ("Plaintiffs") have brought this action against Defendant Crystal Bergstrom, who does business as Judicial Judgment Enforcement Service ("Defendant"), Joe Boyle, and Filip Van de Cappelle for breach of contract and requests an award of punitive damages.  Plaintiffs allege an attempted settlement in an underlying lawsuit [case No. YC073049] went through the appellate process and the settlement amount of $20,000 was upheld on appeal (Complaint, ¶¶ 8-9); the judgment creditors in the underlying action assigned the judgment to Defendant (*id.*, ¶ 10); on February 8, 2024, Plaintiffs entered into a contract with Defendant to pay $25,000 to satisfy the judgment (*id.*, ¶ 11); and Defendant "unilaterally repudiated and breached the contract, and is currently pursuing collection of the judgment from plaintiffs by, including but not limited to, levying on bank accounts, garnishing wages, and setting a judgment debtor's exam" (*id.*, ¶ 12).

Defendant filed this special motion to strike Plaintiffs' complaint.  Plaintiffs oppose the motion.

**ANALYSIS**

In ruling on a defendant's special motion to strike, the trial court uses a two-step process. First, the defendant must show the act or acts of which the plaintiff complains were taken in furtherance of the defendant's right of petition or free speech under the United States or California Constitutions in connection with a public issue. (Code Civ. Proc., § 425.16, subd. (b)(1).)1  If the defendant carries that burden, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the claim. (*Ibid.*)

"A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  (§ 425.16, subd. (b)(1).)  An act in furtherance of a person's right includes "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive or judicial body, or any other official proceeding authorized by law."  (§ 425.16, subd. (e)(2).)  Therefore, statements and pleadings in civil litigation matters are covered by section 425.16, even without a showing the litigation concerns matters of public interest.  (*Rohde v. Wolf* (2007) 154 Cal.App.4th 28, 35; see also *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 ["'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action"].)  In addition, a claim is subject to a special motion to strike only

**BERGSTROM 000158**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**24STCV04536**                                                     October 7, 2024
**ROBERT LINDHOLM, et al. vs JUDICIAL JUDGMENT**                     8:30 AM
**ENFORCEMENT SERVICES, et al.**


Judge: Honorable Tony L. Richardson          CSR: None
Judicial Assistant: Patricia Salcido          ERM: None
Courtroom Assistant: Karlet Ghazarian          Deputy Sheriff: None

---

if the conduct constituting the protected activity "itself is the wrong complained of." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060, emphasis deleted.)

In the instant case, Plaintiffs assert their breach of contract cause of action is based on defendant having repudiated the contract Plaintiffs had entered into with Defendant on February 8, 2024 and seeking to enforce the judgment in the underlying action, which remains active. The partis do not dispute that in the underlying action, they entered into a payment agreement for Plaintiffs to pay off the judgment; however, Plaintiffs failed to make the first payment. They then brought a motion to enforce the settlement agreement, alleging Defendant had breached it. The court in the underlying action denied Plaintiffs' motion, while noting Plaintiffs had failed to make the first payment.2  Plaintiffs subsequently filed the instant action, in which they similarly allege Defendant breached their agreement.

As the conduct of which Plaintiffs complain in this action derives from Defendant's acts in enforcing a settlement agreement and consequently pursuing collection of a judgment in the underlying case between the parties (case No. YC073049), those acts amount to protected litigation activity. With Defendant having satisfied the first prong of the anti-SLAPP analysis, Plaintiffs now must put forth "competent and admissible evidence" that would support the causes of actions they allege. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)

First, Plaintiffs cannot prevail on their breach of contract claim because they admit they did not pay the first installment of the settlement as they were obligated to  and, therefore Plaintiffs themselves did not perform under the agreement. As for Plaintiffs' prayer for punitive damages, it is axiomatic punitive damages will not be awarded on a breach of contract cause of action when there is no underlying tort and when a party's conduct has not been willful, fraudulent, or malicious. (*Myers Building Industries Ltd. V. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 960. Moreover, in their opposition to this motion, Plaintiffs did not satisfy their burden, as they presented no evidence

The Court, therefore, grants Defendant's motion to strike the complaint; all causes of action alleged against Defendant are dismissed with prejudice; and the Clerk is ordered to enter judgment in Defendant's favor.

Defendant requests an award of attorney fees under section 425.16. Subdivision (c)(1) of the statute provides "[e]xcept as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike "shall be entitled to recover . . .

BERGSTROM 000159

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**24STCV04536**                                                October 7, 2024
**ROBERT LINDHOLM, et al. vs JUDICIAL JUDGMENT**                8:30 AM
**ENFORCEMENT SERVICES, et al.**

Judge: Honorable Tony L. Richardson        CSR: None
Judicial Assistant: Patricia Salcido       ERM: None
Courtroom Assistant: Karlet Ghazarian      Deputy Sheriff: None

---

attorney's fees and costs." Defendants have presented evidence of the attorney fees it incurred in bringing the anti-SLAPP motion. The Court finds the fees were necessarily incurred and the rate and hours expended are reasonable. Therefore, it awards Defendant $21,829.75, which represents 30.11 hours of billable work in connection with the anti-SLAPP motion at a rate of $725 an hour.

Defendant is ordered to provide notice of this order and to file proof of service of same.

On the Court's own motion, the Case Management Conference scheduled for 10/07/2024 is continued to 12/31/24 at 08:30 AM in Department 39 at Stanley Mosk Courthouse.

The Ex Parte Application FOR A CONTINUANCE OF THE HEARING SET FOR OCTOBER 7, 2024 filed by Carolyn Lindholm, Robert Lindholm on 09/18/2024 is Denied.

Clerk is to give notice as to the Case Management Conference.

Certificate of Mailing is attached.

**BERGSTROM 000160**

# EXHIBIT 10

**BERGSTROM 000161**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 39

**24STCV04536**                                                                September 23, 2025
**ROBERT LINDHOLM, et al. vs JUDICIAL JUDGMENT**                                    8:30 AM
**ENFORCEMENT SERVICES, et al.**

Judge: Honorable Tony L. Richardson          CSR: None
Judicial Assistant: Patricia Salcido          ERM: None
Courtroom Assistant: Karlet Ghazarian         Deputy Sheriff: None

---

APPEARANCES:

For Plaintiff(s): Carolyn Lindholm via LACourtConnect and Robert Lindholm via

LACourtConnect

For Defendant(s): Paul Philip Young via LACourtConnect and Emmanuel Reyes via

LACourtConnect

---

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees _ motion for appellate
attorney fees (Res #2413)

The Court's tentative ruling is electronically posted on the Court's website before the hearing is
held.

The matters are called for hearing and the motion is argued.

After considering the moving papers, all documents relating to the motion, and oral arguments,
the Court modifies and adopts its tentative ruling as the final ruling of the Court as follows:

| | |
|---|---|
| DEPARTMENT | 39 |
| HEARING DATE | September 23, 2025 |
| CASE NUMBER | 24STCV04536 |
| MOTION | Motion for Attorney Fees |
| MOVING PARTY | Defendant Crystal Bergstrom |
| OPPOSING PARTIES | None |

## **MOTION**

Plaintiffs Carolyn and Robert Lindholm ("Plaintiffs") appealed the Court's October 7,
2024 order granting Defendant Crystal Bergstrom's ("Defendant") special motion to strike. The

---

Minute Order                                                          Page 1 of 2

**BERGSTROM 000162**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**24STCV04536**                                                            September 23, 2025
**ROBERT LINDHOLM, et al. vs JUDICIAL JUDGMENT**                                8:30 AM
**ENFORCEMENT SERVICES, et al.**

Judge: Honorable Tony L. Richardson          CSR: None
Judicial Assistant: Patricia Salcido          ERM: None
Courtroom Assistant: Karlet Ghazarian          Deputy Sheriff: None

Court of Appeal dismissed the appeal and subsequently denied Plaintiffs' motion to vacate the dismissal and reinstate the appeal.  Now, Defendant seeks attorney fees on appeal in the amount of $24,679.

## ANALYSIS

In its remittitur order of April 11, 2025, the Court of Appeal dismissed Plaintiff's appeal of this Court's order granting Defendant's special motion to strike.  (See *Lindholm, et al. v. Judicial Enforcement Services, et al.* (Cal. Ct. App., Apr. 11, 2025, No. B342336).)  This Court has authority to "award fees incurred in responding to an appeal of an order granting or denying a special motion to strike . . . ."  (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 461.)  Defendant has presented evidence of the fees Defendant incurred in opposing Plaintiff's appeal.  (See Declaration of Paul P. Young in Support of Motion for Appellate Attorney Fees, Exhibit B.)  Plaintiffs have not opposed the motion and, therefore, have not shown why the Court should not award fees in the amount Defendant seeks.  Accordingly, the Court grants the motion for attorney fees in the amount of $24,679.

As for costs, Defendant must seek any costs she incurred related to the appeal by way of a verified costs memorandum.  (Cal. Rules of Court, rule 8.278(c)(1).)

Plaintiff is to give notice of this ruling and to file proof of service of same.

BERGSTROM 000163

EXHIBIT 11

**BERGSTROM 000164**

FILED

SEP 02 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Central District of California

Case number (if known): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | Robert — First name <br> Middle name <br> Lindholm — Last name <br> Suffix (Sr., Jr., II, III) | First name <br> Middle name <br> Last name <br> Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names and any assumed, trade names and *doing business as* names. Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | First name <br> Middle name <br> Last name <br> First name <br> Middle name <br> Last name <br> Business name (if applicable) <br> Business name (if applicable) | First name <br> Middle name <br> Last name <br> First name <br> Middle name <br> Last name <br> Business name (if applicable) <br> Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX – XX – 8 8 1 9 <br> OR <br> 9 xx – xx – ___ ___ ___ | XXX – XX – ___ ___ ___ ___ <br> OR <br> 9 xx – xx – ___ ___ ___ |

Official Form 101    Voluntary Petition for Individuals Filing for Bankruptcy    page 1

**BERGSTROM 000165**

Debtor 1    Robert Lindholm

First Name    Middle Name    Last Name

Case number (if known)_____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Your Employer Identification Number (EIN), if any.**

EIN ___ — ___ — ___ ___ ___ ___ ___ ___

EIN ___ — ___ — ___ ___ ___ ___ ___ ___

EIN ___ — ___ — ___ ___ ___ ___ ___ ___

EIN ___ — ___ — ___ ___ ___ ___ ___ ___

**5. Where you live**

If Debtor 2 lives at a different address:

4445 Dundee Drive
Number    Street

_____
Number    Street

_____

_____

Los Angeles            CA    90027
City            State    ZIP Code

_____
City            State    ZIP Code

Los Angeles
County

_____
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number    Street

_____
Number    Street

_____
P.O. Box

_____
P.O. Box

_____
City            State    ZIP Code

_____
City            State    ZIP Code

**6. Why you are choosing this district to file for bankruptcy**

Check one:

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

_____

_____

_____

Check one:

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

_____

_____

_____

BERGSTROM 000166

Debtor 1    <u>Robert Lindholm</u>                                    Case number (if known)_____
            First Name    Middle Name    Last Name

---

## Part 2:    Tell the Court About Your Bankruptcy Case

---

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

❑ Chapter 7

❑ Chapter 11

❑ Chapter 12

☑ Chapter 13

---

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

_ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

❑ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No

❑ Yes.   District _____ When _____ Case number _____
                                        MM / DD / YYYY

         District _____ When _____ Case number _____
                                        MM / DD / YYYY

         District _____ When _____ Case number _____
                                        MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

❑ No

☑ Yes.   Debtor FAB 5, LLC _____    Relationship to you  I was manager.
         District Central _____ When 07/09/2024    Case number, if known 2:24-bk-15398
                                        MM / DD / YYYY

         Debtor _____    Relationship to you _____
         District _____ When _____    Case number, if known_____
                                        MM / DD / YYYY

---

**11. Do you rent your residence?**

☑ No.   Go to line 12.
❑ Yes.  Has your landlord obtained an eviction judgment against you?

        ❑ No. Go to line 12.

        ❑ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

Official Form 101    Voluntary Petition for Individuals Filing for Bankruptcy    page 3

BERGSTROM 000167

Debtor 1    Robert Lindholm
            First Name    Middle Name    Last Name                    Case number (if known)

## Part 3:    Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number       Street

_____

_____
City                          State       ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

BERGSTROM 000168

Debtor 1    <u>Robert Lindholm</u>            Case number (if known)_____

First Name    Middle Name      Last Name

## Part 4:   Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.   What is the hazard? _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property? _____

Number      Street

_____

City              State    ZIP Code

**BERGSTROM 000169**

Debtor 1   <u>Robert Lindholm</u>                                    Case number *(if known)*_____
             First Name    Middle Name      Last Name

15. **Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ Incapacity. I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ Disability. My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ Active duty. I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ Incapacity. I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ Disability. My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ Active duty. I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**BERGSTROM 000170**

Debtor 1   <u>Robert Lindholm</u>       Case number (*if known*)_____
     <span style="font-size:smaller">First Name      Middle Name      Last Name</span>

---

## Part 6:  Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ No. Go to line 16b.
☐ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☑ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.
Horses stolen by others.

**17. Are you filing under Chapter 7?**

☑ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☑ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☑ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Part 7:  Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _/s/_____       X _____
Signature of Debtor 1          Signature of Debtor 2

Executed on <u>08/29/2025</u>       Executed on _____
      MM / DD /YYYY            MM / DD /YYYY

---

BERGSTROM 000171

Debtor 1  <u>Robert Lindholm</u>
   First Name     Middle Name     Last Name

Case number *(if known)*_____.

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

✗ _____  Date  _____
  Signature of Attorney for Debtor                      MM  /   DD  / YYYY

_____
Printed name

_____
Firm name

_____
Number   Street

_____

_____
City                        State     ZIP Code

Contact phone _____  Email address _____

_____
Bar number                   State

---

BERGSTROM 000172

Debtor 1    Robert Lindholm
        First Name        Middle Name        Last Name

Case number (if known)_____

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?
☑ No

☐ Yes. Name of Person_____.
    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

X _____        X _____
    Signature of Debtor 1                            Signature of Debtor 2

Date    08/29/2025                          Date    _____
        MM / DD  / YYYY                              MM /  DD  / YYYY

Contact phone  (323) 522-6226              Contact phone  _____

Cell phone  _____                Cell phone  _____

Email address  robert921@gmail.com         Email address  _____

Official Form 101        **Voluntary Petition for Individuals Filing for Bankruptcy**        page 9

BERGSTROM 000173

## MASTER LIST OF CREDITORS

Franchise Tax Board
1515 Clay Street, Suite 305
Oakland, CA. 94612

Internal Revenue Service
P.O. Box 1214
Charlotte, N.C. 28201-1214

Los Angeles Department of Water and Power
111 N. Hope Street
Los Angeles, CA. 90012

Southern California Gas Co.
555 W. 5th Street
Los Angeles, CA. 90013

Chora, Young & Manasserian, LLP
650 Sierra Madre Villa Avenue
Pasadena, CA. 91107

Crystal Bergstrom
dba Judicial Judgment Enforcement Services
29911 Niguel Road, #6086
Laguna Niguel, CA. 92607

BERGSTROM 000174

# EXHIBIT 12

**BERGSTROM 000175**

**CHORA YOUNG & MANASSERIAN LLP**
Joseph Chora (SBN 284700)
Emmanuel Rayes (SBN 304934)
281 E. Colorado Blvd, #378
Pasadena, CA 91101
Tel.: (626) 744-1838
Fax: (626) 744-3167
Email: joseph@cym.law Emmanuel@cym.law

Attorneys for Defendant, Crystal Bergstrom

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/22/2025 5:22 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Tang, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBERT LINDHOLM and CAROLYN LINDHOLM, <br><br> Plaintiff, <br><br> vs. <br><br> CRYSTAL BERGSTROM, Judicial Judgment Enforcement Service, JOE BOYLE, FILIP VAN DE CAPPELLE, and DOES 1-50 inclusive, <br><br> Defendants. | Case No.: 24STCV04536 <br><br> **APPLICATION FOR ISSUANCE OF ORDER FOR SALE OF DWELLING COMMONLY KNOWN AS 4445 DUNDEE DRIVE LOS ANGELES, CA 90027** <br><br> **[Cal. Civ. Proc. Code § 704.750.]** <br><br> *[Filed concurrently with (i) Application for Issuance of Order of Sale of Dwelling; (ii) Request for Judicial Notice; (iii) (Proposed) Order for Sale; and (iv) (Proposed) Order To Show Cause.]* <br><br> **Date:** <br> **Time:** <br> **Department:** |

BERGSTROM 000176

## I.      INTRODUCTION

Judgment Creditor CRYSTAL BERGSTROM ("Judgment Creditor") hereby requests issuance of an order authorizing the sale of Judgment Debtor ROBERT LINDHOLM and CAROLYN LINDHOLM, ("LINDHOLM") dwelling.  Judgment Creditor's files this application ("Application") for an order to sell the residence located at 4445 Dundee Drive, Los Angeles CA 90027("RESIDENCE"). The Application is based upon the judgment entered in the Superior Court of California, County of Los Angeles, Case No.: 24STCV04536 ("Underlying Action"), which remains unsatisfied, ROBERT LINDHOLM and CAROLYN LINDHOLM and CAROLYN LINDHOLM failure or refusal to voluntarily pay the outstanding judgment, and Judgment Creditor's apparent inability to substantially satisfy the judgment through other means. The legal description of the RESIDENCE is as follows:

Lot 23 of Tract No. 4276, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded August 09, 1921 in Book 47 Page 23 of Maps, in the Office of the County Recorder of said County.

APN: 5588-033-029

Commonly known as **4445 DUNDEE DRIVE LOS ANGELES, CA 90027**

## II.     PROCEDURAL CONTENTS OF THIS APPLICATION

### A.      JUDGMENT CREDITOR LEVIED UPON THE RESIDENCE

On August 20, 2025, Judgment Creditor caused the levying office to levy upon the residence. On September 9, 2025, Judgment Creditor received notice of the levying officers levy. On September 22, 2025 Judgment Creditor filed its Application and supporting memo to move the court for an order to sell the Residence.

### B.      CCP 704.760 EXPRESSLY ENUMERATES THE REQUIREMENTS OF AN APPLICATION FOR SALE

Section 704.760 of the California Code of Civil Procedure[1] lists four requirements for an application for sale. Each section will be addressed and has been completed for this application in accordance with Section 704.760.

1.  Section 704.760(a)

Section 704.760(a) requires the Judgment Creditor to provide a statement as to whether or not the records of the Los Angeles County Tax Assessor indicate that there is a current homeowners exemption or a disabled veterans exemption for the dwelling and who if anyone, has claimed that exemption.

Joseph Chora has called the Los Angeles Country Tax Assessor, reviewed online records and reviewed a professional title report issued by Stewart Title. There is no evidence of a homeowners exemption or a disabled veterans exemption.

2.  Section 704.760(b)

Section 704.760(b) requires the Judgment Creditor to provide a statement whether the residence is a is a homestead and if it is entitled to a homestead exemption, and if so, how much of an exemption. And a statement whether or not the records of the Los Angeles County Recorder indicate a homestead declaration.

Joseph Chora has called the Los Angeles County Recorder, reviewed online records and reviewed a professional title report issued by Stewart Title.  There is no evidence of a homestead declaration. The homestead is a dwelling under Section 704.760(b), and LINDHOLM is entitled to a homestead exemption in the amount of $722,151.00

3.  Section 704.760(c)

Section 704.760(c) requires Judgment Creditor statement providing all liens and encumbrances on the property and the address of such persons used by the Los Angeles County Recorder for the return of the instrument creating the lien or encumbrance.

i)    $46,302.57 or less, based on Los Angeles County Recorder instrument number 20230019034. The return address for this instrument is listed as: PennyMac Loan

---

[1] Any further references to the California Code of Civil Procedure will be denoted at Section.

BERGSTROM 000178

services, LLC, mailing: ServiceLink, Attn: Loan Modification Solutions, 3220 El Camino Real, Irvine, CA 92602

4.  Section 704.760(d)

Section 704.760(d) requires statement whether or not the judgment is based on a consumer debt. This judgment was entered as a fee award based on a Anti-SLAPP suit. The Judgment Creditor was the prevailing party and awarded statutory fees. The judgment is NOT based on consumer debt.

### C.    SALE OF THE PROPERTY WILL SATISFY THE JUDGMENT CREDITORS JUDGMENT IN FULL

The total of liens upon the Residence is at most $46,302.57. Lindholm's homestead exemption for 2025 is $722,151.00. Creditors current outstanding judgment is $90,704.89 plus interest. The appraised value for the Residence is $2,550,000.00. There for funds will be available for the satisfaction of the judgment. Creditor request per Section 704.800 that the minimum acceptable bid be set at $900,000.00. The bidding may of course yield a higher sale amount.

### III.    CONCLUSION

Judgment Creditor has fulfilled her requirement under Section 704.760 respectfully requests that the Court issue the concurrently filed Order for sale of the Residence.

This application is signed under penalty of perjury

DATED: September 22, 2025

CHORA YOUNG & MANASSERIAN LLP

By: _____

Joseph Chora
Attorney for Judgment Creditor
Crystal Bergstrom

# EXHIBIT 13

**BERGSTROM 000180**

FILED

SEP 22 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                      Deputy Clerk

Carolyn Lindholm
Bar No.: 106450
tocarolynlindholm@gmail.com
4445 Dundee Drive
Los Angeles, CA,  90027
323-522-6226

As a Co-Debtor of Petitioner Robert
Lindholm under
U.S. Code Section 1301

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In Re:
     Robert Lindholm

CASE NO. 2:25-bk-17721-DS
Chapter 13
[Assigned for All Purposes to:
Hon. Deborah J. Saltzman]

**MOTION FOR A STAY ORDER BY
THIS COURT, AND FOR SANCTIONS
FOR VIOLATION OF THE
AUTOMATIC STAY; DECLARATION
OF CAROLYN LINDHOLM;
[PROPOSED] ORDER**

TO THIS HONORABLE COURT:

Carolyn Lindholm, as the spouse and a Co-Debtor of Petitioner Robert Lindholm,

makes a motion for a stay order by this Court, and for sanctions for violation of the

Automatic Stay in the above-entitled matter, on the following grounds:

1. As the spouse and a co-debtor to a Chapter 13 filing, Carolyn Lindholm has

protections under the automatic bankruptcy stay pursuant to U.S. Code Section 1301, and

hereby objects to any ongoing proceedings, levies, garnishments, or bench warrants in the

Superior Court actions referenced below.  This case involves consumer debt, to be fully

paid through a Chapter 13 plan, for which Section 1301 provides protection with a co-

debtor stay.

2.  Notice of Stay has been filed in the Los Angeles Superior Court in Lindholm v. Apollo, Case No. YC073049, and in Lindholm v. Bergstrom, Case No. 24STCV04536, both on September 2, 2025, but neither Court has stayed the actions, with various motions and hearings remaining on calendar, and notices of levy and garnishments remaining in effect.  Further, in Lindholm v. Apollo, Robert Lindholm had a pending motion to quash service of a subpoena for failure to properly serve, Judge Gary Tanaka issued a bench warrant for Robert Lindholm, and that bench warrant has not been recalled since the Notice of Stay was filed.

It is respectfully requested that this Court issue an order staying all proceedings in the Superior Court actions referenced above, including hearings, garnishments, and levies, and for an award of sanctions as this Court deems appropriate.

DATED:  September 22, 2025

By _____
Carolyn Lindholm

Motion for Sanctions For Violation Of The Automatic Stay

BERGSTROM 000182

DECLARATION OF CAROLYN LINDHOLM

I, Carolyn Lindholm, hereby declare and state:

1. This declaration is based upon my own personal knowledge, and if called upon to do so, I could competently testify to all matters set forth herein.

2. I am legally married to Robert Lindholm, who has filed a Chapter 13 bankruptcy. I have consulted with knowledgeable bankruptcy counsel, from which it is my understanding that as a spouse in a community property state, and as a co-debtor of Robert Lindholm, I have protections under the automatic bankruptcy stay pursuant to U.S. Code Section 1301.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Dated this 22nd day of September, 2025 at Los Angeles, California.

_____
Carolyn Lindholm

88888-6727/1846000.1

3

BERGSTROM 000183

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In Re:

Robert Lindholm

Case No. 2:25-bk-17721-DS
Chapter 13
[Assigned for All Purposes to
Hon. Deborah J. Saltzman]

[PROPOSED] ORDER

_____.

This Court orders a stay of all proceedings in the Los Angeles Superior Court matters of Lindholm v. Apollo, Case No. YC073049 and Lindholm v. Bergstrom, Case No. 24STCV04536, including hearings, garnishments, and levies.

This Court sets a hearing for _____

at _____ in _____.

Further orders:

BERGSTROM 000184

## PROOF OF SERVICE

### Case No. 2:25-bk-17721-DS

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Suite 1750, Los Angeles, CA 90071-1562.

On September 22, 2025, I served true copies of the following document(s) described as **MOTION FOR A STAY ORDER BY THIS COURT AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY; DECLARATION OF CAROLYN LINDHOLM; [PROPOSED] ORDER** on the interested parties in this action as follows:

**Kathy A. Dockery (TR)**, 801 Figueroa Street, Suite 1850, Los Angeles, CA. 90017

**BY MAIL:** I placed a copy of the document identified above in the United States Mail, addressed as above, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 22, 2025 at Los Angeles, California.

_____ *Danielle Hall* _____
Danielle Hall

**BERGSTROM 000185**

88888-6727/1739171.1

# EXHIBIT 14

**BERGSTROM 000186**

Carolyn Lindholm
Bar No.: 106450
tocarolynlindholm@gmail.com
4445 Dundee Drive
Los Angeles, CA. 90027
323-522-6226

Plaintiff in Pro Per

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/22/2025 2:50 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Rayon, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

Robert Lindholm, et al.,

        Plaintiffs,

        vs.

Apollo, et al.,

        Defendant.

CASE NO. YC073049
[Assigned for All Purposes to:
Hon. Gary Y. Tanaka]

**NOTICE OF FILING OF MOTION FOR STAY ORDER BY THE BANKRUPTCY COURT, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

TO THIS HONORABLE COURT, AND TO ALL INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN of the filing of a MOTION FOR A STAY ORDER, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, IN THE UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA on September 22, 2025. a copy of which is attached hereto.

DATED: September 22, 2025

By    _____
     Carolyn Lindholm

1

NOTICE OF FILING OF MOTION FOR STAY ORDER BY THE BANKRUPTCY COURT, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

BERGSTROM 000187

Carolyn Lindholm
Bar No.: 106450
tocarolynlindholm@gmail.com
4445 Dundee Drive
Los Angeles, CA,  90027
323-522-6226

As a Co-Debtor of Petitioner Robert
Lindholm under
U.S. Code Section 1301

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In Re:
      Robert Lindholm

CASE NO. 2:25-bk-17721-DS
Chapter 13
[Assigned for All Purposes to:
Hon. Deborah J. Saltzman]

**MOTION FOR A STAY ORDER BY THIS COURT, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY; DECLARATION OF CAROLYN LINDHOLM; [PROPOSED] ORDER**

TO THIS HONORABLE COURT:

     Carolyn Lindholm, as the spouse and a Co-Debtor of Petitioner Robert Lindholm, makes a motion for a stay order by this Court, and for sanctions for violation of the Automatic Stay in the above-entitled matter, on the following grounds:

     1. As the spouse and a co-debtor to a Chapter 13 filing, Carolyn Lindholm has protections under the automatic bankruptcy stay pursuant to U.S. Code Section 1301, and hereby objects to any ongoing proceedings, levies, garnishments, or bench warrants in the Superior Court actions referenced below.  This case involves consumer debt, to be fully paid through a Chapter 13 plan, for which Section 1301 provides protection with a co-debtor stay.

88888-6727/1846000.1                   1              **BERGSTROM 000188**

2. Notice of Stay has been filed in the Los Angeles Superior Court in Lindholm v. Apollo, Case No. YC073049, and in Lindholm v. Bergstrom, Case No. 24STCV04536, both on September 2, 2025, but neither Court has stayed the actions, with various motions and hearings remaining on calendar, and notices of levy and garnishments remaining in effect. Further, in Lindholm v. Apollo, Robert Lindholm had a pending motion to quash service of a subpoena for failure to properly serve, Judge Gary Tanaka issued a bench warrant for Robert Lindholm, and that bench warrant has not been recalled since the Notice of Stay was filed.

It is respectfully requested that this Court issue an order staying all proceedings in the Superior Court actions referenced above, including hearings, garnishments, and levies, and for an award of sanctions as this Court deems appropriate.

DATED: September 22, 2025

By    _Carolyn Lindholm_____
     Carolyn Lindholm

DECLARATION OF CAROLYN LINDHOLM

I, Carolyn Lindholm, hereby declare and state:

1.  This declaration is based upon my own personal knowledge, and if called upon to do so, I could competently testify to all matters set forth herein.

2.  I am legally married to Robert Lindholm, who has filed a Chapter 13 bankruptcy.  I have consulted with knowledgeable bankruptcy counsel, from which it is my understanding that as a spouse in a community property state, and as a co-debtor of Robert Lindholm, I have protections under the automatic bankruptcy stay pursuant to U.S. Code Section 1301.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Dated this 22nd day of September, 2025 at Los Angeles, California.

_____
Carolyn Lindholm

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In Re:
    Robert Lindholm

Case No. 2:25-bk-17721-DS
Chapter 13
[Assigned for All Purposes to
Hon. Deborah J. Saltzman]

[PROPOSED] ORDER

_____.

This Court orders a stay of all proceedings in the Los Angeles Superior Court matters of Lindholm v. Apollo, Case No. YC073049 and Lindholm v. Bergstrom, Case No. 24STCV04536, including hearings, garnishments, and levies.

This Court sets a hearing for _____

at _____ in _____.

Further orders:

## PROOF OF SERVICE

### Case No. 2:25-bk-17721-DS

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Suite 1750, Los Angeles, CA 90071-1562.

On September 22, 2025, I served true copies of the following document(s) described as **MOTION FOR A STAY ORDER BY THIS COURT AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY; DECLARATION OF CAROLYN LINDHOLM; [PROPOSED] ORDER** on the interested parties in this action as follows:

**Kathy A. Dockery (TR)**, 801 Figueroa Street, Suite 1850, Los Angeles, CA. 90017


**BY MAIL:** I placed a copy of the document identified above in the United States Mail, addressed as above, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 22, 2025 at Los Angeles, California.


_____
*Danielle Hall*
Danielle Hall

**BERGSTROM 000192**

88888-6727/1739171.1

## PROOF OF SERVICE

### Case No. YC073049

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Suite 1750, Los Angeles, CA 90071-1562.

On September 22, 2025, I served true copies of the following document(s) described as **MOTION FOR A STAY ORDER BY THIS COURT, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY; DECLARATION OF CAROLYN LINDHOLM; [PROPOSED] ORDER** on the interested parties in this action as follows:

**cbergstrom@judicialenforcement.com**

**paul@cymlaw**


**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dhall@bonnebridges.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 22, 2025, at Los Angeles, California.


_____*Danielle Hall*_____
Danielle Hall

**BERGSTROM 000193**

88888-6727/1739171.1

# EXHIBIT 15

BERGSTROM 000194

Carolyn Lindholm
Bar No.: 106450
tocarolynlindholm@gmail.com
4445 Dundee Drive
Los Angeles, CA.  90027
323-522-6226

Plaintiff in Pro Per

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/22/2025 11:47 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| Robert Lindholm, et al., | CASE NO. 24STCV04536 |
|---|---|
| Plaintiffs, | [Assigned for All Purposes to: Hon. Tony L. Richardson, Dept. 39] |
| vs. | **NOTICE OF FILING OF MOTION FOR STAY ORDER BY THE BANKRUPTCY COURT, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY** |
| Crystal Bergstrom, et al. | |
| Defendant. | |

TO THIS HONORABLE COURT, AND TO ALL INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN of the filing of a MOTION FOR A STAY ORDER, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY, IN THE UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA on September 22, 2025. a copy of which is attached hereto.

DATED:  September 22, 2025

By _____
Carolyn Lindholm

1

BERGSTROM 000195

Carolyn Lindholm
Bar No.: 106450
tocarolynlindholm@gmail.com
4445 Dundee Drive
Los Angeles, CA,  90027
323-522-6226

As a Co-Debtor of Petitioner Robert
Lindholm under
U.S. Code Section 1301

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In Re:
    Robert Lindholm

CASE NO. 2:25-bk-17721-DS
Chapter 13
[Assigned for All Purposes to:
Hon. Deborah J. Saltzman]

**MOTION FOR A STAY ORDER BY
THIS COURT, AND FOR SANCTIONS
FOR VIOLATION OF THE
AUTOMATIC STAY; DECLARATION
OF CAROLYN LINDHOLM;
[PROPOSED] ORDER**

TO THIS HONORABLE COURT:

    Carolyn Lindholm, as the spouse and a Co-Debtor of Petitioner Robert Lindholm, makes a motion for a stay order by this Court, and for sanctions for violation of the Automatic Stay in the above-entitled matter, on the following grounds:

    1. As the spouse and a co-debtor to a Chapter 13 filing, Carolyn Lindholm has protections under the automatic bankruptcy stay pursuant to U.S. Code Section 1301, and hereby objects to any ongoing proceedings, levies, garnishments, or bench warrants in the Superior Court actions referenced below.  This case involves consumer debt, to be fully paid through a Chapter 13 plan, for which Section 1301 provides protection with a co-debtor stay.

88888-6727/1846000.1

1

BERGSTROM 000196

Motion for Sanctions For Violation Of The Automatic Stay

2. Notice of Stay has been filed in the Los Angeles Superior Court in Lindholm v. Apollo, Case No. YC073049, and in Lindholm v. Bergstrom, Case No. 24STCV04536, both on September 2, 2025, but neither Court has stayed the actions, with various motions and hearings remaining on calendar, and notices of levy and garnishments remaining in effect. Further, in Lindholm v. Apollo, Robert Lindholm had a pending motion to quash service of a subpoena for failure to properly serve, Judge Gary Tanaka issued a bench warrant for Robert Lindholm, and that bench warrant has not been recalled since the Notice of Stay was filed.

It is respectfully requested that this Court issue an order staying all proceedings in the Superior Court actions referenced above, including hearings, garnishments, and levies, and for an award of sanctions as this Court deems appropriate.

DATED: September 22, 2025

By _____
     Carolyn Lindholm

## DECLARATION OF CAROLYN LINDHOLM

I, Carolyn Lindholm, hereby declare and state:

1. This declaration is based upon my own personal knowledge, and if called upon to do so, I could competently testify to all matters set forth herein.

2. I am legally married to Robert Lindholm, who has filed a Chapter 13 bankruptcy. I have consulted with knowledgeable bankruptcy counsel, from which it is my understanding that as a spouse in a community property state, and as a co-debtor of Robert Lindholm, I have protections under the automatic bankruptcy stay pursuant to U.S. Code Section 1301.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Dated this 22nd day of September, 2025 at Los Angeles, California.


_____
Carolyn Lindholm

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

In Re:

    Robert Lindholm

Case No. 2:25-bk-17721-DS
Chapter 13
[Assigned for All Purposes to
Hon. Deborah J. Saltzman]

[PROPOSED] ORDER

_____.

    This Court orders a stay of all proceedings in the Los Angeles Superior Court matters of Lindholm v. Apollo, Case No. YC073049 and Lindholm v. Bergstrom, Case No. 24STCV04536, including hearings, garnishments, and levies.

    This Court sets a hearing for _____

at _____ in _____.

    Further orders:

88888-6727/1846000.1

4

BERGSTROM 000199

Motion for Sanctions For Violation Of The Automatic Stay

## PROOF OF SERVICE

### Case No. 2:25-bk-17721-DS

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 355 South Grand Avenue, Suite 1750, Los Angeles, CA 90071-1562.

On September 22, 2025, I served true copies of the following document(s) described as **MOTION FOR A STAY ORDER BY THIS COURT AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY; DECLARATION OF CAROLYN LINDHOLM; [PROPOSED] ORDER** on the interested parties in this action as follows:

**Kathy A. Dockery (TR)**, 801 Figueroa Street, Suite 1850, Los Angeles, CA. 90017


**BY MAIL:**  I placed a copy of the document identified above in the United States Mail, addressed as above, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 22, 2025 at Los Angeles, California.


*Danielle Hall*
_____
Danielle Hall

**BERGSTROM 000200**

88888-6727/1739171.1

# PROOF OF SERVICE

## Case No. 24STCV04536

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Suite 1750, Los Angeles, CA 90071-1562.

On September 22, 2025, I served true copies of the following document(s) described as **MOTION FOR A STAY ORDER BY THIS COURT, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY; DECLARATION OF CAROLYN LINDHOLM; [PROPOSED] ORDER** on the interested parties in this action as follows:

**cbergstrom@judicialenforcement.com**

**paul@cymlaw**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dhall@bonnebridges.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 22, 2025, at Los Angeles, California.

_____
*Danielle Hall*
Danielle Hall

**BERGSTROM 000201**

88888-6727/1739171.1

# EXHIBIT 16

**BERGSTROM 000202**

FILED & ENTERED

OCT 14 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

ROBERT LINDHOLM,

Debtor.

Case No. 2:25-bk-17721-DS

Chapter 13

**ORDER DENYING MOTION FOR A STAY ORDER BY THIS COURT, AND FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

The court has reviewed and considered the "Motion for a Stay Order by this Court, and for Sanctions for Violation of the Automatic Stay" (the "Motion," Docket No. 18) and filed by Carolyn Lindholm (the "Movant"), the spouse and non-filing co-debtor of debtor Robert Lindholm (the "Debtor").

The Movant is *pro se*, and the court is mindful that the filings of parties who are not represented by attorneys should be liberally construed and are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

Under Local Bankruptcy Rule 9013-1(j), the court, in its discretion, may dispense with oral argument. Here, the court will exercise its discretion to rule on the Motion without a hearing.

**BERGSTROM 000203**

The Motion is procedurally improper for a number of reasons, including but not limited to the following:

- The Motion was not set for hearing, as required by Local Bankruptcy Rule ("LBR") 9013-1(a)(5)(A).  *See also* Federal Rule of Bankruptcy Procedure ("FRBP") 9014(a) ("an opportunity to be heard must be given to the party against whom relief is sought").

- The Motion was not accompanied by a written notice of motion, as required by LBR 9013-1(c)(2).  *See also* FRBP 9014(a) ("[r]easonable notice . . . must be given to the party against whom relief is sought").

- The Motion was not served upon the adverse party or parties, as required by LBR 9013-1(d)(1).  *See also* FRBP 9014(b)(1) ("The motion must be served . . . in the manner for serving a summons and complaint provided by Rule 7004").

- The automatic stay protects the Debtor.  11 U.S.C. § 362(a)(1).  Here, the Debtor is represented by counsel.  To the extent that the Motion seeks an injunction and sanctions on behalf of the Debtor, the Movant has failed to cite any authority that would permit the Movant to act on the Debtor's behalf.  LBR 9013-1(c) requires that a motion contain "authorities upon which the moving party will rely."

- The Motion references two state court lawsuits in which the Debtor appears to be the *plaintiff*.  The filing of a bankruptcy petition operates as a stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor*."  11 U.S.C. § 362(a)(1) (emphasis added).  Accordingly, the automatic stay generally does not apply to lawsuits filed by a debtor.  *See, e.g.*, *Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333, 336-37 (B.A.P. 9th Cir. 1994).

**BERGSTROM 000204**

- The Motion contains a request for injunctive relief, specifically: "an order staying all proceedings in the Superior Court actions referenced above, including hearings, garnishments, and levies . . . ." (Motion at p. 2). However, FRBP 7001(g) provides that "a proceeding to obtain an injunction or other equitable relief" must be brought as an adversary proceeding.  FRBP 7004 describes how parties must be served with an adversary complaint. Here, no adversary proceeding has been filed.

- The Motion also contains a request for sanctions.  LBR 9020-1 describes the procedures that a party seeking sanctions must follow, and FRBP 7004 describes how parties must be served.  Here, the Movant did not follow such procedures.  Also, monetary sanctions for a violation of the automatic stay, if recovered, might be considered property of the bankruptcy estate under 11 U.S.C. § 541.

Here, the Motion does not meet the legal standards for relief.  Nor does the Motion comply with the procedures that must be followed to request relief, as set forth above.  The court having reviewed and considered the Motion and the record in this case,

IT IS HEREBY ORDERED that the Motion is denied without prejudice.

<div align="center">###</div>

Date: October 14, 2025

Deborah J. Saltzman
United States Bankruptcy Judge

**BERGSTROM 000205**

# EXHIBIT 17

**BERGSTROM 000206**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**24STCV04536**                                                October 17, 2025
**ROBERT LINDHOLM, et al. vs JUDICIAL JUDGMENT**                    8:30 AM
**ENFORCEMENT SERVICES, et al.**

Judge: Honorable Tony L. Richardson          CSR: None
Judicial Assistant: Patricia Salcido         ERM: None
Courtroom Assistant: Karlet Ghazarian        Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Carolyn Lindholm

For Defendant(s): Paul Philip Young by Joseph Chora

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application TO SET HEARING ON
APPLICATION FOR ORDER FOR SALE OF DWELLING (CCP 704.770)

The matter is called for hearing.

The Court confers with counsel regarding the above-captioned ex parte application.

After reading the moving papers and all documents relating to the above-captioned ex parte
application, the Court rules as follows:

The Ex Parte Application TO SET HEARING ON APPLICATION FOR ORDER FOR SALE
OF DWELLING (CCP 704.770) filed by Crystal Bergstrom on 10/15/2025 is Granted.

Ex Parte Order Setting Hearing and Order to Show Cause (CCP Section 704.770) is signed and
filed this date and incorporated herein by reference.

The Court finds good cause for setting the matter beyond 45 days.

Hearing on Application for Order of Sale of Dwelling is scheduled for 12/10/25 at 08:30 AM in
Department 39 at Stanley Mosk Courthouse.

Any opposition to the Application may be filed no later than 11/24/25 and any reply in support
no later than 12/03/25.

Judgment Creditor is to give notice.

**BERGSTROM 000207**

# EXHIBIT 18

**BERGSTROM 000208**

Form odspb–odspab/autodismi
Rev. 06/2017

# United States Bankruptcy Court
## Central District of California

**255 East Temple Street, Los Angeles, CA 90012**

# ORDER AND NOTICE OF DISMISSAL FOR
# FAILURE TO FILE SCHEDULES, STATEMENTS AND/OR PLAN

**DEBTOR INFORMATION:**
Robert Lindholm

**BANKRUPTCY NO.**  2:25–bk–17721–DS

**CHAPTER**  13

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):**  xxx–xx–8819
**Employer Tax–Identification (EIN) No(s).(if any):**  N/A
**Debtor Dismissal Date:** 11/6/25

**Address:**
4445 Dundee Dr
Los Angeles, CA 90027

It appearing that the debtor(s) in the above–captioned case has failed to file all the documents required under FRBP 1007 or 3015(b) within 14 days after the filing of the petition and no motion for an order extending the time to file the required documents has been timely filed in accordance with FRBP 1007(a)(5) or 3015(b),

IT IS HEREBY ORDERED THAT:

1)    The case is dismissed.

2)    The automatic stay is vacated.

3)    Any discharge entered in this case is vacated.

4)    The Court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

Dated: November 6, 2025

By the Court,

**Kathleen J. Campbell**
Clerk of Court

Form odspb–odspab/autodismi Rev. 06/2017

**42 / LL2**

**BERGSTROM 000209**

# EXHIBIT 19

BERGSTROM 000210

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Central District of California ▾

Case number (*If known*): _____

Chapter you are filing under:
☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☑ Chapter 13

**FILED**
**DEC 08 2025**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy   06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | Carolyn First name  Jean Middle name  Lindholm Last name  Suffix (Sr., Jr., II, III) | Robert First name  Middle name  Lindholm Last name  Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names and any assumed, trade names and *doing business as* names. Do NOT list the *name* of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | First name  Middle name  Last name  First name  Middle name  Last name  Business name (if applicable)  Business name (if applicable) | First name  Middle name  Last name  First name  Middle name  Last name  Business name (if applicable)  Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 2 7 9 1 OR 9 xx – xx – ___ ___ ___ | xxx – xx – 8 8 1 9 OR 9 xx – xx – ___ ___ ___ |

Official Form 101        Voluntary Petition for Individuals Filing for Bankruptcy        page 1

BERGSTROM 000211

Debtor 1    Carolyn  Jean    Lindholm _____    Case number (if known)_____
           First Name    Middle Name       Last Name

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|

**4. Your Employer Identification Number (EIN), if any.**

EIN __ _ – __ __ __ – __ __ __ __        EIN __ _ – __ __ __ – __ __ __ __

EIN __ _ – __ __ __ – __ __ __ __        EIN __ _ – __ __ __ – __ __ __ __

**5. Where you live**

If Debtor 2 lives at a different address:

4445 Dundee Drive _____
Number       Street

Number       Street _____

Los Angeles _____ CA ___ 90027
City                State   ZIP Code

City                State   ZIP Code

Los Angeles _____
County

County _____

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

Number       Street _____        Number       Street _____

P.O. Box _____        P.O. Box _____

City                State   ZIP Code        City                State   ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____

BERGSTROM 000212

Debtor 1  <u>Carolyn   Jean      Lindholm</u>                     Case number *(if known)*_____
        First Name     Middle Name     Last Name

## Part 2:  Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No

☑ Yes.  District <u>Central</u>          When _____ Case number <u>2:25-BK-17721-ds</u>
                            MM / DD / YYYY

*Debtor 2 only*   District _____ When _____ Case number _____
                            MM / DD / YYYY

              District _____ When _____ Case number _____
                            MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.  Debtor _____ Relationship to you _____

       District _____ When _____ Case number, if known_____
                           MM / DD / YYYY

       Debtor _____ Relationship to you _____

       District _____ When _____ Case number, if known_____
                           MM / DD / YYYY

**11. Do you rent your residence?**

☑ No.  Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you?

     ☐ No. Go to line 12.

     ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

**BERGSTROM 000213**

Debtor 1    Carolyn  Jean    Lindholm                        Case number (if known)_____
            First Name   Middle Name      Last Name

---

## Part 3:    Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number        Street

_____

_____
City                                State    ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No. I am not filing under Chapter 11.

☐ No. I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

BERGSTROM 000214

Debtor 1 <u>Carolyn   Jean      Lindholm</u>                    Case number *(if known)*_____
First Name   Middle Name      Last Name

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.  What is the hazard?  _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property?  _____
Number          Street

_____
City                                          State      ZIP Code

**BERGSTROM 000215**

Debtor 1    <u>Carolyn    Jean    Lindholm</u>     Case number *(if known)*_____
       First Name    Middle Name    Last Name

## Part 5:   Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days *before I* filed this bankruptcy petition, and I received a certificate of completion.**
Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days *before I* filed this bankruptcy petition, but I do not have a certificate of completion.**
Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**
To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.
Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.
Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days *before I* filed this bankruptcy petition, and I received a certificate of completion.**
Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days *before I* filed this bankruptcy petition, but I do not have a certificate of completion.**
Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**
To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.
Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.
Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

BERGSTROM 000216

Debtor 1   __Carolyn   Jean   Lindholm_____   Case number (*if known*)_____
            First Name   Middle Name   Last Name

<div style="background:black;color:white">**Part 6:**</div> **Answer These Questions for Reporting Purposes**

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☑ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

☑ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☑ $1,000,001-$10 million.
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

<div style="background:black;color:white">**Part 7:**</div> **Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**✗** _____
Signature of Debtor 1

Executed on 02/04/2025
           MM / DD /YYYY

**✗** _____
Signature of Debtor 2

Executed on 12/04/2025
           MM / DD /YYYY

Official Form 101   **Voluntary Petition for Individuals Filing for Bankruptcy**   page 7

**BERGSTROM 000217**

Debtor 1    <u>Carolyn   Jean</u>    <u>Lindholm</u>      Case number (*if known*)_____
      First Name    Middle Name     Last Name

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**✗** _____    Date    _____
     Signature of Attorney for Debtor               MM   /   DD   / YYYY

_____
Printed name

_____
Firm name

_____
Number    Street

_____

_____
City                      State     ZIP Code

Contact phone _____    Email address _____

_____
Bar number                       State

**BERGSTROM 000218**

Debtor 1  Carolyn    Jean    Lindholm
First Name   Middle Name   Last Name

Case number (if known)_____

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

❑ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

❑ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?
☑ No
❑ Yes. Name of Person_____.
     Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

**X** _Carolyn Lindholm_               **X** _____
  Signature of Debtor 1                     Signature of Debtor 2

Date  12/04/2025                       Date  12/04/2025
    MM / DD / YYYY                          MM / DD / YYYY

Contact phone  213-219-2609            Contact phone  213-219-2609

Cell phone _____            Cell phone _____

Email address  tocarolynlindholm@gmail.com   Email address  robert921@gmail.com

Official Form 101         **Voluntary Petition for Individuals Filing for Bankruptcy**         page 9

**BERGSTROM 000219**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Carolyn Lindholm and Robert Lindholm<br>4445 Dundee Drive<br>Los Angeles, CA. 90027<br>213-219-2609<br>tocarolynlindholm@gmail.com<br>robert921@gmail.com<br><br>☒ Debtor(s) appearing without attorney<br>☐ Attorney for Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>Carolyn Lindholm and Robert Lindholm | CASE NO.:<br>CHAPTER: 13 |
|---|---|
| | **VERIFICATION OF MASTER MAILING LIST OF CREDITORS**<br>**[LBR 1007-1(a)]** |
| Debtor(s). | |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of ___ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _12/04/2025_

_____
Signature of Debtor 1

Date: _12/04/2025_

_____
Signature of Debtor 2 (joint debtor) (if applicable)

Date: _____

_____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015

**F 1007-1.MAILING.LIST.VERIFICATION**
**BERGSTROM 000220**

MASTER MAILING LIST OF CREDITORS

Internal Revenue Service (IRS)
P.O. Box 7704
San Francisco, CA.  94120-7704

Franchise Tax Board
P.O. Box 942840
Sacramento, CA.  94240-0040

Legacy Vacation Resorts – Steamboat Springs
1000 High Point Drive
Steamboat Springs, CO.  80487

Los Angeles Dept. of Water and Power (LADWP)
P.O. Box 51111
Los Angeles, CA.  90051-0100

Southern California Gas Company
P.O. Box 1626
Monterey Park, CA.  91754-8626

The Dunning Law Firm, APC
9619 Chesapeake Dr., Suite 210
San Diego, CA.  92123

Crystal Bergstrom
29911 Niguel Road, #6086
Laguna Niguel, CA.  92607

County of Los Angeles Dept. of Public Health
Environmental Health
5050 Commerce Drive
Baldwin Park, CA.  91706

BERGSTROM 000221

# EXHIBIT 20

**BERGSTROM 000222**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**24STCV04536**                                                                          December 10, 2025
**ROBERT LINDHOLM, et al. vs JUDICIAL JUDGMENT**                                              8:30 AM
**ENFORCEMENT SERVICES, et al.**

Judge: Honorable Tony L. Richardson          CSR: None
Judicial Assistant: Patricia Salcido         ERM: None
Courtroom Assistant: Karlet Ghazarian        Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Carolyn Lindholm via LACC

For Defendant(s): Paul Philip Young by Joseph Chora via LACC

**NATURE OF PROCEEDINGS:** Hearing on Application for Order of Sale of Dwelling

The matter is called for hearing.

The Court confers with counsel regarding the status of the case.

The Court notes a Notice of Stay Proceedings was filed 12/09/25 by Plaintiffs who have filed for
Chapter 13 bankruptcy.

Counsel for Defendant represents that a Motion to Dismiss will be filed in bankruptcy court.

As the matter is now stayed, the above-captioned Hearing is taken off calendar.

On the Court's own motion, the Hearing on Application for Order for Appearance and
Examination scheduled for 01/09/2026, Non-Appearance Case Review Re: Bankruptcy
scheduled for 03/02/2026, Hearing on Application for Order of Sale of Dwelling scheduled for
12/10/2025, Hearing on Motion - Other Motion re: (NOTICE OF MOTION AND MOTION
FOR SANCTIONS PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 128.7;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EMMANUEL
RAYES, ESQ; [PROPOSED] ORDER) scheduled for 02/23/2026, Hearing on Motion - Other
NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO CODE OF CIVIL
PROCEDURE SECTION 128.7; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF EMMANUEL RAYES, ESQ; [PROPOSED] ORDER scheduled for
01/13/2026, and Hearing on Application for Order for Appearance and Examination scheduled
for 01/23/2026 are advanced to this date and vacated.

Status Conference Re: Bankruptcy is scheduled for 04/09/26 at 08:30 AM in Department 39 at
Stanley Mosk Courthouse.

**BERGSTROM 000223**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**24STCV04536**                                                    December 10, 2025
**ROBERT LINDHOLM, et al. vs JUDICIAL JUDGMENT**                          8:30 AM
**ENFORCEMENT SERVICES, et al.**


Judge: Honorable Tony L. Richardson          CSR: None
Judicial Assistant: Patricia Salcido         ERM: None
Courtroom Assistant: Karlet Ghazarian        Deputy Sheriff: None

---

Clerk is to give notice.

Certificate of Service is attached.

**BERGSTROM 000224**

# EXHIBIT 21

**BERGSTROM 000225**

Carolyn Lindholm and Robert Lindholm
4445 Dundee Drive
Los Angeles, CA. 90027
213-219-2609

Debtors

FILED

DEC 19 2025

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES

Carolyn Lindholm and Robert Lindholm,

Debtors,

CASE NO. 2:25-bk-20998-DS
[Assigned for All Purposes to
the Hon. Deborah J. Saltzman]

NO HEARING REQUIRED

**NOTICE OF MOTION AND MOTION
FOR EXTENSION OF TIME TO FILE
PETITION DOCUMENTS;
MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF
CAROLYN LINDHOLM IN SUPPORT
THEREOF**

To all creditors and any other parties in interest:

Carolyn Lindholm and Robert Lindholm, Debtors, hereby apply to the Court for an Order Extending Time to File petition documents pursuant to Federal Rules of Bankruptcy Procedure (FRBP) Section 1007-1.

Debtors hereby seek a short extension of time for filing the petition documents in the Debtor's bankruptcy case for the reasons set forth in the attached Declaration of Carolyn Lindholm.

This Motion is being heard on regular notice pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose the Motion, you must file a written opposition. If you fail to timely file and serve a written opposition, the Court may enter an order granting the relieve requested in the Motion.

1

DATED: December 18, 2025

By    _____
Carolyn Lindholm

_____
Robert Lindholm

NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO FILE PETITION DOCUMENTS;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAROLYN LINDHOLM IN
SUPPORT THEREOF

BERGSTROM 000227

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

On December 8, 2025, Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code.  Pursuant to FRBP 1007, the deadline for filing the balance of the petition documents is December 22, 2025.

Debtors require additional time in which to compile the necessary documents to prepare the balance of the petition for filing.  Debtors are also working to ascertain information which will be relevant to developing a payment plan.  As such, Debtors request an additional 21 days, to January 12,, 2026, in which to file the balance of the petition documents.  With this requested extension, the documents will be produced prior to the meeting of creditors set for January 16, 2026.

II. THIS COURT MAY GRANT DEBTORS' MOTION FOR GOOD CAUSE PURSUANT TO LOCAL BANKRUPTCY RULE 1007-1.

As described in the Declaration of Carolyn Lindholm, Debtors require additional time to compile the necessary documents.

III. THIS MOTION IS TIMELY IN THAT THE DEADLINE FOR FILING THE BALANCE OF THE PETITION DOCUMENTS HAS NOT YET PASSED.

Pursuant to FRBP 1007, the deadline for filing the balance of the petition documents is December 22, 2025, and this Motion is being filed prior to that date.

IV. DEBTORS WILL SUFFER UNDUE HARDSHIP AND EXPENSE IF THE REQUEST FOR RELIEF IS NOT GRANTED.

If this matter is dismissed, the federal automatic stay, pursuant to Title 11, United States Code Section 362, will be lifted and the judgment enforcement actions of creditors will proceed.  Further, Debtors will need to expend additional resources in re-filing the Chapter 13 bankruptcy documents if this matter is dismissed.  All of the potential prejudice may be averted by providing Debtors with additional time in which to file the balance of the petition documents.

//

3

BERGSTROM-000228

## V.  CONCLUSION

For the foregoing reasons, and based upon the attached Declaration of Carolyn Lindholm, the Debtors respectfully request that their Motion for an extension of time to file petition documents be granted.

Dated:  December 18. 2025

_____

Carolyn Lindholm

_____

Robert Lindholm

---

4

BERGSTROM 000229

DECLARATION OF CAROLYN LINDHOLM

I, Carolyn Lindholm, hereby declare and state:

1. I am a Debtor representing myself in the above-entitled matter. I am also an attorney, California State Bar No. 106450.

2. This Declaration is based upon my own personal knowledge, and if called upon to do so, I could competently testify to all matters set forth herein.

3. Debtors filed a Chapter 13 bankruptcy petition on December 8, 2025, and I immediately began to assemble the documentation needed to complete the petition. I have been exceptionally busy at my law office since the filing of the petition, with many of my co-workers and colleagues taking year-end vacation time. In trying to contact other businesses to obtain documents and information we need, I am also encountering skeleton staff and resulting delays in obtaining documents. The balance of the petition documents are currently due on December 22, 2025, just 3 days before Christmas. Good cause exists for an extension, especially at this time of year.

4. Debtors have also had to spend time regarding two motions for sanctions filed in two Superior Court cases by counsel for Creditor Crystal Bergstrom, in disregard of the automatic stay.

5. Debtors are requesting a 21-day extension, to get through Christmas, Hanukkah, and New Year's Day. The petition will be completed prior to the creditor's meeting set for January 16, 2026.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Dated this 18th day of December, 2025 and executed at Los Angeles, California.

*Carolyn Lindholm*

Carolyn Lindholm

5

NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO FILE PETITION DOCUMENTS;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAROLYN LINDHOLM IN
SUPPORT THEREOF

BERGSTROM 000230

## PROOF OF SERVICE

Case No. 2:25-bk-20998-DS

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age.

On December 19, 2025, I caused to be served a true copy of the following document described as:  NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO FILE PETITION DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CAROLYN LINDHOLM IN SUPPORT THEREOF on the interested parties in this action as follows:

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Kathy A. Dockery (TR) EFiling@LATrustee.com

United States Trustee (LA) ustpregion16.la.ccf@usdoj.gov

TO BE SERVED BY UNITED STATES MAIL:

On 12/19/2025, I served the following person by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class postage prepaid, and addressed as follows:

Honorable Deborah J. Saltzman, US Bankruptcy Judge

255 E. Temple Street, Suite 1634/Courtroom 1639

Los Angeles, CA.  90012

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.  Dated this 19th day of December, 2025 and executed at Los Angeles, California.

Carolyn Lindholm

---

6

NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO FILE PETITION DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LINDHOLM IN SUPPORT THEREOF

BERGSTROM 000291

# EXHIBIT 22

**BERGSTROM 000232**

**FILED & ENTERED**

**DEC 19 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bakchell  DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Carolyn Jean Lindholm<br>Robert Lindholm<br><br><br><br>Debtor(s). | CASE NO.:  2:25-bk-20998-DS<br><br>CHAPTER:  13<br><br>**ORDER RE MOTION TO EXTEND DEADLINE TO FILE CASE COMMENCEMENT DOCUMENTS**<br><br>*Motion is docket entry # 10* |

On December 19, 2025, the debtor filed a Motion to extend time to file case commencement documents (Motion).  Having reviewed the Motion IT IS ORDERED that:

☐ The Motion is GRANTED and the new deadline to file case commencement documents is *(insert date).*

☒ The Motion is DENIED because (*check all reasons that apply*):

    ☒ The Motion does not contain an adequate explanation for why more time is needed to file the missing documents.
    ☐ The Motion is not supported by a declaration under penalty of perjury.
    ☐ The Motion was filed after deadline for filing missing document(s).
    ☐ There is no Proof of Service of the Motion on all creditors.
    ☐ Other:

☐ A hearing on the Motion is set for the following date, time and location:

Date: December 19, 2025

_____
Deborah J. Saltzman
United States Bankruptcy Judge

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 1, 2012*                Page 1                **F 1007-1.1.ORDER.FILING.DEADLINE**

**BERGSTROM 000233**

# EXHIBIT 23

**BERGSTROM 000234**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

CAROLYN JEAN LINDHOLM and
ROBERT LINDHOLM,

                                    Debtors.

Case No. 2:25-bk-20998-DS

Chapter 13

**ORDER DENYING MOTION FOR RECONSIDERATION OF MOTION FOR EXTENSION OF TIME TO FILE PETITION DOCUMENTS**

On December 30, 2025, debtors Carolyn Jean Lindholm and Robert Lindholm (collectively, the "Debtors") filed the "Motion for Reconsideration of Motion for Extension of Time to File Petition Documents" (the "Motion for Reconsideration," Docket No. 14).  A declaration from debtor Carolyn Jean Lindholm is attached to the Motion for Reconsideration.

The Debtors filed the Motion for Reconsideration *pro se*.  In reviewing the Motion for Reconsideration, the court is mindful that the filings of parties who are not represented by attorneys should be liberally construed and are held to "less stringent standards" than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

BERGSTROM 000235

Under Local Bankruptcy Rule 9013-1(j), the court, in its discretion, may dispense with oral argument. L. Bankr. R. 9013-1(j).  The court will dispense with the Motion for Reconsideration without a hearing.

By the Motion for Reconsideration, the Debtors ask the court to reconsider its "Order re Motion to Extend Deadline to File Case Commencement Documents" (the "Denial Order," Docket No. 11), in which the court denied the Debtors' "Motion for Extension of Time to File Petition Documents" (the "Extension Motion," Docket No. 10). The Denial Order denied the Extension Motion on the grounds that the Extension Motion "does not contain an adequate explanation for why more time is needed to file the missing documents."  Denial Order at page 1.

An opposition to the Motion to Reconsider was filed by creditor Crystal Bergstrom, dba Judicial Judgment Enforcement Services (the "Opposition," Docket No. 17).  The Opposition is supported by a declaration of Paul Young (Docket No. 19) and an "Amended Request for Judicial Notice" (the "RJN," Docket No. 21).  The court takes judicial notice of the documents in the RJN.  The court also takes judicial notice of the record in debtor Robert Lindholm's previous bankruptcy case filed on September 2, 2025 (Case No. 2:25-bk-17721-DS), which was dismissed for failure to file case commencement documents despite Mr. Lindholm having received three extensions of the deadline to file such documents.

The court has considered the Motion for Reconsideration, the declaration of Carolyn Lindholm in support thereof, the Opposition, and the record in this case, and the court finds and concludes that the Debtors have failed to demonstrate cause for relief.  Even with the additional information contained in the Motion for Reconsideration and the accompanying declaration, the Debtors have not provided an adequate explanation for why more time is needed to file the missing documents.  Because the Motion for Reconsideration fails to demonstrate any cause for the court to reconsider the Denial Order, the Motion for Reconsideration must be denied.

/ / /

**BERGSTROM 000236**

For the foregoing reasons,

IT IS HEREBY ORDERED that the Motion for Reconsideration is denied.

<div align="center">###</div>

Date: January 13, 2026

Deborah J. Saltzman
United States Bankruptcy Judge

BERGSTROM 000237

# EXHIBIT 24

**BERGSTROM 000238**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

CAROLYN JEAN LINDHOLM and
ROBERT LINDHOLM,

                                    Debtors.

Case No. 2:25-bk-20998-DS

Chapter 13

**ORDER DENYING MOTION FOR COURT PERMISSION TO FILE DOCUMENTS UNDER SEAL**

FILED & ENTERED

JAN 13 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell   DEPUTY CLERK

The court has reviewed the "Motion for Court Permission to File Documents Under Seal" (the "Motion," Docket No. 15), filed by debtors Carolyn Jean Lindholm and Robert Lindholm (collectively, the "Debtors"), as well as the declaration of debtor Robert Lindholm that is attached to the Motion.

The court has also reviewed "Crystal Bergstrom's Opposition to Debtors' Motion for Court Permission to File Documents Under Seal" (the "Opposition," Docket No. 18), the declaration of Paul Young in support of the Opposition (Docket No. 19), the "Amended Request for Judicial Notice" (the "RJN," Docket No. 21), and the record in this case. The court takes judicial notice of the documents in the RJN.

BERGSTROM 000239

The Debtors filed the Motion *pro se*.  In reviewing the Motion, the court is mindful that the filings of parties who are not represented by attorneys should be liberally construed and are held to "less stringent standards" than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

By the Motion, the Debtors seek an order permitting them to file personal financial documents and information under seal.  The Debtors did not set the Motion for hearing.  Based on its review of the Motion and the record in this case, the court will dispense with the Motion without a hearing.  Under Local Bankruptcy Rule 9013-1(j), the court, in its discretion, may dispense with oral argument.  L. Bankr. R. 9013-1(j).

Courts have long recognized the importance of public access to judicial records and documents.  "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Courts "start with a strong presumption in favor of access to court records."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  The presumption of access is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice."  *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995); *see also Valley Broad. Co. v. U.S. Dist. Court—D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

"A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'"  *Center for Auto Safety v.*

**BERGSTROM 000240**

*Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179).

Here, the Motion does not cite any relevant authority that would justify placing their personal financial documentation or information under seal. In bankruptcy, debtors are routinely required to disclose information about their finances. *See*, *e.g*., Federal Rule of Bankruptcy Procedure 1007, which requires debtors to file, among other things, schedules of assets and liabilities, a schedule of current income and expenditures, and a statement of financial affairs. Without such public disclosures, the bankruptcy process would break down. Also, the Motion does not identify particular documents or portions of documents for which "compelling reasons" exist to overcome the "strong presumption in favor of access to court records." *Foltz*, 331 F.3d at 1135.

"The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136); *see also Sjostrom v. Kraatz*, No. 16-CV-01381-DMR, 2016 WL 3940886, at *2 (N.D. Cal. July 21, 2016) (denying motion to seal complaint containing fraud-related allegations made against a business owner). The Debtors express concerns about potential data breaches and financial harm. Motion at page 4. However, these concerns are speculative, and the Debtors have provided no compelling justification for why they should not have to make the same standard public disclosures of financial information that other debtors routinely make in other bankruptcy cases. The court cannot rely on mere "hypothesis or conjecture" as a basis for sealing records. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d at 1096-97. In short, the Debtors have failed to provide a compelling reason to seal personal financial documents and information that is sufficient to overcome the public's interest in disclosure.

/ / /

**BERGSTROM 000241**

For the reasons set forth above, and based on the court's review of the record in this case,

IT IS HEREBY ORDERED that the Motion is denied.

<p style="text-align:center">###</p>

Date: January 13, 2026

Deborah J. Saltzman
United States Bankruptcy Judge

BERGSTROM 000242

# EXHIBIT 25

**BERGSTROM 000243**

**FILED**

JAN 12 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## Fill in this information to identify your case and this filing:

Debtor 1    Carolyn        Jean          Lindholm
            First Name     Middle Name   Last Name

Debtor 2    Robert                       Lindholm
(Spouse, if filing) First Name   Middle Name   Last Name

United States Bankruptcy Court for the: Central_____ District of California____

Case number   2:25-bk-20998-DS _____

☐ Check if this is an
amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
☑ Yes. Where is the property?

1.1.  **4445 Dundee Drive**
Street address, if available, or other description

Los Angeles        CA    90027
City               State  ZIP Code

Los Angeles
County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**        **Current value of the portion you own?**
$ 1,700,000.00                $ 1,700,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

Fee simple

☑ **Check if this is community property** (see instructions)

If you own or have more than one, list here:

1.2.  **Legacy Steamboat Hilltop**
Street address, if available, or other description

1000 High Point Drive

Steamboat Springs   CO    80487
City                State  ZIP Code

Routt County
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☑ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**        **Current value of the portion you own?**
$_____                $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

☑ **Check if this is community property** (see instructions)

Official Form 106A/B                    Schedule A/B: Property                    **BERGSTROM 000244** page 1

Debtor 1    Carolyn    Jean    Lindholm                          Case number *(if known)* 2:25-bk-20998-DS
           First Name   Middle Name   Last Name

1.3. _____
Street address, if available, or other description

_____

_____
City              State    ZIP Code

_____
County

**What is the property?** Check all that apply.
- ❑ Single-family home
- ❑ Duplex or multi-unit building
- ❑ Condominium or cooperative
- ❑ Manufactured or mobile home
- ❑ Land
- ❑ Investment property
- ❑ Timeshare
- ❑ Other _____

**Who has an interest in the property?** Check one.
- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

- ❑ **Check if this is community property** (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ...........................................................➜   $   1,700,000.00

---

## Part 2:   Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**
- ☑ No
- ❑ Yes

3.1.  Make: _____
     Model: _____
     Year: _____
     Approximate mileage: _____
     Other information:
     _____

**Who has an interest in the property?** Check one.
- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

- ❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

If you own or have more than one, describe here:

3.2.  Make: _____
     Model: _____
     Year: _____
     Approximate mileage: _____
     Other information:
     _____

**Who has an interest in the property?** Check one.
- ❑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

- ❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

---

Official Form 106A/B            Schedule A/B: Property            **BERGSTROM 000245** page 2

Debtor 1  Carolyn         Jean          Lindholm
          First Name      Middle Name   Last Name

Case number *(if known)* 2:25-bk-20998-DS

---

3.3. Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

**Who has an interest in the property?** Check one.

❑ Debtor 1 only

❑ Debtor 2 only

❑ Debtor 1 and Debtor 2 only

❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$_____     $_____

---

3.4. Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

**Who has an interest in the property?** Check one.

❑ Debtor 1 only

❑ Debtor 2 only

❑ Debtor 1 and Debtor 2 only

❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$_____     $_____

---

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No

❑ Yes

---

4.1. Make: _____

Model: _____

Year: _____

Other information:

**Who has an interest in the property?** Check one.

❑ Debtor 1 only

❑ Debtor 2 only

❑ Debtor 1 and Debtor 2 only

❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$_____     $_____

---

If you own or have more than one, list here:

4.2. Make: _____

Model: _____

Year: _____

Other information:

**Who has an interest in the property?** Check one.

❑ Debtor 1 only

❑ Debtor 2 only

❑ Debtor 1 and Debtor 2 only

❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$_____     $_____

---

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ..................................... → $_____ 0.00

---

Official Form 106A/B                                  Schedule A/B: Property                                  page 3

BERGSTROM 000246

Debtor 1    Carolyn    Jean    Lindholm          Case number (if known) 2:25-bk-20998-DS
            First Name   Middle Name   Last Name

---

## Part 3:    Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples*: Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☑ Yes. Describe......... Old furniture, linens, kitchenware and appliances          $              5,000.00

7. **Electronics**
   *Examples*: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ☑ Yes. Describe.......... Misc. small electronics          $              1,000.00

8. **Collectibles of value**
   *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☑ No
   ☐ Yes. Describe..........          $

9. **Equipment for sports and hobbies**
   *Examples*: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☑ No
   ☐ Yes. Describe..........          $

10. **Firearms**
    *Examples*: Pistols, rifles, shotguns, ammunition, and related equipment
    ☑ No
    ☐ Yes. Describe..........          $

11. **Clothes**
    *Examples*: Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☑ Yes. Describe.......... Misc clothing          $              1,000.00

12. **Jewelry**
    Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ☑ Yes. Describe........... Including wedding ring.          $              5,000.00

13. **Non-farm animals**
    *Examples*: Dogs, cats, birds, horses
    ☐ No
    ☑ Yes. Describe........... Old dogs, old birds, a cat, and 2 retired horses          $              0.00

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ☑ No
    ☐ Yes. Give specific information. .............          $

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** .................➔          $              12,000.00

---

BERGSTROM 000247

Debtor 1    Carolyn        Jean        Lindholm    Case number (if known) 2:25-bk-20998-DS
            First Name    Middle Name    Last Name

---

## Part 4:    Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?    **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

16. **Cash**

    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

    ☐ No
    ☑ Yes .................................................................................................................................................    Cash: ......................  $_____1,000.00

17. **Deposits of money**

    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

    ☐ No
    ☑ Yes .....................    Institution name:

    | | | |
    |---|---|---|
    | 17.1. Checking account: | Citizen's Business Bank | $ 5,349.00 |
    | 17.2. Checking account: | | $ |
    | 17.3. Savings account: | | $ |
    | 17.4. Savings account: | | $ |
    | 17.5. Certificates of deposit: | | $ |
    | 17.6. Other financial account: | Press Enterprise Credit Union | $ 100.00 |
    | 17.7. Other financial account: | Pen Fed Credit Union | $ 5.01 |
    | 17.8. Other financial account: | | $ |
    | 17.9. Other financial account: | | $ |

18. **Bonds, mutual funds, or publicly traded stocks**

    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

    ☑ No
    ☐ Yes ................    Institution or issuer name:

    $_____
    $_____
    $_____

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

    ☑ No
    ☐ Yes. Give specific    Name of entity:    % of ownership:
    information about
    them.......................    _____    0%    %    $_____
    _____    0%    %    $_____
    _____    0%    %    $_____

---

BERGSTROM 000248

Debtor 1 Carolyn       Jean       Lindholm       Case number (if known) 2:25-bk-20998-DS
First Name   Middle Name   Last Name

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes. Give specific    Issuer name:
information about
them........................ _____    $_____
_____    $_____
_____    $_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
☑ Yes. List each        Type of account:    Institution name:
account separately.
401(k) or similar plan:  Empower 401(K) _____    $_____40,273.46

Pension plan:  _____    $_____

IRA:  _____    $_____

Retirement account:  _____    $_____

Keogh:  _____    $_____

Additional account:  _____    $_____

Additional account:  _____    $_____

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☑ No
☐ Yes......................... Institution name or individual:

Electric:  _____    $_____

Gas:  _____    $_____

Heating oil:  _____    $_____

Security deposit on rental unit: _____    $_____

Prepaid rent:  _____    $_____

Telephone:  _____    $_____

Water:  _____    $_____

Rented furniture:  _____    $_____

Other:  _____    $_____

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes......................... Issuer name and description:

_____    $_____
_____    $_____
_____    $_____

Official Form 106A/B           Schedule A/B: Property           **BERGSTROM 000249** page 6

Debtor 1  Carolyn    Jean    Lindholm
          First Name  Middle Name  Last Name                      Case number (if known) 2:25-bk-20998-DS

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes ........................... Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

_____ $_____
_____ $_____
_____ $_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes. Give specific
   information about them....                                          $_____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples*: Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes. Give specific
   information about them....                                          $_____

27. **Licenses, franchises, and other general intangibles**
*Examples*: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☐ No
☑ Yes. Give specific   Carolyn Lindholm:  State Bar license.  Horse show judging license.   $          0.00
   information about them....

**Money or property owed to you?**                           Current value of the
                                                             portion you own?
                                                             Do not deduct secured
                                                             claims or exemptions.

28. **Tax refunds owed to you**

☑ No
☐ Yes. Give specific information
   about them, including whether        Federal:   $_____
   you already filed the returns        State:     $_____
   and the tax years. ....................   Local:     $_____

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information.............
                                         Alimony:              $_____
                                         Maintenance:          $_____
                                         Support:              $_____
                                         Divorce settlement:   $_____
                                         Property settlement:  $_____

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation,
   Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes. Give specific information.............                 $_____

Official Form 106A/B                  Schedule A/B: Property                  **BERGSTROM 000250** Page 7

Debtor 1  Carolyn    Jean    Lindholm    Case number *(if known)* 2:25-bk-20998-DS
First Name  Middle Name  Last Name

31. **Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

   ☑ No
   ☐ Yes. Name the insurance company
      of each policy and list its value. ...

   | Company name: | Beneficiary: | Surrender or refund value: |
   |---|---|---|
   | _____ | _____ | $_____ |
   | _____ | _____ | $_____ |
   | _____ | _____ | $_____ |

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

   ☑ No
   ☐ Yes. Give specific information.............  $_____

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

   ☐ No
   ☑ Yes. Describe each claim. ................... Claims against others and against Carolyn Lindholm.  $_____

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

   ☐ No
   ☑ Yes. Describe each claim. ................... Breach of contract and counter-claim.  $_____

35. **Any financial assets you did not already list**

   ☐ No
   ☑ Yes. Give specific information............ Assets will be described when known.  $_____

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ........................................................................ → $ 46,727.47

---

**Part 5:  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37. **Do you own or have any legal or equitable interest in any business-related property?**
   ☑ No. Go to Part 6.
   ☐ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**
   ☑ No
   ☐ Yes. Describe.......  $_____

39. **Office equipment, furnishings, and supplies**
   *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
   ☐ No
   ☑ Yes. Describe....... Chair, desk, bookcases, credenza  $ 500.00

Official Form 106A/B  Schedule A/B: Property  BERGSTROM 000251 page 8

Debtor 1    Carolyn ____ Jean ____ Lindholm ____    Case number *(if known)* 2:25-bk-20998-DS
            First Name   Middle Name   Last Name

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No

❑ Yes. Describe....... $_____

**41. Inventory**

☑ No

❑ Yes. Describe....... $_____

**42. Interests in partnerships or joint ventures**

☑ No

❑ Yes. Describe.......   Name of entity:                                    % of ownership:

_____    ____%    $_____

_____    ____%    $_____

_____    ____%    $_____

**43. Customer lists, mailing lists, or other compilations**

☑ No

❑ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

    ❑ No

    ❑ Yes. Describe....... $_____

**44. Any business-related property you did not already list**

☑ No

❑ Yes. Give specific    _____    $_____
information .........   _____    $_____
                       _____    $_____
                       _____    $_____
                       _____    $_____
                       _____    $_____

**45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here** .........➔ $_____500.00

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

❑ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**47. Farm animals**

*Examples*: Livestock, poultry, farm-raised fish

☑ No

❑ Yes ....................... $_____

Official Form 106A/B                Schedule A/B: Property                **BERGSTROM 000252** page 9

Debtor 1 <u>Carolyn    Jean    Lindholm</u>           Case number *(if known)* <u>2:25-bk-20998-DS</u>
First Name     Middle Name     Last Name

48. **Crops—either growing or harvested**

☑ No
☐ Yes. Give specific information............ $_____

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No
☐ Yes......................... $_____

50. **Farm and fishing supplies, chemicals, and feed**

☑ No
☐ Yes......................... $_____

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No
☐ Yes. Give specific information............ $_____

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ⟶ $ 0.00

## Part 7: Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☐ No
☑ Yes. Give specific Unknown
information............

$_____
$_____
$_____

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ⟶ $_____

## Part 8: List the Totals of Each Part of this Form

55. **Part 1: Total real estate, line 2** ⟶ $ 1,700,000.00

56. **Part 2: Total vehicles, line 5** $ 0.00

57. **Part 3: Total personal and household items, line 15** $ 12,000.00

58. **Part 4: Total financial assets, line 36** $ 46,727.00

59. **Part 5: Total business-related property, line 45** $ 500.00

60. **Part 6: Total farm- and fishing-related property, line 52** $ 0.00

61. **Part 7: Total other property not listed, line 54** + $ 0.00

62. **Total personal property. Add lines 56 through 61.** .................... $ 59,227.00 Copy personal property total ⟶ + $ 59,227.00

63. **Total of all property on Schedule A/B. Add line 55 + line 62**............................ $ 1,759,227.00

Official Form 106A/B           Schedule A/B: Property           page 10

BERGSTROM 000253

**PROOF OF SERVICE**

Case No. 2:25-bk-20998-DS

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age.

On January 12, 2026, I caused to be served a true copy of the following document described as: **SCHEDULE A/B: PROPERTY** on the interested parties in this action as follows:

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Kathy A. Dockery (TR) EFiling@LATrustee.com

United States Trustee (LA) ustpregion16.la.ccf@usdoj.gov

TO BE SERVED BY UNITED STATES MAIL:

On January 12. 2026, I served the following person by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class postage prepaid, and addressed as follows:

Honorable Deborah J. Saltzman, US Bankruptcy Judge

255 E. Temple Street, Suite 1634/Courtroom 1639

Los Angeles, CA.  90012

I declare under penalty of perjury pursuant to the laws of he State of California that the foregoing is true and correct.  Dated this 12th day of January, 2026, at Los Angeles, California.

_____
Carolyn Lindholm

**BERGSTROM 000254**

1

EXHIBIT 26

**BERGSTROM 000255**

Form odspb–odspab/autodismi
Rev. 06/2017

# United States Bankruptcy Court
## Central District of California

### 255 East Temple Street, Los Angeles, CA 90012

# ORDER AND NOTICE OF DISMISSAL FOR
# FAILURE TO FILE SCHEDULES, STATEMENTS AND/OR PLAN

**DEBTOR INFORMATION:**
Carolyn Jean Lindholm

**BANKRUPTCY NO.** 2:25–bk–20998–DS

**CHAPTER** 13

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):** xxx–xx–2791
**Employer Tax–Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 1/14/26

**JOINT DEBTOR INFORMATION:**
Robert Lindholm

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):** xxx–xx–8819
**Employer Tax–Identification (EIN) No(s).(if any):** N/A
**Joint Debtor Dismissal Date:** 1/14/26
**Address:**
4445 Dundee Dr
Los Angeles, CA 90027

It appearing that the debtor(s) in the above–captioned case has failed to file all the documents required under FRBP 1007 or 3015(b) within 14 days after the filing of the petition and no motion for an order extending the time to file the required documents has been timely filed in accordance with FRBP 1007(a)(5) or 3015(b),

IT IS HEREBY ORDERED THAT:

1)     The case is dismissed.

2)     The automatic stay is vacated.

3)     Any discharge entered in this case is vacated.

4)     The Court retains jurisdiction on all issues involving sanctions, any bar against being a debtor in bankruptcy, all issues arising under Bankruptcy Code §§ 105, 109(g), 110, 329, 349, and 362, and to any additional extent provided by law.

By the Court,

Dated: January 14, 2026

**Kathleen J. Campbell**
Clerk of Court

Form odspb–odspab/autodismi Rev. 06/2017

**30 / LL2**

**BERGSTROM 000256**

# EXHIBIT 27

**BERGSTROM 000257**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Southwest District, Torrance Courthouse, Department M

**YC073049**                                                February 18, 2026
**ROBERT LINDHOLM VS APOLLO EQUINE TRANSPORT,**                      8:30 AM
**INC.**

Judge: Honorable Gary Y. Tanaka          CSR: None
Judicial Assistant: M. Milligan          ERM: None
Courtroom Assistant: M. Fondon           Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Carolyn Lindholm via LACC

For Defendant(s): Emmanuel Youkhanna Rayes via LACC; Paul Philip Young via LACC

**NATURE OF PROCEEDINGS:** Hearing on Motion - Other Motion re: (NOTICE OF
MOTION AND MOTION FOR SANCTIONS PURSUANT TO CODE OF CIVIL
PROCEDURE SECTION 128.7; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF EMMANUEL RAYES, ESQ; [PROPOSED] ORDER); Status Conference
Re: Bankruptcy

The Matters are called for hearing.

The Court hears argument from counsel.

After consideration of all documents filed and hears arguments, the Court adopts the following
tentative ruling:

The NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO CODE OF
CIVIL PROCEDURE SECTION 128.7; MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF EMMANUEL RAYES, ESQ...; filed by Crystal Bergstrom on 10/24/2025
is Granted.

Crystal Bergstrom's Motion for Sanctions is granted.

Background

Plaintiffs filed the Complaint on August 6, 2018. Plaintiffs allege the following facts. Defendants
misrepresented the services rendered to Plaintiffs in the following manner: Defendants were
engaged to transport horses from Europe to Los Angeles. However, Defendants increased the
cost beyond what was usual and customary. Defendants misrepresented the services to be
rendered as being the same as would be charged by KLM for the transport while they never had

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Southwest District, Torrance Courthouse, Department M

**YC073049**                                                            February 18, 2026
**ROBERT LINDHOLM VS APOLLO EQUINE TRANSPORT,**                            8:30 AM
**INC.**


Judge: Honorable Gary Y. Tanaka          CSR: None
Judicial Assistant: M. Milligan          ERM: None
Courtroom Assistant: M. Fondon           Deputy Sheriff: None

---

the ability to book on KLM.

Defendants filed a Cross-Complaint on November 20, 2018. Cross-Complainants alleged the following facts. Defendants, at the request of the Plaintiffs, shipped five horses from Europe to Los Angeles. Despite many promises to pay, the Plaintiffs have not paid the Defendants for their services. Instead, the Plaintiffs claim that the Defendants are liable to Plaintiffs for overcharging. The Defendants claim that the Plaintiffs never intended to pay them and induced them to ship the horses with false promises of payment.

Plaintiffs and Defendant entered into a settlement in which Plaintiff agreed to pay $20,000.00. Plaintiffs never paid. Defendant filed a Motion to Enforce Settlement which was granted by this Court. Plaintiff appealed the order, and the Court of Appeal affirmed the judgment.

Motion for Sanctions

Pursuant to Code of Civil Procedure section 128.7, subdivision (a), every pleading, petition, written notice of motion, or other similar paper must be signed by at least one attorney of record in the attorney's individual name or, if the party is not represented by an attorney, must be signed by the party. An attorney or unrepresented party who presents a
pleading, motion or similar paper to the court makes an implied "certification" as to its legal and factual merit; and is subject to sanctions for violation of this certification. The purpose of the statute is "to check abuses in the filing of pleadings, petitions, written notices of motions or similar papers." Musaelian v. Adams (2009) 45 Cal.4th 512, 514.

"By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, petition, written notice of motion, or other similar paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:
(1) Proper purpose: It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) Legal merit: The claims, defenses, and other legal contentions stated in the pleading or other paper are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) Evidentiary support: The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) The denials of factual contentions are warranted on the evidence or, if specifically so

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Southwest District, Torrance Courthouse, Department M

YC073049                                                              February 18, 2026
**ROBERT LINDHOLM VS APOLLO EQUINE TRANSPORT,**                           8:30 AM
**INC.**

Judge: Honorable Gary Y. Tanaka          CSR: None
Judicial Assistant: M. Milligan          ERM: None
Courtroom Assistant: M. Fondon           Deputy Sheriff: None

___

identified, are reasonably based on a lack of information or belief."
Code Civ. Proc., § 128.7, subd. (b).

A violation of any of these certifications may give rise to sanctions. Eichenbaum v. Alon (2003) 106 Cal.App.4th 967, 976. The certification is designed to create an affirmative duty of investigation as to both law and fact, and thus to deter frivolous actions and costly meritless maneuvers. Business Guides, Inc. v. Chromatic Communications Enterprises, Inc. (1991) 498 U.S. 533, 550 [interpreting Federal Rule 11].) Whether the certificate is violated is tested objectively: i.e., whether the paper filed is frivolous, legally unreasonable or without factual foundation. "The actual belief standard ... requires a well-founded belief. We measure the truth-finding inquiry's reasonableness under an objective standard and apply this standard both to attorneys and to their clients." Bockrath v. Aldrich Chem. Co., Inc. (1999) 21 Cal.4th 71, 82.

"Code of Civil Procedure section 128.7 sanctions should be made with restraint, and are not mandatory even if a claim is frivolous. Further, when determining whether sanctions should be imposed, the issue is not merely whether the party would prevail on the underlying factual or legal argument. Instead, courts should apply an objective test of reasonableness, including whether any reasonable attorney would agree that [the claim] is totally and completely without merit. Thus, the fact that a plaintiff fails to provide a sufficient showing to overcome a demurrer or to survive summary judgment is not, in itself, enough to warrant the imposition of sanctions. [¶] Because our adversary system requires that attorneys and litigants be provided substantial breathing room to develop and assert factual and legal arguments, sanctions should not be routinely or easily awarded even for a claim that is arguably frivolous. Courts must carefully consider the circumstances before awarding sanctions." Peake v. Underwood (2014) 227 Cal.App.4th 428, 448.

A Code of Civil Procedure section 128.7 motion involves a two-step process. The moving party first serves the sanctions motion on the offending party without filing it. The opposing party then has 21 days to withdraw the improper pleading and avoid sanctions (the so-called "safe harbor" waiting period). At the end of the waiting period, if the pleading is not withdrawn, the moving party may then file the motion. (Code Civ. Proc., § 128.7, subd. (c)(1); Martorana v. Marlin & Saltzman (2009) 175 Cal.App.4th 685, 698-699; see Marriage of Falcone & Fyke (2008) 164 Cal.App.4th 814, 826.) Code of Civil Procedure section 128.7 expressly applies to "petitions" and "pleadings." "Pleadings" includes allegations and defenses contained in complaints, cross-complaints, answers and demurrers. (Code Civ. Proc., §§ 420, 422.10.)

To avoid sanctions, the party need only "appropriately" correct the violation. (Code Civ. Proc., §

___

Minute Order                                                        Page 3 of 6

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Southwest District, Torrance Courthouse, Department M

YC073049            February 18, 2026
**ROBERT LINDHOLM VS APOLLO EQUINE TRANSPORT,**     8:30 AM
**INC.**

| | |
|---|---|
| Judge: Honorable Gary Y. Tanaka | CSR: None |
| Judicial Assistant: M. Milligan | ERM: None |
| Courtroom Assistant: M. Fondon | Deputy Sheriff: None |

128.7, subd. (c)(1).) Normally, this means the party must withdraw the challenged pleading or paper or at least acknowledge its lack of factual or legal merit at the present time. This can be done either formally or informally; e.g., by filing amendments to challenged pleadings or declarations, or formally withdrawing a challenged motion, or simply writing a letter to opposing counsel stating the challenged argument is withdrawn, etc. Parties who comply by withdrawing papers that are the subject of a Code of Civil Procedure section 128.7 motion must notify the moving party of such compliance before the end of the "safe harbor" period to avoid the imposition of sanctions. Without such notice, the moving party may not realize the problem has been resolved and may incur the expense and effort of filing the sanctions motions. Liberty Mut. Fire Ins. Co. v. McKenzie (2001) 88 Cal.App.4th 681, 692.

If the Code of Civil Procedure section 128.7 certification is violated, the court may impose an "appropriate" sanction upon the attorneys, law firms or parties responsible for the violation. (Code Civ. Proc., § 128.7, subd. (c).) Sanctions under section 128.7 are discretionary. The court is not required to impose a monetary sanction or any sanction at all. (See Code Civ. Proc., § 128.7, subd. (c); See Kojababian v. Genuine Home Loans, Inc. (2009) 174 Cal.App.4th 408, 421.)

Non-monetary sanctions may include striking the offending pleading; issuing a reprimand; requiring participation in continuing legal education programs; or referring the matters to disciplinary authorities. Monetary sanctions include both fines and penalties payable to the court; and an award to the opposing party for some or all of the "reasonable attorney's fees and other expenses incurred as a direct result of the violation." (Code Civ. Proc., § 128.7, subd. (d).) "If warranted," the court may award the prevailing party its reasonable expenses and attorney fees "incurred in presenting or opposing the motion." (Code Civ. Proc., § 128.7, subd. (c)(1).)

Sanctions may be awarded against the persons—whether attorneys, law firms, or parties—who have violated Code of Civil Procedure section 128.7, subdivision (b), or who are responsible for the violation. (Code Civ. Proc., § 128.7, subd. (c).) "Absent exceptional circumstances," a law firm must be held jointly responsible for violations by its partners, associates or employees, and sanctioned accordingly. (Code Civ. Proc., § 128.7, subd. (c)(1).) Where the violation consists of meritless contentions of law (see Code Civ. Proc., § 128.7, subd. (b)(2)), no monetary sanctions may be awarded against the client. (Code Civ. Proc., § 128.7, subd. (d)(1); see Cromwell v. Cummings (1998) 65 Cal.App.4th Supp. 10, 13, fn. 4 ["Monetary responsibility for such violations is more properly placed solely on the party's attorneys"]; Burkle v. Burkle (2006) 144 Cal.App.4th 387, 407.)

**BERGSTROM 000261**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Southwest District, Torrance Courthouse, Department M

**YC073049** February 18, 2026
**ROBERT LINDHOLM VS APOLLO EQUINE TRANSPORT,** 8:30 AM
**INC.**

Judge: Honorable Gary Y. Tanaka          CSR: None
Judicial Assistant: M. Milligan          ERM: None
Courtroom Assistant: M. Fondon          Deputy Sheriff: None

---

CCP § 128.7 Safe Harbor Provision

CCP § 128.7(c)(1) states, in relevant part: "Notice of motion shall be served as provided in Section 1010, but shall not be filed with or presented to the court unless, within 21 days after service of the motion, or any other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Judgment creditor adequately complied with the safe harbor provision. (Decl., Emmanuel Rayes.)

CCP 128.7 Motion for Sanctions

Judgment creditor moves "pursuant to California Code of Civil Procedure ("CCP") section 128.7 in the amount of $13,608, or as the Court deems appropriate, including but not limited to Judgment Creditor's reasonable attorney's fees and costs incurred in responding to Lindholm's frivolous filing and bringing this motion. This motion is made on the grounds that Lindholm's "Notice of Filing of Motion for Stay Order by the Bankruptcy Court, and for Sanctions for Violation of the Automatic Stay" (the "Notice"), filed on September 22, 2025, is frivolous, not warranted by existing law or a good faith argument for its extension, modification, or reversal, and was filed for an improper purpose, namely to harass, cause unnecessary delay, and needlessly increase the cost of litigation." (Notice of Motion, p. 2, lines 7-15.)

The Court finds that Judgment Creditor has established that the "Notice of Filing of Motion for Stay Order by the Bankruptcy Court, and for Sanctions for Violation of the Automatic Stay" was filed primarily for an improper purpose such as to harass or to cause unnecessary delay, and that the contentions stated in the Notice were not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or by the establishment of new law.

Specifically, the Notice stated that the instant action was stayed pursuant to the bankruptcy stay under 11 U.S.C. 1301. However, 11 U.S.C. 1301 only applies to a consumer debt. The judgment in this action does not involve a consumer debt. In addition, the award of attorneys' fees and costs as a consequence of litigation-based sanctions does not qualify as a consumer debt. It is clear that the Notice was simply designed to further delay collection of the judgment in this action. Judgment debtor contends that she consulted with several bankruptcy attorneys, but this argument on its own does not constitute grounds to deny the motion for sanctions. Judgment debtor provides no compelling and competent grounds to establish that the filing of the Notice was not frivolous and without legal merit.

---

BERGSTROM 000262

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Southwest District, Torrance Courthouse, Department M

**YC073049**                                                            February 18, 2026
**ROBERT LINDHOLM VS APOLLO EQUINE TRANSPORT,**                    8:30 AM
**INC.**

Judge: Honorable Gary Y. Tanaka            CSR: None
Judicial Assistant: M. Milligan            ERM: None
Courtroom Assistant: M. Fondon             Deputy Sheriff: None

---

Judgment Creditor's request for sanctions is granted. The amount of sanctions requested by Judgment Creditor is reasonable. (Decl., Emmanuel Rayer, ¶¶ 22-25.) The Court orders Judgment Debtor Carolyn Lindholm to pay sanctions in the sum $13,608.00 to Judgment Creditor within 30 days of this date.

Judgment Creditor is ordered to give notice of this ruling.

On the Court's own motion, the Status Conference scheduled for 03/06/2026 is advanced to this date and vacated.

# EXHIBIT 28

**BERGSTROM 000264**

**CM-180**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Robert Lindholm<br>Carolyn Lindholm  SBN 106450<br>4445 Dundee Drive, Los Angeles, CA. 90027<br><br>TELEPHONE NO.: 213-219-2609          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): tocarolynlindholm@gmail.com<br>ATTORNEY FOR (Name): Robert Lindholm and in Pro Per | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES<br>STREET ADDRESS: 1111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles  90012<br>BRANCH NAME: Stanley Mosk Courthouse | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/08/2026 1:14 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Lopez, Deputy Clerk** |
|---|---|

PLAINTIFF/PETITIONER:  Robert Lindholm, Carolyn Lindholm

DEFENDANT/RESPONDENT:  Crystal Bergstrom, et al.

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER:<br>24STCV04536 |
|---|---|
| | JUDGE: Tony L. Richardson<br>DEPT.: 39 |

**To the court and to all parties:**

1. Declarant (name):  Carolyn Lindholm

   a. ☐ is  ☒ the party      ☐ the attorney for the party     who requested or caused the stay.

   b. ☐ is  ☐ the plaintiff or petitioner    ☐ the attorney for the plaintiff or petitioner.  The party who requested the stay
      has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☐ With regard to all parties.

   b. ☒ With regard to the following parties (specify by name and party designation): Carolyn Lindholm, Plaintiff

3. Reason for the stay:

   a. ☒ Automatic stay caused by a filing in another court. (Attach a copy of the Notice of Commencement of Case, the
      bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number,
      debtor, and petitioners.)

   b. ☐ Order of a federal court or of a higher California court. (Attach a copy of the court order.)

   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. (Attach a copy of the order directing
      arbitration.)

   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. (Attach a copy of the
      client's request for arbitration showing filing and service.)

   e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 7, 2026

Carolyn Lindholm
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE)

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650
www.courts.ca.gov

**BERGSTROM 000265**

United States Bankruptcy Court
Central District of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under
Chapter 13 of the United States Bankruptcy Code, entered on 04/07/2026
at 12:22 PM and filed on 04/07/2026.

**FILED**
**04/07/2026**

**Carolyn Jean Lindholm**
4445 Dundee Dr
Los Angeles, CA 90027
213-219-2609
SSN / ITIN: xxx-xx-2791

The bankruptcy trustee is:

**Kathy A Dockery (TR)**
801 Figueroa Street, Suite 1850
Los Angeles, CA 90017
(213) 996-4400

The case was assigned case number 2:26-bk-13348-DS to Judge Deborah J. Saltzman.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 255 East Temple Street,, Los Angeles, CA
90012.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy Court**

**BERGSTROM 000266**

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1: | Carolyn Jean Lindholm | | Social Security number or ITIN:  xxx–xx–2791 | |
| | First Name    Middle Name    Last Name | | EIN:  __–_____ | |
| Debtor 2: (Spouse, if filing) | First Name    Middle Name    Last Name | | Social Security number or ITIN:  ____ EIN:  __–_____ | |
| United States Bankruptcy Court:  Central District of California | | | Date case filed for chapter:        13       4/7/26 | |
| Case number:   2:26–bk–13348–DS | | | | |

## Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

5/24

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Carolyn Jean Lindholm | |
| 2. | All other names used in the last 8 years | | |
| 3. | Address | 4445 Dundee Dr Los Angeles, CA 90027 | |
| 4. | Debtor's attorney Name and address | Carolyn Jean Lindholm 4445 Dundee Dr Los Angeles, CA 90027 | Contact phone 213–219–2609 Email: None |
| 5. | Bankruptcy trustee Name and address | Kathy A Dockery (TR) 801 Figueroa Street, Suite 1850 Los Angeles, CA 90017 | Contact phone (213) 996–4400 Email: EFiling@LATrustee.com |
| 6. | Bankruptcy clerk's office Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 255 East Temple Street, Los Angeles, CA 90012 | Hours open: 9:00AM to 4:00 PM Contact phone 855–460–9641 Dated: 4/7/26 |

2/SCX

**For more information, see pages 2 and 3**

BERGSTROM 000267

Debtor  Carolyn Jean Lindholm                                                                  Case number 2:26-bk-13348-DS

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath by the trustee and by creditors. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **May 15, 2026 at 09:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 846 017 0046, and Passcode 9958780177, OR call 1 213 592 2612**<br><br>For additional meeting information go to https://www.justice.gov/ust/moc. |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | Filing deadline: 7/14/26 |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | Filing deadline: 6/16/26 |
| | **Deadline for governmental units to file a proof of claim:** | Filing deadline: 10/5/26 |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim.<br><br>Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | Filing deadline: 30 days after the *conclusion* of the meeting of creditors |
| **9. Hearing on Confirmation of Plan** | The hearing on confirmation will be held on:<br>6/25/26 at 01:30 PM , Location: 255 E Temple St., Crtrm 1639, Los Angeles, CA 90012<br><br>The plan will be sent separately by the debtor. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. The plan will be sent separately by the debtor, and the confirmation hearing will be held on the date shown in line 9 of this notice. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at  https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |

For more information, see pages 1 and 3

BERGSTROM 000268

Debtor  Carolyn Jean Lindholm                                                        Case number 2:26-bk-13348-DS

| 14. | Proof of Debtor Identification (ID) and Proof of Social Security Number(SSN) | The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN. Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state-issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card. Proof of SSN includes Social Security Card, current W-2 form, pay stub, payment advice, IRS Form 1099, Social Security Administration Report, or other official document which indicates name and SSN. |
|-----|-----|-----|
| 15. | Failure to File a Statement and/or Schedule(s) | IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS, the debtor must do so, or obtain an extension of time to do so, within 14 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial section 341(a) meeting of creditors and any continuance, may result in dismissal of the case, unless leave of court is first obtained. If the debtor's case has not already been dismissed, AND DEBTOR FAILS TO DO ONE OF THE FOLLOWING WITHIN 45 DAYS AFTER THE PETITION DATE, subject to the provisions of Bankruptcy Code section 521(i)(4), the court WILL dismiss the case effective on the 46th day after the petition date without further notice: (1) file all documents required by Bankruptcy Code section 521(a)(1); or (2) file and serve a motion for an order extending the time to file the documents required by this section.

SI EL DEUDOR NO HA PRESENTADO UNA DECLARACIÓN Y/O LISTA(S) DE ACREEDORES Y/U OTROS DOCUMENTOS REQUERIDOS, tendrá que hacerlo dentro de un plazo de 14 días a partir de la fecha de presentación de la petición o tendrá que obtener una extensión del plazo para hacerlo. Si no cumple usted este requisito, o si no comparece a la junta 341(a) inicial de acreedores o a cualquier aplazamiento, esto resultará en que se declare sin lugar el caso, a menos de que obtenga un permiso del tribunal. Si no se ha declarado sin lugar el caso del acreedor, Y EL ACREEDOR NO HACE UNA DE LAS SIGUIENTES COSAS DENTRO DE UN PLAZO DE 45 DÍAS A PARTIR DE LA FECHA DE LA PETICIÓN, de acuerdo con lo dispuesto en la sección 521(i)(4) del Código de Quiebras, el juez DECLARARÁ el caso sin lugar a partir de el 46o día después de la fecha de presentación de petición sin más notificación: (1) registrar en actas todos los documentos que requiere la sección 521(a)(1) del Código de Quiebras; o (2) registrar y hacer entrega formal de una moción para pedir una orden que extienda el tiempo en que se pueden registrar en actas los documentos que requiere dicha sección. |
| 16. | Failure to Appear at the Section 341(a) Meeting and Hearing of Confirmation of Chapter 13 Plan | Appearance by debtor(s) and the attorney for debtor(s) is required at both the section 341(a) meeting and the confirmation hearing. Unexcused failure by the debtor(s) to appear at either the section 341(a) meeting and/or the confirmation hearing may result in dismissal of the case. |
| 17. | Bankruptcy Fraud and Abuse | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017. |
| 18. | Assistance for Self-Represented Litigants | For Self-Represented Litigants (individuals who do not have an attorney), see the following link for information on how you may afford an attorney in a chapter 13 case (Chapter 13 Panel for Self-Represented Litigants): https://www.cacb.uscourts.gov/local-and-county-bar-associations-lawyer-referral-options. |

**For more information, see pages 1 and 2**

BERGSTROM 000269

**FILED**

APR 0 7 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk



Fill in this information to identify your case:

United States Bankruptcy Court for the:

Central District of California

Case number (if known): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | Carolyn _First name_ <br> Jean _Middle name_ <br> Lindholm _Last name_ <br> _Suffix (Sr., Jr., II, III)_ | _First name_ <br> _Middle name_ <br> _Last name_ <br> _Suffix (Sr., Jr., II, III)_ |
| **2. All other names you have used in the last 8 years** Include your married or maiden names and any assumed, trade names and *doing business as* names. Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | _First name_ <br> _Middle name_ <br> _Last name_ <br> _First name_ <br> _Middle name_ <br> _Last name_ <br> _Business name (if applicable)_ <br> _Business name (if applicable)_ | _First name_ <br> _Middle name_ <br> _Last name_ <br> _First name_ <br> _Middle name_ <br> _Last name_ <br> _Business name (if applicable)_ <br> _Business name (if applicable)_ |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – ▓▓▓▓ <br> OR <br> 9 xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___ <br> OR <br> 9 xx – xx – ___ ___ ___ ___ |

Official Form 101                Voluntary Petition for Individuals Filing for Bankruptcy                page 1

**BERGSTROM 000270**

Debtor 1    Carolyn Lindholm
First Name    Middle Name    Last Name

Case number (if known) _____

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|

**4. Your Employer Identification Number (EIN), if any.**

EIN ___ ___ — ___ ___ — ___ ___ ___ ___ ___

EIN ___ ___ — ___ ___ — ___ ___ ___ ___ ___

EIN ___ ___ — ___ ___ — ___ ___ ___ ___ ___

EIN ___ ___ — ___ ___ — ___ ___ ___ ___ ___

**5. Where you live**

If Debtor 2 lives at a different address:

4445 Dundee Drive
Number    Street

Number    Street

Los Angeles                    CA    90027
City                    State    ZIP Code

City                    State    ZIP Code

Los Angeles
County

County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.

Number    Street

Number    Street

P O Box

P.O. Box

City                    State    ZIP Code

City                    State    ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____
_____
_____
_____

Official Form 101            Voluntary Petition for Individuals Filing for Bankruptcy            page 2

BERGSTROM 000271

Debtor 1    <u>Carolyn Lindholm</u>     Case number (if known)_____

First Name   Middle Name   Last Name

## Part 2:   Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No

☑ Yes. District <u>Central</u>   When <u>12/08/2025</u>   Case number <u>2:25-bk-20998-DS</u>
                                 MM / DD / YYYY

District _____ When _____ Case number _____
                         MM / DD / YYYY

District _____ When _____ Case number _____
                         MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes. Debtor _____ Relationship to you _____

District _____ When _____ Case number, if known _____
                        MM / DD / YYYY

Debtor _____ Relationship to you _____

District _____ When _____ Case number, if known _____
                        MM / DD / YYYY

**11. Do you rent your residence?**

☑ No. Go to line 12.

☐ Yes. Has your landlord obtained an eviction judgment against you?

     ☐ No. Go to line 12.

     ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

**BERGSTROM 000272**

Debtor 1   __Carolyn Lindholm_____   Case number (if known)_____
           First Name    Middle Name    Last Name

## Part 3:   Report About Any Businesses You Own as a Sole Proprietor

12. **Are you a sole proprietor of any full- or part-time business?**

    A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

    If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

    ☑ No. Go to Part 4.

    ☐ Yes. Name and location of business

    _____
    Name of business, if any

    _____
    Number     Street

    _____

    _____
    City                          State      ZIP Code

    Check the appropriate box to describe your business:

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ☐ None of the above

13. **Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**
    For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

    If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☑ No.  I am not filing under Chapter 11.

    ☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

    ☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

    ☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

BERGSTROM 000273

Debtor 1    Carolyn Lindholm _____    Case number (if known) _____
First Name    Middle Name    Last Name

## Part 4:    Report If You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☑ No

☐ Yes.    What is the hazard?    _____
_____

If immediate attention is needed, why is it needed? _____
_____

Where is the property?    _____
                          Number      Street
_____
City _____    State ____    ZIP Code _____

BERGSTROM 000274

Debtor 1    Carolyn Lindholm                                    Case number (if known)_____
First Name    Middle Name    Last Name

## Part 5:    Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ Incapacity.    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ Disability.    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ Active duty.    I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

☐ Incapacity.    I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ Disability.    My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ Active duty.    I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

BERGSTROM 000275

Debtor 1    Carolyn Lindholm                                          Case number *(if known)*_____
            First Name    Middle Name    Last Name

## Part 6:    Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☑ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☑ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

☑ No.  I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☑ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7:    Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _Carolyn Lindholm_                    ✗ _____
Signature of Debtor 1                      Signature of Debtor 2

Executed on  04/06/2026                    Executed on  _____
             MM / DD /YYYY                              MM / DD /YYYY

Official Form 101              Voluntary Petition for Individuals Filing for Bankruptcy                    page 7

**BERGSTROM 000276**

Debtor 1   Carolyn Lindholm
First Name   Middle Name   Last Name

Case number (if known) _____

**For your attorney, If you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**X** _____   Date _____
Signature of Attorney for Debtor                     MM  /  DD  / YYYY

Printed name _____

Firm name _____

Number   Street _____

_____

City _____   State _____   ZIP Code _____

Contact phone _____   Email address _____

Bar number _____   State _____

BERGSTROM 000277

Debtor 1  Carolyn Lindholm
First Name   Middle Name   Last Name

Case number (if known)_____

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?
☑ No
☐ Yes. Name of Person_____
       Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

X _____        X _____
Signature of Debtor 1                Signature of Debtor 2

Date    04/06/2026                   Date    _____
        MM / DD  / YYYY                      MM /  DD / YYYY

Contact phone  (213) 219-2609        Contact phone  _____

Cell phone   (213) 219-2609          Cell phone   _____

Email address  tocarolynlindholm@gmail.com   Email address  _____

Official Form 101        Voluntary Petition for Individuals Filing for Bankruptcy        page 9

BERGSTROM 000278

MASTER MAILING LIST OF CREDITORS

Internal Revenue Service
P.O. Box 7704
San Francisco, CA.  94120-7704

Franchise Tax Board
P.O. Box 942840
Sacramento, CA.  94240-0040

Los Angeles Department of Water and Power (LADWP)
P.O. Box 51111
Los Angeles, CA.  90051-0100

Southern California Gas Company
P.O. Box 1626
Monterey Park, CA.  91754-8626

The Dunning Law Firm
9619 Chesapeake Drive, Suite 210
San Diego, CA.  92123

County of Los Angeles Dept. of Public Health
Environmental Health
5050 Commerce Drive
Baldwin Park, CA.  91706

Legacy Vacation Resorts    Steamboat Springs
P.O. Box 690999
Orlando, FL  32869

Crystal Bergstrom
29911 Niguel Road, #6086
Laguna Niguel, CA.  92607

**BERGSTROM 000279**

Attorney or Party Name, Address, Telephone & FAX
Nos., State Bar No. & Email Address

Carolyn Lindholm
SBN 106450
4445 Dundee Drive
Los Angeles, CA.  90027
213-219-2608
tocarolynlindholm@gmail.com

FOR COURT USE ONLY

☒  Debtor(s) appearing without attorney
☐  Attorney for Debtor

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

In re:

Carolyn Lindholm

CASE NO.:

CHAPTER: 13

### VERIFICATION OF MASTER MAILING LIST OF CREDITORS

### [LBR 1007-1(a)]

Debtor(s).

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of 1 sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date:  04/06/2026

_____
Signature of Debtor 1

Date:  _____

_____
Signature of Debtor 2 (joint debtor) (if applicable)

Date:  _____

_____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015

F 1007-1.MAILING.LIST.VERIFICATION

BERGSTROM 000280

PROOF OF SERVICE

Case No. 24STCV04536

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am over the age of 18 years.  My address is known to the parties being served.

On April 7, 2026, I served the following document on the interested parties to this action:

NOTICE OF STAY OF PROCEEDINGS

SERVED BY MAIL:  I placed said copies in a sealed envelope, postage thereon fully prepaid, and mailed it at a U.S. Post Office on the same day in the city indicated, addressed to:

Paul P. Young and Joseph Chora

Chora, Young & Manasserian, LLP

281 E. Colorado Blvd., No. 378

Pasadena, CA.  91101

Executed on April 8, 2026 at Los Angeles, CA.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____

Carolyn Lindholm

BERGSTROM 000281

1

EXHIBIT 29

BERGSTROM 000282

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 39

**24STCV04536**                                                                April 9, 2026
**ROBERT LINDHOLM, et al. vs JUDICIAL JUDGMENT**                              8:30 AM
**ENFORCEMENT SERVICES, et al.**

Judge: Honorable Tony L. Richardson                    CSR: None
Judicial Assistant: Patricia Salcido/Cameron           ERM: None
Kesinger
Courtroom Assistant: Karlet Ghazarian                  Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Carolyn Lindholm

For Respondent(s): Joseph Chora appearing for Emmanuel Youkhanna Rayes (via LACC)

**NATURE OF PROCEEDINGS:** Hearing on Application for Order of Sale of Dwelling

The Court's tentative ruling is electronically posted on the Court's website before the hearing is held.

The matter is called for hearing.

The Court and counsel confer regarding regarding the status of the case and Plaintiff's Notice of Stay of Proceedings (Bankruptcy) filed on April 8, 2026.

The Court's tentative ruling is provided to Plaintiff's counsel in open court.

The Court and counsel discuss the tentative ruling.

Given Plaintiff's bankruptcy proceedings, the Court orders as follows:

A Notice of Stay of Proceedings was filed on 04/08/2026 as to Plaintiff Carolyn Lindholm. The case is ordered stayed as to the entire action.

Court sets a Status Conference Re: Status of Bankruptcy for 08/18/2026 at 08:30 AM in Department 39 at Stanley Mosk Courthouse.

On the Court's own motion, the Hearing on Application for Order of Sale of Dwelling scheduled for 04/09/2026 is continued to 08/18/2026 at 08:30 AM in Department 39 at Stanley Mosk Courthouse.

Counsel for Plaintiff and counsel for Respondent are ordered to file a joint status report five (5) court days prior to the Status Conference Re: Status of Bankruptcy.

**BERGSTROM 000283**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

## Civil Division

Central District, Stanley Mosk Courthouse, Department 39

**24STCV04536**                                                    April 9, 2026
**ROBERT LINDHOLM, et al. vs JUDICIAL JUDGMENT**                    8:30 AM
**ENFORCEMENT SERVICES, et al.**

Judge: Honorable Tony L. Richardson          CSR: None
Judicial Assistant: Patricia Salcido/Cameron ERM: None
Kesinger
Courtroom Assistant: Karlet Ghazarian        Deputy Sheriff: None

---

The tentative ruling is not adopted pending resolution of Plaintiff's Bankruptcy proceedings.

Defense counsel is to give notice.

**BERGSTROM 000284**

# EXHIBIT 30

**BERGSTROM 000285**

| Fill in this information to identify your case and this filing: |

**Debtor 1** Carolyn (First Name) Jean (Middle Name) Lindholm (Last Name)

**Debtor 2** (Spouse, if filing) First Name   Middle Name   Last Name

United States Bankruptcy Court for the: Central District of California

Case number  2:26-bk-13348-DS



FILED
APR 2 1 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

❑ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1.  Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

❑ No. Go to Part 2.
☑ Yes. Where is the property?

**1.1.** Legacy Vacation Resorts
Street address, if available, or other description

1000 High Point Drive

Steamboat Springs   CO   80487
City   State   ZIP Code

Rouff
County

**What is the property?** Check all that apply.
❑ Single-family home
❑ Duplex or multi-unit building
❑ Condominium or cooperative
❑ Manufactured or mobile home
❑ Land
❑ Investment property
☑ Timeshare
❑ Other _____

**Who has an interest in the property?** Check one.
☑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$ UNKNOWN   $ UNKNOWN

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

Unknown

❑ Check if this is community property (see instructions)

If you own or have more than one, list here:

**1.2.** _____
Street address, if available, or other description

_____

_____
City   State   ZIP Code

_____
County

**What is the property?** Check all that apply.
❑ Single-family home
❑ Duplex or multi-unit building
❑ Condominium or cooperative
❑ Manufactured or mobile home
❑ Land
❑ Investment property
❑ Timeshare
❑ Other _____

**Who has an interest in the property?** Check one.
❑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$_____   $_____

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

Unknown

❑ Check if this is community property (see instructions)

BERGSTROM 000286

Debtor 1    Carolyn    Jean    Lindholm      Case number (if known) 2:26-bk-13348-DS
    First Name    Middle Name    Last Name

1.3. _____
Street address, if available, or other description

_____

_____
City       State    ZIP Code

_____
County

**What is the property?** Check all that apply.

❑ Single-family home
❑ Duplex or multi-unit building
❑ Condominium or cooperative
❑ Manufactured or mobile home
❑ Land
❑ Investment property
❑ Timeshare
❑ Other _____

**Who has an interest in the property?** Check one.

❑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

❑ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:** _____

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ................ → $ UNKNOWN

---

## Part 2: Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☑ No
❑ Yes

3.1.   Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
_____

**Who has an interest in the property?** Check one.

❑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

If you own or have more than one, describe here:

3.2.   Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:
_____

**Who has an interest in the property?** Check one.

❑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**

$_____    $_____

---

Official Form 106A/B      Schedule A/B: Property      page 2

BERGSTROM 000287

Debtor 1   Carolyn____ Jean____ Lindholm____     Case number (if known)_2:26-bk-13348-DS_____
 First Name  Middle Name  Last Name

---

**3.3.** Make:  _____

Model:  _____

Year:  _____

Approximate mileage: _____

Other information:

[  ]

**Who has an interest in the property?** Check one.

❑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** **Current value of the portion you own?**

$_____ $_____

---

**3.4.** Make:  _____

Model:  _____

Year:  _____

Approximate mileage: _____

Other information:

[  ]

**Who has an interest in the property?** Check one.

❑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** **Current value of the portion you own?**

$_____ $_____

---

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ☑ No
   ❑ Yes

**4.1.** Make:  _____

Model:  _____

Year:  _____

Other information:

[  ]

**Who has an interest in the property?** Check one.

❑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** **Current value of the portion you own?**

$_____ $_____

---

If you own or have more than one, list here:

**4.2.** Make:  _____

Model:  _____

Year:  _____

Other information:

[  ]

**Who has an interest in the property?** Check one.

❑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

❑ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** **Current value of the portion you own?**

$_____ $_____

---

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ............................................................ ➔ | $_____ 0.00 |

---

Official Form 106A/B     Schedule A/B: Property     page 3

BERGSTROM 000288

Debtor 1   Carolyn   Jean   Lindholm                    Case number (if known) 2:26-bk-13348-DS
           First Name   Middle Name   Last Name

## Part 3:   Describe Your Personal and Household Items

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**

   *Examples:* Major appliances, furniture, linens, china, kitchenware

   ☐ No
   ☑ Yes. Describe......... Furniture, misc appliances and kitchenware          $          5,000.00

7. **Electronics**

   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

   ☐ No
   ☑ Yes. Describe.......... Record player, misc electronic devices             $            500.00

8. **Collectibles of value**

   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

   ☑ No
   ☐ Yes. Describe..........                                                    $

9. **Equipment for sports and hobbies**

   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

   ☐ No
   ☑ Yes. Describe.......... Misc equipment for horses                          $          1,500.00

10. **Firearms**

    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

    ☑ No
    ☐ Yes. Describe..........                                                   $

11. **Clothes**

    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☑ Yes. Describe.......... Misc everyday clothes, shoes and accessories      $            500.00

12. **Jewelry**

    Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

    ☐ No
    ☑ Yes. Describe........... Wedding ring                                     $          5,000.00

13. **Non-farm animals**

    *Examples:* Dogs, cats, birds, horses

    ☐ No
    ☑ Yes. Describe........... 2 old dogs, 1 cat, old parrots, 2 horses (one 30 years old)   $              0.00

14. **Any other personal and household items you did not already list, including any health aids you did not list**

    ☑ No
    ☐ Yes. Give specific information. .............                             $

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** .................................................. →   $         12,500.00

Official Form 106A/B                    Schedule A/B: Property                                    page 4

BERGSTROM 000289

| Debtor 1 | Carolyn | Jean | Lindholm | | Case number *(if known)* 2:26-bk-13348-DS |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

## Part 4:    Describe Your Financial Assets

**Do you own or have any legal or equitable interest in any of the following?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

    ☐ No
    ☑ Yes ...........................................................................................................................................    Cash: ...................... $_____500.00

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

    ☐ No
    ☑ Yes ....................    Institution name:

    | | | |
    |---|---|---|
    | 17.1. Checking account: | Citizen's Business Bank | $ 2,000.00 |
    | 17.2. Checking account: | | $ |
    | 17.3. Savings account: | Citizen's Business Bank | $ 200.00 |
    | 17.4. Savings account: | | $ |
    | 17.5. Certificates of deposit: | | $ |
    | 17.6. Other financial account: | | $ |
    | 17.7. Other financial account: | | $ |
    | 17.8. Other financial account: | | $ |
    | 17.9. Other financial account: | | $ |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

    ☑ No
    ☐ Yes ...............    Institution or issuer name:

    _____    $_____
    _____    $_____
    _____    $_____

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

    ☑ No         Name of entity:                              % of ownership:
    ☐ Yes. Give specific                                       0%      %      $_____
    information about   _____    0%      %      $_____
    them....................   _____    0%      %      $_____

---

**BERGSTROM 000290**

Debtor 1   Carolyn   Jean   Lindholm   Case number *(if known)* 2:26-bk-13348-DS

First Name   Middle Name   Last Name

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes. Give specific
   information about
   them......................

Issuer name:

_____ $_____

_____ $_____

_____ $_____

21. **Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
☑ Yes. List each
   account separately.

Type of account:   Institution name:

401(k) or similar plan:   Empower 401K _____ $   41,000.00

Pension plan:   _____ $_____

IRA:   _____ $_____

Retirement account:   _____ $_____

Keogh:   _____ $_____

Additional account:   _____ $_____

Additional account:   _____ $_____

22. **Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No
☐ Yes..........................

Institution name or individual:

Electric:   _____ $_____

Gas:   _____ $_____

Heating oil:   _____ $_____

Security deposit on rental unit:   _____ $_____

Prepaid rent:   _____ $_____

Telephone:   _____ $_____

Water:   _____ $_____

Rented furniture:   _____ $_____

Other:   _____ $_____

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No
☐ Yes..........................

Issuer name and description:

_____ $_____

_____ $_____

_____ $_____

Official Form 106A/B   Schedule A/B: Property   page 6

BERGSTROM 000291

Debtor 1    Carolyn      Jean      Lindholm        Case number *(if known)* 2:26-bk-13348-DS
      First Name     Middle Name     Last Name

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No

☐ Yes ................................ Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

         _____    $_____

         _____    $_____

         _____    $_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No

☐ Yes. Give specific
information about them....                                       $_____

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No

☐ Yes. Give specific
information about them....                                       $_____

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☐ No

☑ Yes. Give specific
information about them....   State Bar license.   Horse show judging license        $_____ 0.00

**Money or property owed to you?**                                           **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☑ No

☐ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years. ....................                    Federal:   $_____
                                              State:   $_____
                                              Local:   $_____

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No

☐ Yes. Give specific information..............                    Alimony:   $_____
                                             Maintenance:   $_____
                                              Support:   $_____
                                              Divorce settlement:   $_____
                                              Property settlement:   $_____

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☑ No

☐ Yes. Give specific information..............                                               $_____

Official Form 106A/B                     Schedule A/B: Property                  **BERGSTROM 000292** page 7

BERGSTROM 000292

Debtor 1    Carolyn        Jean        Lindholm                    Case number (if known) 2:26-bk-13348-DS
            First Name    Middle Name    Last Name

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No
☐ Yes. Name the insurance company
of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No
☐ Yes. Give specific information............                                                    $_____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No
☑ Yes. Describe each claim. ...................    Adversary proceedings will be filed against several creditors for fra $_____

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No
☐ Yes. Describe each claim. ...................                                                    $_____

**35. Any financial assets you did not already list**

☑ No
☐ Yes. Give specific information...........                                                    $_____

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** .................................................................... ➔

| $ | 43,700.00 |
|---|---|

---

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37. Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.
☐ Yes. Go to line 38.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No
☐ Yes. Describe.......                                                    $_____

**39. Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No
☑ Yes. Describe.......    Office desk, 2 chairs, credenza, bookcases                        $_____ 500.00

Official Form 106A/B                    Schedule A/B: Property                    page 8

BERGSTROM 000293

Debtor 1   Carolyn_____Jean_____Lindholm_____     Case number (if known)_2:26-bk-13348-DS_____
             First Name        Middle Name       Last Name

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No
☐ Yes. Describe.......                                                                                              $_____

41. **Inventory**

☑ No
☐ Yes. Describe.......                                                                                              $_____

42. **Interests in partnerships or joint ventures**

☑ No
☐ Yes. Describe.......   Name of entity:                                            % of ownership:

                         _____    _____%   $_____
                         _____    _____%   $_____
                         _____    _____%   $_____

43. **Customer lists, mailing lists, or other compilations**

☑ No
☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

      ☐ No
      ☐ Yes. Describe........                                                                                       $_____

44. **Any business-related property you did not already list**

☑ No
☐ Yes. Give specific       _____              $_____
      information .........  _____              $_____
                           _____              $_____
                           _____              $_____
                           _____              $_____
                           _____              $_____
                           _____              $_____

45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached    →   $_____500.00
    for Part 5. Write that number here .................................................................

| Part 6: | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|

If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.
☐ Yes. Go to line 47.

**Current value of the
portion you own?**
Do not deduct secured claims
or exemptions.

47. **Farm animals**
   *Examples*: Livestock, poultry, farm-raised fish

☑ No
☐ Yes .......................                                                                                       $_____

Official Form 106A/B              Schedule A/B: Property                         BERGSTROM 000294 page 9

Debtor 1   Carolyn   Jean   Lindholm          Case number (if known) 2:26-bk-13348-DS
          First Name   Middle Name   Last Name

48. **Crops—either growing or harvested**

☑ No

☐ Yes. Give specific
information. ............          $_____

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☑ No

☐ Yes ........................          $_____

50. **Farm and fishing supplies, chemicals, and feed**

☑ No

☐ Yes ........................          $_____

51. **Any farm- and commercial fishing-related property you did not already list**

☑ No

☐ Yes. Give specific
information. ............          $_____

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached
for Part 6. Write that number here** ...........................................................................➔   $_____0.00

## Part 7:  Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific
information. ............

$_____
$_____
$_____

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ...................➔   $_____0.00

## Part 8:  List the Totals of Each Part of this Form

55. Part 1: Total real estate, line 2 ...................................................................................➔  $ *UNKNOWN*

56. Part 2: Total vehicles, line 5          $_____0.00

57. Part 3: Total personal and household items, line 15          $____12,500.00

58. Part 4: Total financial assets, line 36          $____43,700.00

59. Part 5: Total business-related property, line 45          $_____500.00

60. Part 6: Total farm- and fishing-related property, line 52          $_____0.00

61. Part 7: Total other property not listed, line 54          ＋$_____0.00

62. **Total personal property.** Add lines 56 through 61. ..............          $____56,700.00  Copy personal property total ➔  ＋$____56,700.00

63. **Total of all property on Schedule A/B.** Add line 55 + line 62. ..............................          $____56,700.00

BERGSTROM 000295

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Carolyn | Jean | Lindholm |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number     2:26-bk-13348-DS
(If known)

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    04/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Residence<br>Line from *Schedule A/B*: _____ | $ 3,104,400.00 | ☑ $ 722,151.00<br>☐ 100% of fair market value, up to any applicable statutory limit | California homestead<br>_____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |

3. **Are you claiming a homestead exemption of more than $214,000?**

   (Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ☑ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

   ☑ No

   ☐ Yes

Debtor 1    Carolyn        Jean        Lindholm____        Case number *(if known)*_2:26-bk-13348-DS___
      First Name    Middle Name    Last Name

---

| **Part 2:** | **Additional Page** |
|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption* | |
| **Brief description:** Household furnishin<br>**Line from** *Schedule A/B:* 6 | $_____ | ☑ $ 925.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP 703.140 |
| **Brief description:** Jewelry<br>**Line from** *Schedule A/B:* 12 | $_____ | ☑ $ 10,950.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP 704.010 |
| **Brief description:** Social Security<br>**Line from** *Schedule A/B:* —— | $_____ | ☑ $ *ALL*<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP 704.080 |
| **Brief description:** ————<br>**Line from** *Schedule A/B:* —— | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| **Brief description:** ————<br>**Line from** *Schedule A/B:* —— | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| **Brief description:** ————<br>**Line from** *Schedule A/B:* —— | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| **Brief description:** ————<br>**Line from** *Schedule A/B:* —— | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| **Brief description:** ————<br>**Line from** *Schedule A/B:* —— | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| **Brief description:** ————<br>**Line from** *Schedule A/B:* —— | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| **Brief description:** ————<br>**Line from** *Schedule A/B:* —— | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| **Brief description:** ————<br>**Line from** *Schedule A/B:* —— | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | |

BERGSTROM 000297 of __

<table>
<tr><td colspan="2">

**Fill in this information to identify your case:**

Debtor 1    Carolyn    Jean    Lindholm
     First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)   First Name      Middle Name      Last Name

United States Bankruptcy Court for the: Central District of California

Case number    2:26-bk-13348-DS
(If known)

</td></tr>
</table>

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).**

1. **Do any creditors have claims secured by your property?**
   - ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

**Part 1:**   **List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|

**2.1**   IRS
Creditor's Name
PO Box 7704
Number    Street

San Francisco    CA   94120
City    State   ZIP Code

Describe the property that secures the claim:

Residence. Over $300,000 but in negotiation, and IRS will take payments

As of the date you file, the claim is: Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☑ Disputed

$ Unknown    $3,104,400.00    $ 0.00

**Who owes the debt?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another

☑ Check if this claim relates to a community debt

Date debt was incurred MULTIPLE YRS

**Nature of lien.** Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☑ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

**2.2**   Franchise Tax Board
Creditor's Name
PO Box 942840
Number    Street

Sacramento    CA   94240
City    State   ZIP Code

Describe the property that secures the claim:

Residence. Amount unknown. Will be negotiated, Will take payments

As of the date you file, the claim is: Check all that apply.
- ☑ Contingent
- ☐ Unliquidated
- ☑ Disputed

$ Unknown    $3,104,400.00    $ 0.00

**Who owes the debt?** Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another

☑ Check if this claim relates to a community debt

Date debt was incurred MULTIPLE YRS

**Nature of lien.** Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☑ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

**Add the dollar value of your entries in Column A on this page. Write that number here:**   $_____

Official Form 106D      Schedule D: Creditors Who Have Claims Secured by Property    **BERGSTROM 000298**   of 4

| Debtor 1 | Carolyn | Jean | Lindholm | | Case number (if known) | 2:26-bk-13348-DS |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| | | | Column A | Column B | Column C |
|---|---|---|---|---|---|
| **Part 1:** | **Additional Page**<br>After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth. | | Amount of claim<br>Do not deduct the value of collateral. | Value of collateral that supports this claim | Unsecured portion<br>If any |

---

**2.3** Crystal Bergstrom

Describe the property that secures the claim:

Creditor's Name

29911 Niguel Rd. #6086

Number    Street

**Residence**

Laguna Niguel    CA    92607

City    State    ZIP Code

| | Amount of claim | Value of collateral | Unsecured portion |
|---|---|---|---|
| | $ 260,353.37 | $ 3,104,400.00 | $ 0.00 |

As of the date you file, the claim is: Check all that apply.
- ☑ Contingent
- ☐ Unliquidated
- ☑ Disputed

Who owes the debt? Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another

☑ Check if this claim relates to a community debt

Date debt was incurred _2025_

Nature of lien. Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☑ Judgment lien from a lawsuit
- ☐ Other (including a right to offset) _____

Last 4 digits of account number ___ ___ ___ ___

---

**2.5** LADWP

Describe the property that secures the claim:

Creditor's Name

PO Box 51111

Number    Street

Los Angeles    CA    90051

City    State    ZIP Code

| | Amount of claim | Value of collateral | Unsecured portion |
|---|---|---|---|
| | $ 20,000.00 | $ 0.00 | $ 0.00 |

As of the date you file, the claim is: Check all that apply.
- ☑ Contingent
- ☐ Unliquidated
- ☑ Disputed

Who owes the debt? Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another

☑ Check if this claim relates to a community debt

Date debt was incurred _2025_

Nature of lien. Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☑ Other (including a right to offset) _utilities_

Last 4 digits of account number ___ ___ ___ ___

---

**2.6** So Ca. Gas Co

Describe the property that secures the claim:

Creditor's Name

Number    Street

PO Box 1626

Monterey Park    CA    91754

City    State    ZIP Code

| | Amount of claim | Value of collateral | Unsecured portion |
|---|---|---|---|
| | $ 3,500.00 | $ 0.00 | $ 0.00 |

As of the date you file, the claim is: Check all that apply.
- ☑ Contingent
- ☐ Unliquidated
- ☑ Disputed

Who owes the debt? Check one.
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☑ At least one of the debtors and another

☑ Check if this claim relates to a community debt

Date debt was incurred _2025_

Nature of lien. Check all that apply.
- ☐ An agreement you made (such as mortgage or secured car loan)
- ☐ Statutory lien (such as tax lien, mechanic's lien)
- ☐ Judgment lien from a lawsuit
- ☑ Other (including a right to offset) _utilities_

Last 4 digits of account number ___ ___ ___ ___

---

Add the dollar value of your entries in Column A on this page. Write that number here: $ 283,853.37

If this is the last page of your form, add the dollar value totals from all pages. Write that number here: $ _____

<div style="border:1px solid black; padding:8px;">

**Fill in this information to identify your case:**

Debtor 1 _____
First Name          Middle Name          Last Name

Debtor 2 _____
(Spouse, if filing) First Name      Middle Name      Last Name

United States Bankruptcy Court for the: _____ District of _____

Case number _____
(If known)

</div>

❑ Check if this is an
amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).**

1. **Do any creditors have claims secured by your property?**
   ❑ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ❑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the<br>value of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim | Column C<br>Unsecured<br>portion<br>If any |
|---|---|---|---|

**2.1 Dunning Law Firm**
Creditor's Name

Number          Street
**9619 Chesapeake Dr., #210**

**San Diego          CA   92123**
City          State   ZIP Code

Describe the property that secures the claim:

**Residence**

As of the date you file, the claim is: Check all that apply.
❑ Contingent
❑ Unliquidated
☑ Disputed

$ 20,000.00   $ 3,104,400.00   $ 0.00

**Who owes the debt?** Check one.
☑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

❑ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
❑ An agreement you made (such as mortgage or secured car loan)
❑ Statutory lien (such as tax lien, mechanic's lien)
☑ Judgment lien from a lawsuit
❑ Other (including a right to offset) _____

Date debt was incurred  UNKNOWN

Last 4 digits of account number ___ ___ ___ ___

**2.2 Legacy Vacation Resorts**
Creditor's Name

Number          Street
**PO Box 690999**

**Orlando          FL   32869**
City          State   ZIP Code

Describe the property that secures the claim:

**Residence**

As of the date you file, the claim is: Check all that apply.
☑ Contingent
❑ Unliquidated
❑ Disputed

$ 4,000.00   $ 3,104,400.00   $ 0.00

**Who owes the debt?** Check one.
☑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

❑ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
❑ An agreement you made (such as mortgage or secured car loan)
❑ Statutory lien (such as tax lien, mechanic's lien)
❑ Judgment lien from a lawsuit
☑ Other (including a right to offset) Contract

Date debt was incurred  2024-26

Last 4 digits of account number ___ ___ ___ ___

**Add the dollar value of your entries in Column A on this page. Write that number here:**   $ 24,000

| Debtor 1 | Carolyn | Jean | Lindholm | Case number *(if known)* 2:26-bk-13348-DS |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 2: List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐

_____
Name

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

_____
Number      Street

_____

_____
City                          State      ZIP Code

☐

_____
Name

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

_____
Number      Street

_____

_____
City                          State      ZIP Code

☐

_____
Name

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

_____
Number      Street

_____

_____
City                          State      ZIP Code

☐

_____
Name

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

_____
Number      Street

_____

_____
City                          State      ZIP Code

☐

_____
Name

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

_____
Number      Street

_____

_____
City                          State      ZIP Code

☐

_____
Name

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number ___ ___ ___ ___

_____
Number      Street

_____

_____
City                          State      ZIP Code

Official Form 106D      Part 2 of **Schedule D: Creditors Who Have Claims Secured by Property** BERGSTROM 000301 page 1 of 4

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Carolyn | Jean | Lindholm |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number   2:26-bk-13348-DS
(If known)

☐ Check if this is an
amended filing

## Official Form 106E/F

# Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule
A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any
creditors with partially secured claims that are listed in *Schedule D: Creditors Who Have Claims Secured by Property.* If more space is
needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of
any additional pages, write your name and case number (if known).

**Part 1:   List All of Your PRIORITY Unsecured Claims**

1. **Do any creditors have priority unsecured claims against you?**

   ☑ No. Go to Part 2.
   ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For
   each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and
   nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority
   unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|

**2.1**
_____
Priority Creditor's Name

_____
Number       Street

_____

_____
City           State    ZIP Code

**Who incurred the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___     $_____   $_____   $_____

**When was the debt incurred?**    _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

**2.2**
_____
Priority Creditor's Name

_____
Number       Street

_____

_____
City           State    ZIP Code

**Who incurred the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___     $_____   $_____   $_____

**When was the debt incurred?**    _____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of PRIORITY unsecured claim:**
☐ Domestic support obligations
☐ Taxes and certain other debts you owe the government
☐ Claims for death or personal injury while you were intoxicated
☐ Other. Specify _____

Official Form 106E/F                    Schedule E/F: Creditors Who Have Unsecured Claims          **BERGSTROM 000302**

Debtor 1 | Carolyn | Jean | Lindholm | | Case number *(if known)* 2:26-bk-13348-DS
First Name | Middle Name | Last Name

**Part 1:   Your PRIORITY Unsecured Claims — Continuation Page**

After listing any entries on this page, number them beginning with 2.3, followed by 2.4, and so forth.

| | Total claim | Priority amount | Nonpriority amount |

___

Priority Creditor's Name

Number     Street

City            State     ZIP Code

**Who incurred the debt?** Check one.

❑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

❑ Check if this claim is for a community debt

**Is the claim subject to offset?**

❑ No
❑ Yes

Last 4 digits of account number ___ ___ ___ ___          $_____  $_____  $_____

**When was the debt incurred?**        _____

**As of the date you file, the claim is:** Check all that apply.

❑ Contingent
❑ Unliquidated
❑ Disputed

**Type of PRIORITY unsecured claim:**

❑ Domestic support obligations
❑ Taxes and certain other debts you owe the government
❑ Claims for death or personal injury while you were intoxicated
❑ Other. Specify _____

___

Priority Creditor's Name

Number     Street

City            State     ZIP Code

**Who incurred the debt?** Check one.

❑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

❑ Check if this claim is for a community debt

**Is the claim subject to offset?**

❑ No
❑ Yes

Last 4 digits of account number ___ ___ ___ ___          $_____  $_____  $_____

**When was the debt incurred?**        _____

**As of the date you file, the claim is:** Check all that apply.

❑ Contingent
❑ Unliquidated
❑ Disputed

**Type of PRIORITY unsecured claim:**

❑ Domestic support obligations
❑ Taxes and certain other debts you owe the government
❑ Claims for death or personal injury while you were intoxicated
❑ Other. Specify _____

___

Priority Creditor's Name

Number     Street

City            State     ZIP Code

**Who incurred the debt?** Check one.

❑ Debtor 1 only
❑ Debtor 2 only
❑ Debtor 1 and Debtor 2 only
❑ At least one of the debtors and another

❑ Check if this claim is for a community debt

**Is the claim subject to offset?**

❑ No
❑ Yes

Last 4 digits of account number ___ ___ ___ ___          $_____  $_____  $_____

**When was the debt incurred?**        _____

**As of the date you file, the claim is:** Check all that apply.

❑ Contingent
❑ Unliquidated
❑ Disputed

**Type of PRIORITY unsecured claim:**

❑ Domestic support obligations
❑ Taxes and certain other debts you owe the government
❑ Claims for death or personal injury while you were intoxicated
❑ Other. Specify _____

Official Form 106E/F          Schedule E/F: Creditors Who Have Unsecured Claims          **BERGSTROM 000303** Page 2 of 6

| Debtor 1 | Carolyn | Jean | Lindholm | Case number (if known) 2:26-bk-13348-DS |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 2:   List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**

   ☑ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ☐ Yes

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

**Total claim**

**4.1**
_____
Nonpriority Creditor's Name

_____
Number        Street

_____
City                State        ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?        _____

$ _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify _____

**4.2**
_____
Nonpriority Creditor's Name

_____
Number        Street

_____
City                State        ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?        _____

$ _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify _____

**4.3**
_____
Nonpriority Creditor's Name

_____
Number        Street

_____
City                State        ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___

When was the debt incurred?        _____

$ _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify _____

Debtor 1    Carolyn _____ Jean _____ Lindholm _____          Case number (if known) 2:26-bk-13348-DS
            First Name    Middle Name    Last Name

| Part 2: | Your NONPRIORITY Unsecured Claims – Continuation Page |

After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth.          **Total claim**

☐

Nonpriority Creditor's Name

Number          Street

City                              State       ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___          $_____

**When was the debt incurred?**          _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify_____

☐

Nonpriority Creditor's Name

Number          Street

City                              State       ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___          $_____

**When was the debt incurred?**          _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify_____

☐

Nonpriority Creditor's Name

Number          Street

City                              State       ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number ___ ___ ___ ___          $_____

**When was the debt incurred?**          _____

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of **NONPRIORITY** unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify_____

| Debtor 1 | Carolyn | Jean | Lindholm | | Case number *(if known)* 2:26-bk-13348-DS |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| Part 3: | List Others to Be Notified About a Debt That You Already Listed |
|---|---|

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

_____
Name

_____
Number        Street

_____

_____
City                State     ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line _____ of (Check one): ❏ Part 1: Creditors with Priority Unsecured Claims
❏ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

_____
Name

_____
Number        Street

_____

_____
City                State     ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line _____ of (Check one): ❏ Part 1: Creditors with Priority Unsecured Claims
❏ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

_____
Name

_____
Number        Street

_____

_____
City                State     ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line _____ of (Check one): ❏ Part 1: Creditors with Priority Unsecured Claims
❏ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

_____
Name

_____
Number        Street

_____

_____
City                State     ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line _____ of (Check one): ❏ Part 1: Creditors with Priority Unsecured Claims
❏ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

_____
Name

_____
Number        Street

_____

_____
City                State     ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line _____ of (Check one): ❏ Part 1: Creditors with Priority Unsecured Claims
❏ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

_____
Name

_____
Number        Street

_____

_____
City                State     ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line _____ of (Check one): ❏ Part 1: Creditors with Priority Unsecured Claims
❏ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

_____
Name

_____
Number        Street

_____

_____
City                State     ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line _____ of (Check one): ❏ Part 1: Creditors with Priority Unsecured Claims
❏ Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number** ___ ___ ___ ___

Official Form 106E/F              Schedule E/F: Creditors Who Have Unsecured Claims              BERGSTROM 000306 page 5 of 6

| Debtor 1 | Carolyn | Jean | Lindholm | | Case number (if known) 2:26-bk-13348-DS |
| | First Name | Middle Name | Last Name | | |

## Part 4:   Add the Amounts for Each Type of Unsecured Claim

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159.
   Add the amounts for each type of unsecured claim.

**Total claim**

**Total claims from Part 1**

| | | | |
|---|---|---|---|
| 6a. Domestic support obligations | 6a. | $ | |
| 6b. Taxes and certain other debts you owe the government | 6b. | $ _UNKNOWN_ | |
| 6c. Claims for death or personal injury while you were intoxicated | 6c. | $ | |
| 6d. Other. Add all other priority unsecured claims. Write that amount here. | 6d. | + $ | |
| 6e. Total. Add lines 6a through 6d. | 6e. | $ | |

**Total claim**

**Total claims from Part 2**

| | | | |
|---|---|---|---|
| 6f. Student loans | 6f. | $ | |
| 6g. Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ | |
| 6h. Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ | |
| 6i. Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | + $ | |
| 6j. Total. Add lines 6f through 6i. | 6j. | $ | |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor | Carolyn | Jean | Lindholm |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse If filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number (If known)   2:26-bk-13348-DS

☐ Check if this is an amended filing

## Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

**Person or company with whom you have the contract or lease**

**State what the contract or lease is for**

2.1   Legacy Vacation Resorts
Name
PO Box 690999
Number        Street
Orlando          FL          32869
City                State    ZIP Code

Timeshare in Steamboat Springs

2.2
Name

Number        Street

City                State    ZIP Code

2.3
Name

Number        Street

City                State    ZIP Code

2.4
Name

Number        Street

City                State    ZIP Code

2.5
Name

Number        Street

City                State    ZIP Code

Official Form 106G                Schedule G: Executory Contracts and Unexpired Leases               page 1 of 2

BERGSTROM 000308

Debtor 1 ___Carolyn___ ___Jean___ ___Lindholm___   Case number *(if known)* __2:26-bk-13348-DS__
        First Name    Middle Name    Last Name

**█ Additional Page if You Have More Contracts or Leases**

**Person or company with whom you have the contract or lease**          **What the contract or lease is for**

2.2
_____
Name

_____
Number      Street

_____
City              State     ZIP Code

2._
_____
Name

_____
Number      Street

_____
City              State     ZIP Code

2._
_____
Name

_____
Number      Street

_____
City              State     ZIP Code

2._
_____
Name

_____
Number      Street

_____
City              State     ZIP Code

2._
_____
Name

_____
Number      Street

_____
City              State     ZIP Code

2._
_____
Name

_____
Number      Street

_____
City              State     ZIP Code

2._
_____
Name

_____
Number      Street

_____
City              State     ZIP Code

2._
_____
Name

_____
Number      Street

_____
City              State     ZIP Code

Official Form 106G          Schedule G: Executory Contracts and Unexpired Leases          **BERGSTROM 000302** ___ of ___

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Carolyn | Jean | Lindholm |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number  2:26-bk-13348-DS
(If known)

☐ Check if this is an
amended filing

## Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

    ☐ No

    ☑ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

    ☐ No. Go to line 3.

    ☑ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

       ☐ No

       ☑ Yes. In which community state or territory did you live? California_____ . Fill in the name and current address of that person.

          Robert Lindholm
          Name of your spouse, former spouse, or legal equivalent

          4445 Dundee Drive
          Number          Street

          Los Angeles          CA          90027
          City          State          ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on** *Schedule D* **(Official Form 106D),** *Schedule E/F* **(Official Form 106E/F), or** *Schedule G* **(Official Form 106G). Use** *Schedule D, Schedule E/F, or Schedule G* **to fill out Column 2.**

| Column 1: Your codebtor | Column 2: The creditor to whom you owe the debt |
|---|---|
| | Check all schedules that apply: |

3.1   Robert Lindholm
       Name
       4445 Dundee Drive
       Number          Street
       Los Angeles          CA          90027
       City          State          ZIP Code

☑ Schedule D, line 2.1-2.6
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.2   _____
       Name
       _____
       Number          Street
       _____
       City          State          ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

3.3   _____
       Name
       _____
       Number          Street
       _____
       City          State          ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

Official Form 106H          Schedule H: Your Codebtors          **BERGSTROM 000310** of _2

Debtor 1    Carolyn        Jean        Lindholm            Case number *(if known)* 2:26-bk-13348-DS
_____  First Name    Middle Name    Last Name

**Additional Page to List More Codebtors**

*Column 1:* **Your codebtor**

3.__
_____
Name
_____
Number    Street
_____
City                    State        ZIP Code

3.__
_____
Name
_____
Number    Street
_____
City                    State        ZIP Code

3.__
_____
Name
_____
Number    Street
_____
City                    State        ZIP Code

3.__
_____
Name
_____
Number    Street
_____
City                    State        ZIP Code

3.__
_____
Name
_____
Number    Street
_____
City                    State        ZIP Code

3.__
_____
Name
_____
Number    Street
_____
City                    State        ZIP Code

3.__
_____
Name
_____
Number    Street
_____
City                    State        ZIP Code

3.__
_____
Name
_____
Number    Street
_____
City                    State        ZIP Code

*Column 2:* **The creditor to whom you owe the debt**

Check all schedules that apply:

❑ Schedule D, line _____
❑ Schedule E/F, line _____
❑ Schedule G, line _____

❑ Schedule D, line _____
❑ Schedule E/F, line _____
❑ Schedule G, line _____

❑ Schedule D, line _____
❑ Schedule E/F, line _____
❑ Schedule G, line _____

❑ Schedule D, line _____
❑ Schedule E/F, line _____
❑ Schedule G, line _____

❑ Schedule D, line _____
❑ Schedule E/F, line _____
❑ Schedule G, line _____

❑ Schedule D, line _____
❑ Schedule E/F, line _____
❑ Schedule G, line _____

❑ Schedule D, line _____
❑ Schedule E/F, line _____
❑ Schedule G, line _____

❑ Schedule D, line _____
❑ Schedule E/F, line _____
❑ Schedule G, line _____

Official Form 106H        Schedule H: Your Codebtors

**BERGSTROM 000311**

page 2 of 2

**Fill in this information to identify your case:**

Debtor 1    Carolyn    Jean    Lindholm
First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing)    First Name    Middle Name    Last Name

United States Bankruptcy Court for the: Central District of California

Case number    2:26-bk-13348-DS
(If known)

Check if this is:

❏ An amended filing

❏ A supplement showing postpetition chapter 13 income as of the following date:

MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

|  | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ☑ Employed<br>❏ Not employed | ❏ Employed<br>☑ Not employed |
| **Occupation** | Attorney |  |
| **Employer's name** | Bonne, Bridges, Mueller, et al. |  |
| **Employer's address** | 355 So. Grand Ave. #1750<br>Number   Street | Number   Street |
|  | Los Angeles    CA    90071<br>City    State    ZIP Code | City    State    ZIP Code |
| **How long employed there?** | 20 years | 20 years |

## Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2.  $ 14,583.34 | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. + $ 0.00 | + $ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4.  $ 14,583.34 | $ 0.00 |

Official Form 106I    Schedule I: Your Income    page 1

BERGSTROM 000312

Debtor 1  Carolyn     Jean      Lindholm          Case number *(if known)* 2:26-bk-13348-DS

First Name    Middle Name    Last Name

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|

**Copy line 4 here** ............................................................ ➔ 4.   $ 14,583.34   $ 0.00

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 628.43 | $ 0.00 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 362.50 | $ 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 252.18 | $ 0.00 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. | **Other deductions.** Specify: _____ | 5h. | + $ 0.00 | + $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h.   6.   $ 1,243.11   $ 0.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 13,340.23   $ 0.00

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**

Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   8a.   $ 0.00   $ 0.00

8b. **Interest and dividends**   8b.   $ 0.00   $ 0.00

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**

Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   8c.   $ 0.00   $ 0.00

8d. **Unemployment compensation**   8d.   $ 0.00   $ 0.00

8e. **Social Security**   8e.   $ 3,905.00   $ 1,985.00

8f. **Other government assistance that you regularly receive**

Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.

Specify: _____   8f.   $ 0.00   $ 0.00

8g. **Pension or retirement income**   8g.   $ 0.00   $ 0.00

8h. **Other monthly income.** Specify: Occ. horse show judging   8h.   + $ 100.00   + $ 0.00

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.   9.   $ 4,005.00   $ 1,985.00

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   10.   $ 17,345.23 + $ 1,986.00 = $ 19,241.23

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.

Specify: _____   11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies   12.   $ 19,241.23

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain: _____

BERGSTROM 000313

**Fill in this information to identify your case:**

Debtor 1      Carolyn          Jean           Lindholm
              First Name       Middle Name    Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name    Last Name

United States Bankruptcy Court for the: Central District of California

Case number   2:26-bk-13348-DS
(If known)

Check if this is:

❏ An amended filing
❏ A supplement showing postpetition chapter 13
   expenses as of the following date:

MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. Is this a joint case?

   ☑ No. Go to line 2.
   ❏ Yes. **Does Debtor 2 live in a separate household?**

      ❏ No
      ❏ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**       ☑ No
   Do not list Debtor 1 and          ❏ Yes. Fill out this information for
   Debtor 2.                            each dependent..........................

   Do not state the dependents'
   names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | | | ❏ No  ❏ Yes |
| | | | ❏ No  ❏ Yes |
| | | | ❏ No  ❏ Yes |
| | | | ❏ No  ❏ Yes |
| | | | ❏ No  ❏ Yes |

3. Do you have expenses include   ☑ No
   expenses of people other than  ❏ Yes
   yourself and your dependents?

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

**Your expenses**

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.

   4.  $_____1,240.66

   If not included in line 4:

   4a. Real estate taxes                                    4a. $_____0.00

   4b. Property, homeowner's, or renter's insurance         4b. $_____800.00

   4c. Home maintenance, repair, and upkeep expenses        4c. $_____3,000.00

   4d. Homeowner's association or condominium dues          4d. $_____0.00

BERGSTROM 000314

Debtor 1    Carolyn          Jean          Lindholm          Case number *(if known)* 2:26-bk-13348-DS
        First Name     Middle Name      Last Name

| | | | Your expenses |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ 0.00 |
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $ 2,000.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $ INCLUDED ABOVE |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 1,000.00 |
| | 6d. Other. Specify: _____ | 6d. | $ |
| 7. | **Food and housekeeping supplies** | 7. | $ 2,000.00 |
| 8. | **Childcare and children's education costs** | 8. | $ 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ 200.00 |
| 10. | **Personal care products and services** | 10. | $ 200.00 |
| 11. | **Medical and dental expenses** | 11. | $ 100.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 2,000.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ 100.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $ 0.00 |
| | 15b. Health insurance | 15b. | $ 0.00 |
| | 15c. Vehicle insurance | 15c. | $ 0.00 |
| | 15d. Other insurance. Specify: Included in car rental charge | 15d. | $ |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $ 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ |
| | 17b. Car payments for Vehicle 2 | 17b. | $ |
| | 17c. Other. Specify: _____ | 17c. | $ |
| | 17d. Other. Specify: _____ | 17d. | $ |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | $ 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| | 20a. Mortgages on other property | 20a. | $ 0.00 |
| | 20b. Real estate taxes | 20b. | $ 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $ 0.00 |

Official Form 106J                     Schedule J: Your Expenses                     page 2

BERGSTROM 000315

Debtor 1    Carolyn        Jean        Lindholm
            First Name    Middle Name    Last Name          Case number (if known) 2:26-bk-13348-DS

21. **Other.** Specify: Legal cost for adversary proceedings upcoming          21.   +$  *UNKNOWN*

22. **Calculate your monthly expenses.**

   22a. Add lines 4 through 21.                                                22a.   $        14,540.66

   22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2    22b.   $

   22c. Add line 22a and 22b. The result is your monthly expenses.            22c.   $        14,540.66

23. **Calculate your monthly net income.**

   23a.   Copy line 12 (*your combined monthly income*) from *Schedule I.*    23a.   $        19,241.23

   23b.   Copy your monthly expenses from line 22c above.                     23b.   – $       14,540.66

   23c.   Subtract your monthly expenses from your monthly income.
          The result is your *monthly net income.*                            23c.   $         4,757.00

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

   For example, do you expect to finish paying for your car loan within the year or do you expect your
   mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

   ☐ No.

   ☑ Yes.    Explain here: Legal fees and filing fees to be incurred for adversary proceedings against several creditors.
             Payments to IRS and Franchise Tax Board after amounts determined and payment plans set.

Official Form 106J                    Schedule J: Your Expenses                              page 3
                                                                              **BERGSTROM 000316**

Fill in this information to identify your case:

Debtor 1    Carolyn         Jean          Lindholm
            First Name      Middle Name   Last Name

Debtor 2
(Spouse, if filing) First Name   Middle Name   Last Name

United States Bankruptcy Court for the:  Central District of California

Case number   2:26-bk-13348-DS
              (If known)

☐ Check if this is an
   amended filing

## Official Form 106Sum

# Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

**Your assets**
Value of what you own

1.  *Schedule A/B: Property* (Official Form 106A/B)
    1a. Copy line 55, Total real estate, from *Schedule A/B* ........................................................................    $ *UNKNOWN*

    1b. Copy line 62, Total personal property, from *Schedule A/B* ..............................................................    $   56,700.00

    1c. Copy line 63, Total of all property on *Schedule A/B* .......................................................................    $   56,700.00   *

*NOT INCLUDING 1a above*

### Part 2:    Summarize Your Liabilities

**Your liabilities**
Amount you owe

2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
    2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D* ............    $   283,853.37

3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
    3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ...........................    $   0.00

    3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* ......................    + $   0.00

    **Your total liabilities**    $   283,853.37

### Part 3:    Summarize Your Income and Expenses

4.  *Schedule I: Your Income* (Official Form 106I)
    Copy your combined monthly income from line 12 of *Schedule I* ..........................................................    $   19,241.23

5.  *Schedule J: Your Expenses* (Official Form 106J)
    Copy your monthly expenses from line 22c of *Schedule J* ................................................................    $   13,540.66

BERGSTROM 000317

Debtor 1    Carolyn        Jean        Lindholm            Case number *(if known)* 2:26-bk-13348-DS
        First Name    Middle Name    Last Name

## Part 4:    Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.

   $ 15,783.34

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

   **Total claim**

   From Part 4 on *Schedule E/F*, copy the following:

   9a. Domestic support obligations (Copy line 6a.)    $ 0.00

   9b. Taxes and certain other debts you owe the government. (Copy line 6b.)    $ *UNKNOWN — AT LEAST $300,000*

   9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.)    $ 0.00

   9d. Student loans. (Copy line 6f.)    $ 0.00

   9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.)    $ 0.00

   9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.)    + $ 0.00

   9g. **Total.** Add lines 9a through 9f.    $ *UNKNOWN*

BERGSTROM 000318

<table>
<tr><td colspan="2">

**Fill in this information to identify your case:**

Debtor 1    Carolyn    Jean    Lindholm
<br>First Name    Middle Name    Last Name

Debtor 2
<br>(Spouse, if filing)   First Name    Middle Name    Last Name

United States Bankruptcy Court for the: Central District of California

Case number   2:26-bk-13348-DS
<br>(If known)

</td></tr>
</table>

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☑ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☐ 3. The commitment period is 3 years.

☑ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

# Official Form 122C–1

# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

10/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

## Part 1: Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

    ☐ **Not married.** Fill out Column A, lines 2-11.

    ☑ **Married.** Fill out both Columns A and B, lines 2-11.

    Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 14,583.34 | $ 0.00 |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse. | $ 0.00 | $ 0.00 |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | Column A | Column B |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ _____ | $ _____ | | | |
| Ordinary and necessary operating expenses | – $ _____ | – $ _____ | | | |
| Net monthly income from a business, profession, or farm | $ 0.00 | $ 0.00 | Copy here➡ | $ 0.00 | $ 0.00 |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | Column A | Column B |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ _____ | $ _____ | | | |
| Ordinary and necessary operating expenses | – $ _____ | – $ _____ | | | |
| Net monthly income from rental or other real property | $ 0.00 | $ 0.00 | Copy here➡ | $ 0.00 | $ 0.00 |

BERGSTROM 000319

Debtor 1    Carolyn    Jean    Lindholm        Case number (if known) 2:26-bk-13348-DS
          First Name   Middle Name   Last Name

| | Column A | Column B |
| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| 7. Interest, dividends, and royalties | $ 0.00 | $ 0.00 |
| 8. Unemployment compensation | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: .................... ↓

For you ............................................................. $_____

For your spouse ................................................ $_____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.    $ 0.00    $ 0.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

Occasional judging at horse shows    $ 100.00    $ 0.00

    $_____    $_____

Total amounts from separate pages, if any.    + $_____    + $_____

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.    $ 14,583.67  +  $ 1,200.00  =  $15,783.34

Total average monthly income

## Part 2:    Determine How to Measure Your Deductions from Income

12. **Copy your total average monthly income from line 11.** ........................................ $ 15,783.34

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

☑ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

    $_____
    $_____
    + $_____

Total .......................................................................... $_____   Copy here ➜   _____

14. **Your current monthly income.** Subtract the total in line 13 from line 12.    $ 15,783.34

BERGSTROM 000320

Debtor 1   Carolyn    Jean    Lindholm    Case number (if known)  2:26-bk-13348-DS
First Name   Middle Name   Last Name

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here ➜ ............................................................................................................................ $ 15,783.34

Multiply line 15a by 12 (the number of months in a year). **x  12**

15b. The result is your current monthly income for the year for this part of the form. ............................... $ 179,400.0

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.    CA

16b. Fill in the number of people in your household.    2

16c. Fill in the median family income for your state and size of household. ............................................... $ 52,282.00
To find a list of applicable median income amounts, go online using the link specified in the separate
instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

17a. ☐ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under
11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C–2).

17b. ☑ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under
11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C–2).**
On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

18. **Copy your total average monthly income from line 11.** ....................................................................... $ 15,783.34

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that
calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy
the amount from line 13.
19a. If the marital adjustment does not apply, fill in 0 on line 19a. ............................................................ − $ 0.00

19b. **Subtract line 19a from line 18.** $ 15,783.2

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b. ............................................................................................................................................... $ 15,783.24

Multiply by 12 (the number of months in a year). **x  12**

20b. The result is your current monthly income for the year for this part of the form. $ 179,400.0

20c. Copy the median family income for your state and size of household from line 16c. ......................... $ 52,282.00

21. **How do the lines compare?**

☐ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3,
*The commitment period is 3 years.* Go to Part 4.

☑ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form,
check box 4, *The commitment period is 5 years.* Go to Part 4.

BERGSTROM 000321

. Debtor 1   Carolyn           Jean           Lindholm___          Case number (if known) 2:26-bk-13348-DS_____
         First Name      Middle Name      Last Name

---

| **Part 4:** | **Sign Below** |
| --- | --- |

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

✗ _Carolyn Lindholm_                                ✗ _____
Signature of Debtor 1                                Signature of Debtor 2

Date 04/20/2026____                               Date _____
    MM / DD / YYYY                                   MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C–2.

If you checked 17b, fill out Form 122C–2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

---

BERGSTROM 000322

**Fill in this information to identify your case:**

Debtor 1    Carolyn         Jean          Lindholm
          First Name          Middle Name         Last Name

Debtor 2
(Spouse, if filing)  First Name         Middle Name         Last Name

United States Bankruptcy Court for the: Central District of California

Case number  2:26-bk-13348-DS
(If known)

☐ Check if this is an
amended filing

## Official Form 106Dec

# Declaration About an Individual Debtor's Schedules    12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes.  Name of person_____. Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

✗ _____      ✗ _____
Signature of Debtor 1                                Signature of Debtor 2

Date _____                           Date _____
    MM / DD / YYYY                                 MM / DD / YYYY

BERGSTROM 000323

**Fill in this information to identify your case:**

Debtor 1    Carolyn          Jean          Lindholm
            First Name        Middle Name   Last Name

Debtor 2
(Spouse, if filing) First Name    Middle Name   Last Name

United States Bankruptcy Court for the: Central District of California

Case number    2:26-bk-13348-DS
(If known)

☐ Check if this is an
  amended filing

Official Form 107

# Statement of Financial Affairs for Individuals Filing for Bankruptcy    04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

   ☑ Married
   ☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ☑ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| _____ Number    Street | From _____ To _____ | _____ Number    Street | From _____ To _____ |
| _____ City    State  ZIP Code | | _____ City    State  ZIP Code | |
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| _____ Number    Street | From _____ To _____ | _____ Number    Street | From _____ To _____ |
| _____ City    State  ZIP Code | | _____ City    State    ZIP Code | |

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☐ No
   ☑ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

## Part 2:    Explain the Sources of Your Income

Official Form 107    Statement of Financial Affairs for Individuals Filing for Bankruptcy    page 1

BERGSTROM 000324

Debtor 1    Carolyn      Jean      Lindholm      Case number *(if known)* 2:26-bk-13348-DS

First Name    Middle Name    Last Name

---

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☑ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ 51,041.02 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ 0.00 |
| **For last calendar year:**<br><br>(January 1 to December 31, 2025 )<br>              YYYY | ☑ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ 174,996.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ |
| **For the calendar year before that:**<br><br>(January 1 to December 31, 2024 )<br>              YYYY | ☑ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ 174,996.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $ |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security; unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ☐ No
   ☑ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | | $<br>$<br>$ | | $<br>$<br>$ |
| **For last calendar year:**<br><br>(January 1 to December 31, 2025 )<br>              YYYY | Horse show judge | $ 2,000.00<br>$<br>$ | | $<br>$<br>$ |
| **For the calendar year before that:**<br><br>(January 1 to December 31, 2024 )<br>              YYYY | Horse show judge | $ 2,000.00<br>$<br>$ | | $<br>$<br>$ |

---

**BERGSTROM 000325**

Debtor 1   Carolyn _____ Jean _____ Lindholm _____      Case number (if known) 2:26-bk-13348-DS _____
           First Name    Middle Name      Last Name

---

**Part 3:     List Certain Payments You Made Before You Filed for Bankruptcy**

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

   ❏ No.  **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as
          "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?

     ❏ No. Go to line 7.

     ❏ Yes. List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the
             total amount you paid that creditor. Do not include payments for domestic support obligations, such as
             child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

     * Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

   ☑ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

     ☑ No. Go to line 7.

     ❏ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that
             creditor. Do not include payments for domestic support obligations, such as child support and
             alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for... |
|---|---|---|---|---|
| Creditor's Name _____ | _____ | $_____ | $_____ | ❏ Mortgage  ❏ Car  ❏ Credit card |
| Number    Street _____ | _____ | | | ❏ Loan repayment |
| _____ | _____ | | | ❏ Suppliers or vendors |
| City    State    ZIP Code | | | | ❏ Other _____ |
| Creditor's Name _____ | _____ | $_____ | $_____ | ❏ Mortgage  ❏ Car  ❏ Credit card |
| Number    Street _____ | _____ | | | ❏ Loan repayment |
| _____ | _____ | | | ❏ Suppliers or vendors |
| City    State    ZIP Code | | | | ❏ Other _____ |
| Creditor's Name _____ | _____ | $_____ | $_____ | ❏ Mortgage  ❏ Car  ❏ Credit card |
| Number    Street _____ | _____ | | | ❏ Loan repayment |
| _____ | _____ | | | ❏ Suppliers or vendors |
| City    State    ZIP Code | | | | ❏ Other _____ |

---

Official Form 107          **Statement of Financial Affairs for Individuals Filing for Bankruptcy**          page 3

BERGSTROM 000326

Debtor 1    Carolyn     Jean     Lindholm      Case number *(if known)* 2:26-bk-13348-DS

First Name    Middle Name    Last Name

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

☑ No
☐ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| Insider's Name | | $ | $ | |
| Number   Street | | | | |
| City    State   ZIP Code | | | | |
| Insider's Name | | $ | $ | |
| Number   Street | | | | |
| City    State   ZIP Code | | | | |

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

☑ No
☐ Yes. List all payments that benefited an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
| Insider's Name | | $ | $ | |
| Number   Street | | | | |
| City    State   ZIP Code | | | | |
| Insider's Name | | $ | $ | |
| Number   Street | | | | |
| City    State   ZIP Code | | | | |

Official Form 107     **Statement of Financial Affairs for Individuals Filing for Bankruptcy**     page **4**

**BERGSTROM 000327**

Debtor 1  Carolyn    Jean    Lindholm    Case number (if known) 2:26-bk-13348-DS
          First Name    Middle Name    Last Name

---

## Part 4:    Identify Legal Actions, Repossessions, and Foreclosures

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No
☑ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Case title **Lindholm v. Bergstrom** | Filed as breach of contract, became an ANTI-SLAPP | **Los Angeles Superior - Mosk** <br> Court Name <br><br> **111 N. Hill Street** <br> Number    Street <br><br> **Los Angeles**    **CA**    **90012** <br> City    State    ZIP Code | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| Case number **24STCV04536** | | | |
| Case title **Temecula Creek Ranch** ⊞ **and Cross-Complaints** | Dispute over boarded horses | **Riverside Superior** <br> Court Name <br><br> **27401 Menifee Center Drive** <br> Number    Street <br><br> **Menifee**    **CA**    **92584** <br> City    State    ZIP Code | ☑ Pending <br> ☐ On appeal <br> ☐ Concluded |
| Case number **CVSW2307761** | | | |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
    Check all that apply and fill in the details below.

☐ No.  Go to line 11.
☑ Yes. Fill in the information below.

| | Describe the property | Date | Value of the property |
|---|---|---|---|
| **Crystal Bergstrom** <br> Creditor's Name <br><br> **29911 Niguel Rd., #6086** <br> Number    Street <br><br> **Laguna Niguel**    **CA**    **92607** <br> City    State    ZIP Code | Wages garnished. Levy on bank accounts. <br><br> **Explain what happened** <br> ☐ Property was repossessed. <br> ☐ Property was foreclosed. <br> ☑ Property was garnished. <br> ☑ Property was attached, seized, or levied. | | $ 11,000.00 |
| <br> Creditor's Name <br><br> Number    Street <br><br> City    State    ZIP Code | **Describe the property** <br><br> **Explain what happened** <br> ☐ Property was repossessed. <br> ☐ Property was foreclosed. <br> ☐ Property was garnished. <br> ☐ Property was attached, seized, or levied. | Date | Value of the property <br><br> $ |

---

Official Form 107    **Statement of Financial Affairs for Individuals Filing for Bankruptcy**    page 5

**BERGSTROM 000328**

Debtor 1    Carolyn     Jean     Lindholm       Case number *(if known)* 2:26-bk-13348-DS
First Name    Middle Name    Last Name

**11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No
☐ Yes. Fill in the details.

| | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____<br>Creditor's Name | | | |
| _____<br>Number   Street | | _____ | $_____ |
| _____ | | | |
| _____<br>City     State   ZIP Code | Last 4 digits of account number: XXXX–___ ___ ___ ___ | | |

**12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No
☐ Yes

## Part 5: List Certain Gifts and Contributions

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| _____<br>Person to Whom You Gave the Gift | | _____ | $_____ |
| _____ | | _____ | $_____ |
| _____<br>Number   Street | | | |
| _____<br>City     State   ZIP Code | | | |
| Person's relationship to you _____ | | | |

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| _____<br>Person to Whom You Gave the Gift | | _____ | $_____ |
| _____ | | _____ | $_____ |
| _____<br>Number   Street | | | |
| _____<br>City     State   ZIP Code | | | |
| Person's relationship to you _____ | | | |

**BERGSTROM 000329**

Debtor 1   Carolyn _____ Jean _____ Lindholm _____    Case number (*if known*) 2:26-bk-13348-DS
         First Name    Middle Name    Last Name

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☑ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| _____<br>Charity's Name | | _____ | $_____ |
| _____ | | _____ | $_____ |
| _____<br>Number   Street | | | |
| _____<br>City   State   ZIP Code | | | |

## Part 6:   List Certain Losses

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|
| | | _____ | $_____ |

## Part 7:   List Certain Payments or Transfers

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☑ No
☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| _____<br>Person Who Was Paid | | | |
| _____<br>Number   Street | | _____ | $_____ |
| _____ | | _____ | $_____ |
| _____<br>City   State   ZIP Code | | | |
| _____<br>Email or website address | | | |
| _____<br>Person Who Made the Payment, if Not You | | | |

Official Form 107        **Statement of Financial Affairs for Individuals Filing for Bankruptcy**        page 7

**BERGSTROM 000330**

Debtor 1    Carolyn        Jean        Lindholm            Case number (if known) 2:26-bk-13348-DS
           First Name    Middle Name    Last Name

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Person Who Was Paid | | _____ | $_____ |
| Number    Street | | _____ | $_____ |
| City        State    ZIP Code | | | |
| Email or website address | | | |
| Person Who Made the Payment, if Not You | | | |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Person Who Was Paid | | _____ | $_____ |
| Number    Street | | _____ | $_____ |
| City        State    ZIP Code | | | |

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).
Do not include gifts and transfers that you have already listed on this statement.

☑ No
☐ Yes. Fill in the details.

| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Person Who Received Transfer | | | _____ |
| Number    Street | | | |
| City        State    ZIP Code | | | |
| Person's relationship to you _____ | | | |
| Person Who Received Transfer | | | _____ |
| Number    Street | | | |
| City        State    ZIP Code | | | |
| Person's relationship to you _____ | | | |

Official Form 107        Statement of Financial Affairs for Individuals Filing for Bankruptcy        page 8

BERGSTROM 000331

Debtor 1    Carolyn          Jean          Lindholm          Case number (if known) 2:26-bk-13348-DS
            First Name     Middle Name     Last Name

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

☑ No
❑ Yes. Fill in the details.

| | Description and value of the property transferred | Date transfer was made |
|---|---|---|
| Name of trust _____ | | _____ |

## Part 8: List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☑ No
❑ Yes. Fill in the details.

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Wells Fargo<br>Name of Financial Institution<br><br>2544 Glendale Blvd.<br>Number   Street<br><br>Los Angeles   CA   90039<br>City   State   ZIP Code | XXXX– 3 4 6 5 | ☑ Checking<br>❑ Savings<br>❑ Money market<br>❑ Brokerage<br>❑ Other_____ | _____ | $_____0.00 |
| <br>Name of Financial Institution<br><br>Number   Street<br><br>90039<br>City   State   ZIP Code | XXXX–__ __ __ __ | ❑ Checking<br>❑ Savings<br>❑ Money market<br>❑ Brokerage<br>❑ Other_____ | _____ | $_____ |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No
❑ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| Name of Financial Institution<br><br>Number   Street<br><br>City   State   ZIP Code | Name<br><br>Number   Street<br><br>City   State   ZIP Code | | ❑ No<br>❑ Yes |

BERGSTROM 000332

Debtor 1    Carolyn        Jean        Lindholm                    Case number (if known) 2:26-bk-13348-DS
         First Name    Middle Name    Last Name

22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

☐ No
☑ Yes. Fill in the details.

| | Who else has or had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| Public Storage<br>Name of Storage Facility | _____<br>Name | Office desk, 2 chairs, credenza, book cases, misc small office items | ☐ No<br>☑ Yes |
| 15034 Alondra Bl.<br>Number    Street | _____<br>Number    Street | | |
| | 90638<br>City State  ZIP Code | | |
| La Mirada    CA    90638<br>City    State    ZIP Code | | | |

## Part 9:    Identify Property You Hold or Control for Someone Else

23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

☑ No
☐ Yes. Fill in the details.

| | Where is the property? | Describe the property | Value |
|---|---|---|---|
| Owner's Name | | | $_____ |
| _____<br>Number    Street | _____<br>Number    Street | | |
| _____<br>City    State    ZIP Code | _____<br>City    State    ZIP Code | | |

## Part 10:    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

▪ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

▪ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

▪ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

☑ No
☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| _____<br>Name of site | _____<br>Governmental unit | | _____ |
| _____<br>Number    Street | _____<br>Number    Street | | |
| _____<br>City    State    ZIP Code | _____<br>City    State    ZIP Code | | |

Official Form 107    Statement of Financial Affairs for Individuals Filing for Bankruptcy    page 10

BERGSTROM 000333

Debtor 1   Carolyn ___ Jean ___ Lindholm ___      Case number (if known) 2:26-bk-13348-DS
              First Name   Middle Name   Last Name

25. Have you notified any governmental unit of any release of hazardous material?

☑ No
☐ Yes. Fill in the details.

|  | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| Name of site | Governmental unit |  | ___ |
| Number   Street | Number   Street |  |  |
| City   State   ZIP Code | City   State   ZIP Code |  |  |

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

☑ No
☐ Yes. Fill in the details.

|  | Court or agency | Nature of the case | Status of the case |
|---|---|---|---|
| Case title ___ | Court Name |  | ☐ Pending |
|  | Number   Street |  | ☐ On appeal |
| Case number | City   State   ZIP Code |  | ☐ Concluded |

## Part 11:   Give Details About Your Business or Connections to Any Business

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)
☐ A partner in a partnership
☐ An officer, director, or managing executive of a corporation
☐ An owner of at least 5% of the voting or equity securities of a corporation

☑ No. None of the above applies. Go to Part 12.
☐ Yes. Check all that apply above and fill in the details below for each business.

| Business Name | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
|---|---|---|
| Number   Street |  | EIN: __ __ - __ __ __ __ __ __ __ |
|  | Name of accountant or bookkeeper | Dates business existed |
| City   State   ZIP Code |  | From _____ To _____ |
| Business Name | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. |
| Number   Street |  | EIN: __ __ - __ __ __ __ __ __ __ |
|  | Name of accountant or bookkeeper | Dates business existed |
| City   State   ZIP Code |  | From _____ To _____ |

Official Form 107        Statement of Financial Affairs for Individuals Filing for Bankruptcy        page 11

BERGSTROM 000334

Debtor 1   Carolyn        Jean        Lindholm        Case number (if known) 2:26-bk-13348-DS
           First Name    Middle Name  Last Name

| | Describe the nature of the business | Employer Identification number |
| --- | --- | --- |
| Business Name | | Do not include Social Security number or ITIN. |
| | | EIN: __ __ - __ __ __ __ __ __ __ |
| Number   Street | Name of accountant or bookkeeper | Dates business existed |
| | | From _____ To _____ |
| City        State    ZIP Code | | |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☑ No
☐ Yes. Fill in the details below.

|  | Date issued |
| --- | --- |
| Name | MM / DD / YYYY |
| Number   Street | |
| City        State    ZIP Code | |

## Part 12:   Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____    ✗ _____
Signature of Debtor 1                    Signature of Debtor 2

Date 07/20/2026                          Date _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

☐ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

☐ No
☐ Yes. Name of person_____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

BERGSTROM 000335

**STATEMENT OF RELATED CASES**
**INFORMATION REQUIRED BY LBR 1015-2**
**UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA**

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

   Carolyn Lindholm and Robert Lindholm  2:25-bk-20998-DS.  Dismissed.
   Robert Lindholm  2:25-bk-17721-DS.  Dismissed.

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows:  (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

3. (If petitioner is a corporation)  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

   Carolyn Lindholm and Robert Lindholm  2:25-bk-20998-DS.  Dismissed.  Same real property listed in Schedule A/B.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at Los Angeles_____, California    _____
                                                 Signature of Debtor 1

Date: 04/20/2026_____                       _____
                                                 Signature of Debtor 2

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

BERGSTROM 000336

# EXHIBIT 31

**BERGSTROM 000337**

Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address

Carolyn Lindholm
4445 Dundee Drive
Los Angeles, CA. 90027
213-219-2609
tocarolynlindholm@gmail.com
SBN: 106450

FOR COURT USE ONLY

FILED

APR 21 2026

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                              Deputy Clerk

☒ *Debtor appearing without attorney*
☐ *Attorney for Debtor*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

List all names (including trade names) used by Debtor within the last 8 years.

In re:

Carolyn Jean Lindholm

CASE NUMBER: 2:26-bk-13348-DS

CHAPTER 13

### CHAPTER 13 PLAN
☒ Original
☐ 1st Amended*
☐ 2nd Amended*
☐ ___ Amended*
*list below which sections have been changed:

[FRBP 3015(b); LBR 3015-1]

**11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**
**Date:** 05/15/2026
**Time:** 9:00 am
**Address:** Via Zoom

**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**
**Date:** 06/25/2026
**Time:** 1:30 pm
**Address:** 255 E. Temple, Crtrm 1639 LA, CA. 90012

Debtor(s).

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code. "FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**BERGSTROM 000338**

## Part 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

*PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.*

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. *See* FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. *See* LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

<u>The following matters may be of particular importance to you:</u>

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

    **1.1**    **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
        ☒ Included    ☐ Not included

    **1.2**    **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
        ☒ Included    ☐ Not included

    **1.3**    **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
        ☐ Included    ☒ Not included

    **1.4**    **Other Nonstandard Plan provisions, set out in Section IV:**
        ☐ Included    ☒ Not included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

BERGSTROM 000339

## Part 2: PLAN TERMS

Debtor proposes the following Plan terms and makes the following declarations:

### Section I.  PLAN PAYMENT AND LENGTH OF PLAN

A.  Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed.  If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

Payments by Debtor of:

$ 500.00_____ per month for months 1 through _60_ totaling $_30,000.00_____.

$_____ per month for months ____ through ____ totaling $_____.

$_____ per month for months ____ through ____ totaling $_____.

$_____ per month for months ____ through ____ totaling $_____.

For a total plan length of _60_ months totaling $ 30,000.00_____.

B.  Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is $ 0.00_____.

1.  Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata* per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

   a. ☐ **"Percentage" plan:** _____% of the total amount of these claims, for an estimated total payment of $_____.

   b. ☐ **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of $ _____ and _____% to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2.  Minimum Plan payments.  Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

   a. the sum of $_____, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

   b. if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $_____, representing all disposable income payable for 60 months under the means test.

C.  Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D.  In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP 3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                Page 3                      F 3015-1.01.CHAPTER13.PLAN
BERGSTROM 000340

E. Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F. Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G. The Chapter 13 Trustee is authorized to disburse funds after the date Plan confirmation is announced in open court.

H. Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I. Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J. If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K. Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

## Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

### A. ORDER OF PAYMENT OF CLAIMS:

**1st** If there are Domestic Support Obligations, the order of priority will be:

(a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

(a) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full.

**2nd** Subject to the 1st paragraph, pro rata to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan.

**3rd** Non-priority unsecured creditors will be paid pro rata except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

BERGSTROM 000341

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 |
| --- |

**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
| --- | --- | --- | --- |
| a. Administrative Expenses | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2) Attorney's Fees | $ 0.00 | | |
| (3) Chapter 7 Trustee's Fees | $ 0.00 | | |
| (4) Other | | | |
| (5) Other | | | |
| b. Other Priority Claims | | | |
| (1) Internal Revenue Service | | 0.00% | |
| (2) Franchise Tax Board | | 0.00% | |
| (3) Domestic Support Obligation | | 0.00% | |
| (4) Other | | 0.00% | |
| c. Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to 11 U.S.C. §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months) *(specify creditor name)*: | | | |
| | | 0.00% | 0.00% |
| | | 0.00% | 0.00% |

☐ See attachment for additional claims in Class 1.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

BERGSTROM 000342

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

*Check one.*

☐ None. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☒ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

☐ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☒ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):
Mortgage payments on residence  PennyMac  0324

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

BERGSTROM 000343

## CLASS 3B

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN.

*Check one.*

☒ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance**. Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

(a) <u>Bifurcated claims - secured parts</u>: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

   (i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

   (ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) <u>Bifurcated claims - unsecured parts</u>: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | | 0.00% | | |
| | | | | 0.00% | | |

☐ See attachment for additional claims in Class 3B.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

F 3015-1.01 CHAPTER13.PLAN

BERGSTROM 000344

## CLASS 3C

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.

*Check all that apply.*

☒ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☐ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below.  These claims will not be bifurcated.  The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

#### IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | 0.00% | | |

#### CURE AND MAINTAIN CLAIMS

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |

☐ See attachment for additional claims in Class 3C.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

BERGSTROM 000345

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☒ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | 0.00% | | |
| | | | 0.00% | | |
| | | | 0.00% | | |

☐ See attachment for additional claims in Class 3D.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

BERGSTROM 000346

## CLASS 4

### OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE
### AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE,
### WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)

*Check one.*

☒ None. *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |
| | | | 0.00% | | | ☐ Trustee ☐ Debtor |

☐ See attachment for additional claims in Class 4.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

BERGSTROM 000347

## CLASS 5A

### NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED

Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

### SEPARATE CLASSIFICATION:

*Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.*

☒   **None.** *If "None" is checked, the rest of this form for Class 5 need not be completed.*

## CLASS 5B

☐   **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | 0.00% | | |
| | | 0.00% | | |

## CLASS 5C

☐   **Other separately classified nonpriority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|---|
| | | | 0.00% | |
| | | | 0.00% | |

☐   See attachment for additional claims in Class 5.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

F 3015-1.01 CHAPTER13.PLAN

BERGSTROM 000348

## CLASS 6

### SURRENDER OF COLLATERAL

*Check one.*

☒ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

| Creditor Name: | Description: |
|---|---|
|  |  |
|  |  |

☐ See attachment for additional claims in Class 6.

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☒ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (*identify the contract or lease at issue and the other party(ies) to the contract or lease*):

**Creditor Name:** _____

**Description:** _____

    ☐ Rejected         ☒ **Assumed; cure amount (if any): $**_____,
                                       **to be paid over** _____ **months**

**Creditor Name:** _____

**Description:** _____

    ☐ Rejected         ☐ **Assumed; cure amount (if any): $**_____,
                                       **to be paid over** _____ **months**

**Payments to be cured within** _____ **months of filing of the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

BERGSTROM 000349

## Section III.  PLAN SUMMARY

| | |
|---|---|
| CLASS 1a | *PER COURT ORDER* |
| CLASS 1b | $ 0.00 |
| CLASS 1c | $ 0.00 |
| CLASS 2 | $ 0.00 |
| CLASS 3B | $ 0.00 |
| CLASS 3C | $ 0.00 |
| CLASS 3D | $ 0.00 |
| CLASS 4 | $ 0.00 |
| CLASS 5A | $ 0.00 |
| CLASS 5C | $ 0.00 |
| CLASS 7 | $ 0.00 |
| SUB-TOTAL | |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | *PER COURT ORDER* |
| TOTAL PAYMENT | |

## Section IV.  NON-STANDARD PLAN PROVISIONS

☒  **None.**  *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is <u>ineffective</u>.** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐  A.  <u>Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]</u>.  Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐  B.  <u>Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]</u>.  Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f).  If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (e.g., 2ⁿᵈ lien on 123 Main St.):** _____

_____

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (e.g., 2ⁿᵈ lien on 123 Main St.):** _____

☐  See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

BERGSTROM 000350

☐ C.  <u>Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien</u>.  Debtor proposes to modify the following secured claims and liens in this Plan <u>without</u> a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

---

### DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

TO CREDITOR LIENHOLDER/SERVICER _____

_____

☐  Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____

*(attach page with legal description of property or document recording number as appropriate).*

☐  Other collateral *(add description such as judgment date, date and place of lien recording, book and page number)*:

_____

☐  11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐  11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

*(check all that apply and see LBR Form F 4003-2.4.ORDER.AFTERDISCH):*

☐  (1)  discharge under 11 U.S.C. § 1328, or

☐  (2)  Upon completion of all Plan payments.

Value of collateral:  ...................................................................................$_____
Liens reducing equity (to which subject lien can attach):
        $_____ + $_____ + $_____ = $_____ )
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)): ...............($_____ )

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0-): ..........$_____

*Note:* See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

---

☐  See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

☐  D.  **Other Non-Standard Plan Provisions (*use attachment, if necessary*):**

## V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

Date:  4/20/2026

_____
Attorney for Debtor

_____
Debtor 1

_____
Debtor 2

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                       Page 15                      F 2015-1.01-CHAPTER13.PLAN

BERGSTROM 000352

# ATTACHMENT A to Chapter 13 Plan/Confirmation Order
## (11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))

☒ **None.** *If "None" is checked, the rest of this Attachment A need not be completed.*

**1. Creditor Lienholder/Servicer:** _____ .
   **Subject Lien** (*e.g.*, 2nd Lien on 123 Main St.): _____
   _____ .

**2. Creditor Lienholder/Servicer:** _____ .
   **Subject Lien** (*e.g.*, 3rd Lien on 123 Main St.): _____
   _____ .

**3. Creditor Lienholder/Servicer:** _____ .
   **Subject Lien** (*e.g.*, 4th Lien on 123 Main St.): _____
   _____ .

**4. Creditor Lienholder/Servicer:** _____ .
   **Subject Lien** (*e.g.*, 2nd Lien on 456 Broadway): _____
   _____ .

**5. Creditor Lienholder/Servicer:** _____ .
   **Subject Lien** (*e.g.*, 3rd Lien on 456 Broadway): _____
   _____ .

**6. Creditor Lienholder/Servicer:** _____ .
   **Subject Lien** (*e.g.*, 4th Lien on 456 Broadway): _____
   _____ .

**7. Creditor Lienholder/Servicer:** _____ .
   **Subject Lien** (*e.g.*, 2nd Lien on 789 Crest Ave.): _____
   _____ .

**8. Creditor Lienholder/Servicer:** _____ .
   **Subject Lien** (*e.g.*, 3rd Lien on 789 Crest Ave.): _____
   _____ .

**9. Creditor Lienholder/Servicer:** _____ .
   **Subject Lien** (*e.g.*, 4th Lien on 789 Crest Ave.): _____
   _____ .

*(Attach additional pages for more liens/provisions.)*

**CERTIFICATION:** I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (*date*) __04|20|2026__

Printed Name _____     Signature: _____

☐ Attorney for Debtor or ☒ Debtor appearing without attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

BERGSTROM 000353

# EXHIBIT 32

**BERGSTROM 000354**

⚑ KeyCite Yellow Flag

Called into Doubt by U.S. v. Watts, 4th Cir.(Va.), July 8, 1998

24 F.3d 1078
United States Court of Appeals,
Ninth Circuit.

UNITED STATES of
America, Plaintiff-Appellee,

v.

Vernon Robert LINDHOLM,
Jr., Defendant-Appellant.

No. 92-50737.
|
Argued and Submitted March 8, 1994.
|
Decided May 5, 1994.

**Synopsis**

Debtor was convicted of three counts of bankruptcy fraud in the United States District Court for the Central District of California, Ronald S.W. Lew, J., and he appealed. The Court of Appeals, Edward C. Reed, Jr., Senior District Judge, sitting by designation, held that: (1) misstatements made by debtor regarding his number of prior bankruptcies he had filed, in form required under local rule to disclose existence of prior bankruptcy proceedings and dispositions, was "material"; (2) actual loss, rather than intended loss, was property used in calculating amount of loss under Sentencing Guidelines; but (3) three of defendant's prior convictions should have been treated as one offense in calculating criminal history score under Guidelines, where offenses were procedurally consolidated for resentencing, even though cases were separated by intervening arrest.

Affirmed in part, vacated in part, and remanded.

West Headnotes (17)

**[1]    Bankruptcy** 👈 Offenses

To convict defendant of bankruptcy fraud, government must prove the existence of bankruptcy proceedings; that statement under penalty of perjury was made in proceedings, or in relation to proceedings; that statement was made as to material fact; that statement was false; and that statement was knowingly and fraudulently made. 18 U.S.C.A. § 152.

4 Cases that cite this headnote

**[2]    Bankruptcy** 👈 Evidence and Fact Questions

**Criminal Law** 👈 Review De Novo

Materiality of false statement in bankruptcy fraud case is question of law, and thus, question of materiality is subject to de novo review. 18 U.S.C.A. § 152.

4 Cases that cite this headnote

**[3]    Bankruptcy** 👈 Offenses

Misstatements made by debtor regarding number of prior bankruptcies he had filed, in form required under local rule to disclose existence of prior bankruptcy proceedings and dispositions, was "material," as required for bankruptcy fraud conviction; failure to disclose prior bankruptcies hindered bankruptcy court's ability to make adequate determination of debtor's purpose as well as debtor's status. 18 U.S.C.A. § 152; U.S.Bankr.Ct.Rules C.D.Cal., Rule 104; Bankr.Code, 11 U.S.C.A. §§ 109(g), 727(a)(8).

**[4]    Bankruptcy** 👈 Offenses

Scope of "materiality" requirement for bankruptcy fraud includes: matters relating to extent and nature of debtor's assets; inquiries relating to debtor's business transactions or his estate; matters relating to discovery of assets; history of debtor's financial transactions; and statements designed to secure adjudication by particular bankruptcy court. 18 U.S.C.A. § 152.

10 Cases that cite this headnote

**[5]    Bankruptcy** 👈 Evidence and Fact Questions

Issue of whether debtor possessed knowing and fraudulently intent, as required for conviction of bankruptcy fraud, is question of fact, and challenge to sufficiency of evidence as to such

BERGSTROM 000355

element is to be reviewed in light most favorable to prosecution, for determination of whether any rational trier of fact could have found such element beyond reasonable doubt. 18 U.S.C.A. § 152.

2 Cases that cite this headnote

**[6]** **Bankruptcy** 👉 Evidence and Fact Questions

Evidence established "fraudulent intent" by debtor, as required for bankruptcy fraud conviction, in filing multiple bankruptcies and misrepresenting on form required by local rule his prior bankruptcy proceedings; evidence indicated that debtor had ability to perform on contracts but instead filed for bankruptcy, that he stated "none" in response to a question regarding prior bankruptcy filings, and that he made false statements by selectively listing one previously filed petition and actively omitting to mention the others previously filed. 18 U.S.C.A. § 152.

3 Cases that cite this headnote

**[7]** **Bankruptcy** 👉 Offenses

Omission is the equivalent of a "false statement," as required for bankruptcy fraud conviction. 18 U.S.C.A. § 152.

5 Cases that cite this headnote

**[8]** **Bankruptcy** 👉 Evidence and Fact Questions

Trial court's determination that uncompensated use of victims' property as result of debtor's bankruptcy fraud resulted in actual losses of $9,147 and $42,000, respectively, so as to warrant increase in offense level by five levels under Sentencing Guidelines for losses in excess of $40,000, was not clear error; intended loss could not be determined, as debtor apparently intended to occupy property of victims without compensating them for as long as possible, and payments made by debtor to victims were only to get his property out of storage after his eviction and to leave his property so that debtor could make beneficial use of it, rather than a settlement. U.S.S.G. §§ 2F1.1(b)(1), 2F1.1, comment. (n.7), 18 U.S.C.A.App.

1 Case that cites this headnote

**[9]** **Criminal Law** 👉 Review De Novo
**Criminal Law** 👉 Sentencing

District court's interpretation of Sentencing Guidelines is question of law that is subject to de novo review, while factual determinations made in course of applying Guidelines are reviewed for clear error. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.App.

9 Cases that cite this headnote

**[10]** **Bankruptcy** 👉 Evidence and Fact Questions

Because it was not possible to determine intended loss in bankruptcy fraud case, since debtor apparently was willing to occupy property of victims without compensating them for as long as possible, actual loss was properly used in calculating amount of loss under Sentencing Guidelines. U.S.S.G. §§ 2F1.1(b)(1), 2F1.1, comment. (n.7), 18 U.S.C.A.App.

2 Cases that cite this headnote

**[11]** **Sentencing and Punishment** 👉 Considerations in Fixing Amount

District court's order of restitution of $51,972 to victims of bankruptcy fraud was proper under Sentencing Guidelines; evidence indicated that one victim suffered damages of $9,172, another victim suffered damages of $42,000, and that defendant was financially capable of complying with order. 18 U.S.C.A. §§ 3663, 3664, 3664(a); U.S.S.G. § 5E1.1, comment. (backg'd.), 18 U.S.C.A.App.

**[12]** **Criminal Law** 👉 Sentencing

District court's determination that defendant has engaged in more than "minimal planning," for purposes of two-level enhancement under Sentencing Guidelines, is heavily dependent upon facts of case, and clearly erroneous

BERGSTROM 000356

standard of review is applied. U.S.S.G. §§ 1B1.1, comment. (n.1), 2F.1(b)(2), 18 U.S.C.A.App.

22 Cases that cite this headnote

[13]    **Sentencing and Punishment** 👉 Planning

Defendant's commission of bankruptcy fraud by failing to provide required information regarding number of prior filings on bankruptcy documents involved rather sophisticated element of planning, thus warranting two-level enhancement under Sentencing Guidelines for more than "minimal planning"; behavior was repeated and involved extended period of time. U.S.S.G. §§ 1B1.1, comment. (n.1), 2F.1(b)(2), 18 U.S.C.A.App.

11 Cases that cite this headnote

[14]    **Sentencing and Punishment** 👉 Acceptance of Responsibility

Defendant, who at bankruptcy fraud trial attempted to fix blame on victims he had defrauded, was not entitled to two-point reduction of offense level for "accepting responsibility" for his crimes; central issue of defendant's guilt was over his fraudulent intent, a factual matter. U.S.S.G. §§ 3E1.1(a), 3E1.1, comment. (n.2), 18 U.S.C.A.App.

11 Cases that cite this headnote

[15]    **Sentencing and Punishment** 👉 Nature of Amendment or Revision

**Sentencing and Punishment** 👉 Number

Three of defendant's prior convictions should have been treated as one offense in calculating criminal history score under Sentencing Guidelines, where offenses were procedurally consolidated for resentencing, even though cases were separated by intervening arrest; offenses at issue were committed prior to effective date of Guideline that indicated that sentences are not considered related if they were for offenses that were separated by intervening arrest. U.S.S.G. §§ 4A1.1(a, b), 4A1.2(a), 4A1.2, comment. (n.3), 18 U.S.C.A.App.

3 Cases that cite this headnote

[16]    **Sentencing and Punishment** 👉 Amendment or Revision of Guideline

Generally, district court is to apply version of Sentencing Guidelines in effect on date of sentencing. U.S.S.G. § 1B1.1 et seq., 18 U.S.C.A.App.

1 Case that cites this headnote

[17]    **Sentencing and Punishment** 👉 Commentary and Policy Statements

Sentencing Guidelines application note regarding effect of intervening arrest on consolidation of prior convictions in determining criminal history points should not be given retroactive effect. U.S.S.G. §§ 4A1.1(a, b), 4A1.2(a), 4A1.2, comment. (n.3), 18 U.S.C.A.App.

1 Case that cites this headnote

**Attorneys and Law Firms**

 **\*1080** Edward M. Robinson, Law Office of Edward M. Robinson, Redondo Beach, CA, for defendant-appellant.

Steven J. Katzman, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

 **\*1081** Appeal from the United States District Court for the Central District of California.

Before: WIGGINS and G. NELSON, Circuit Judges, and REED, Jr.,[*] District Judge.

**Opinion**

Opinion by Senior District Judge Reed

EDWARD C. REED, Jr., Senior District Judge:

Vernon Robert Lindholm appeals from a conviction in a non-jury trial of three counts of bankruptcy fraud under 18 U.S.C. § 152. The trial court found that appellant chose to file bankruptcy petitions instead of performing

**BERGSTROM 000357**    3

U.S. v. Lindholm, 24 F.3d 1078 (1994)
Bankr. L. Rep. P 75,971

on his contractual obligations, that the appellant lacked credibility, that the appellant filed false statements with the bankruptcy court,[1] and that the government proved its case beyond a reasonable doubt. Appellant was sentenced to forty-one months imprisonment on November 23, 1992, under the United States Sentencing Commission, *Guidelines Manual* (Nov. 1992) and ordered to pay restitution totalling $51,172.00 and a special assessment of $150.00. We affirm the judgment of conviction and remand the case to the district court solely for the purpose of resentencing.

## I. FACTS AND PROCEEDINGS BELOW

In 1989 and 1990 appellant entered into two separate agreements to purchase condominiums. The 1989 agreement was made with Lloyd Prell ("Prell") and the 1990 agreement was made with Kirby Larson ("Larson"). In both cases the respective sellers of the properties ultimately filed unlawful detainer actions against appellant.[2] In each case, to avoid eviction, appellant filed petitions for bankruptcy to secure the benefits of the automatic stay provision of 11 U.S.C. § 362. The bankruptcy petitions filed in relation to the agreements are the basis for the three charges of fraud in the indictment.[3]

Appellant entered into an interim occupancy agreement and agreement to purchase a two-unit condominium located in Redondo Beach with Prell in September of 1989. Appellant agreed to take immediate occupancy and to rent the units for $1700.00 a month pending the close of escrow. Appellant's downpayment/security check for $10,000.00 was returned for insufficient funds, his downpayment/security pink slip on a truck was unexecuted, and he failed to make any rental payments. Appellant alleged the condominium was uninhabitable but continued occupancy of the condominium for eight months. **\*1082** Prell initiated an unlawful detainer action in state court against defendant. The action was then stayed by three Chapter Seven bankruptcy petitions.

The first bankruptcy petition was defendant's joint filing in 1986 and an order was obtained by Prell stating that the bankruptcy did not apply to the property. The second bankruptcy petition was filed on January 24, 1990 (Count One of the Indictment). This bankruptcy proceeding was dismissed on February 20, 1990 for defendant's failure to file a complete petition. The third bankruptcy petition was filed on March 6, 1990 (Count Two of the Indictment). In relation to both the February 20th and March 6th bankruptcy petitions, appellant stated under penalty of perjury (in the information disclosure forms required by Local Rule 104 of the Central District of California) that the only prior bankruptcy petition filed by him or any party/corporation related to him was the petition filed in the name of Emissions Engineering on August 8, 1986.[4]

Ultimately, relief from the automatic stay was obtained by Prell and in April of 1990 appellant was evicted from the property. Prell placed defendant's belongings into storage. Defendant eventually paid the storage costs for the release of his belongings but at no point did Prell receive a settlement payment for his dispute with defendant.

The agreement with Larson, negotiated in February of 1991, was for the purchase of a townhouse being built in Redondo Beach. The purchase price of the property was $1,030,000.00. Appellant alleged that the property did not have a certificate of occupancy; however, as in the case with Prell, he continued occupancy of the property. Appellant lived in the townhouse until Larson filed an unlawful detainer action against appellant. Appellant then filed another bankruptcy petition on June 3, 1991 (Third Count of the Indictment). In connection with this bankruptcy, defendant falsely stated in the Rule 104 form that he had not filed any other prior bankruptcies. Larson moved for dismissal which was denied as was his subsequent motion for relief from stay. Larson ultimately paid appellant $5,000 so that appellant would vacate the property.

On August 19, 1992 the trial court found defendant guilty on all three counts of the Indictment. Subsequently, on November 23, 1992 the district court judge sentenced appellant.

The United States Probation Office prepared a Presentence Report in preparation for sentencing. The Presentence Report recommended a total offense level of thirteen and a criminal history category of six, for a guideline range of 33-41 months. The offense level calculation was based upon U.S.S.G. § 2F1.1 which provides for a base offense level of six (U.S.S.G. § 2F1.1(a)), an additional five levels for the amount of loss suffered (U.S.S.G. § 2F1.1(b)(1)(F)), and an additional two levels for a scheme which involved more than minimal planning (U.S.S.G. § 2F1.1(2)(A)).

The defendant informed the court there were no factual inaccuracies in the Presentence Report but objected to the calculated offense level and restitution order. The court adopted and accepted the calculation proposed by the probation officer over defendant's objections to the criminal

BERGSTROM 000358

history calculation, the adjustment in the offense level because of the loss suffered by the victims, adjustment in the offense level due to more than minimal planning, and the award of restitution.

Defendant was sentenced to a term of 41 months and restitution in the amount of $9,172 to be paid to Lloyd Prell and $42,000 to be paid to Kirby Larson.

## II. DISCUSSION

[1]   1. Did the District Court err in finding that appellant is guilty of bankruptcy fraud due to lack of evidence of materiality and fraudulent intent?

In order to convict defendant of bankruptcy fraud as set forth in the Indictment, the government must prove (1) the existence of the bankruptcy proceedings; (2) that a statement under penalty of perjury was made therein, or in relation thereto; (3) that the statement was made as to a material fact; (4) **\*1083** that the statement was false; and (5) that the statement was knowingly and fraudulently made. *See Metheany v. United States,* 390 F.2d 559, 561 (9th Cir.1968), *cert. denied,* 393 U.S. 824, 89 S.Ct. 81, 21 L.Ed.2d 94 (1968). Appellant argues that appellee failed to prove beyond a reasonable doubt that appellant's false oaths were as to material facts (element No. 3) and that the false oaths were made with fraudulent intent (element No. 5).

### A. Materiality

[2]   The materiality of a false statement in a bankruptcy case is a question of law. *See United States v. Key,* 859 F.2d 1257, 1261 (7th Cir.1988); *see also Metheany,* 390 F.2d at 561. Thus, the question of materiality is subject to *de novo* review. *See United States v. Clark,* 918 F.2d 843, 845-46 (9th Cir.1990) (materiality of a false statement in perjury prosecution is a question of law subject to *de novo* review).

[3]   Appellant made false statements regarding his prior bankruptcies.[5] Appellant was required by Local Rule 104 of the United States Bankruptcy Court, Central District of California ("Rule 104") to disclose the existence of prior bankruptcy proceedings and the dispositions thereof in an information disclosure form.

The fact that the statements at issue were promulgated by a local rule is irrelevant. Appellant made statements to the court regarding his bankruptcies that were false. Persons filing for bankruptcy are required to disclose information in order to lawfully and effectively pursue the option of bankruptcy. The fact that defendant's false statements were a violation of the bankruptcy court's administrative rules does not prevent a statement from being considered material. In addition, the fact that the false statements did not ultimately affect the outcome of the bankruptcy process and the fact that appellant asserts that he thought the prior petitions had been dismissed are not persuasive. Appellant was still under a duty to disclose.

[4]   "Materiality does not require a showing that creditors are harmed by the false statement." *United States v. O'Donnell,* 539 F.2d 1233, 1237-38 (9th Cir.), *cert. denied,* 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976). The scope of materiality includes: (1) matters relating to the extent and nature of the bankrupt's assets; (2) inquiries relating to the bankrupt's business transactions or his estate; (3) matters relating to the discovery of assets (4) the history of a bankrupt's financial transactions; and (5) statements designed to secure adjudication by a particular bankruptcy court. *Id.* at 1237-38.

In *United States v. Phillips,* 606 F.2d 884 (1979) *cert. denied,* 444 U.S. 1024, 100 S.Ct. 685, 62 L.Ed.2d 657 (1980) this court found that a false social security number, the fabrication of prior addresses, and the failure to give past names, are all material statements in that they might mislead creditors as to the identity of the petitioner and might ultimately affect the determination of debtor's eligibility to petition for bankruptcy. *Id.* at 887. Considering the false statements made in the case at hand as material is consistent with this court's prior interpretation of material statements.

*Phillips* made clear:

> The term "material matter" refers not only to the main fact which is the subject of inquiry, but also to any fact or circumstance which tends to corroborate or strengthen the proof adduced to establish the main fact.

*Id.* at 886.

Appellant relies on *United States v. Margolis,* 138 F.2d 1002, 1005 (3d Cir.1943) for **\*1084** the contention that his opinion regarding whether or not he had prior bankruptcy actions pending at the time of his subject petitions was not legally relevant to the question of whether his bankruptcy petition would be discharged or dismissed. However, the question regarding prior bankruptcy filings calls for a specific fact, not a legal opinion. In *Margolis* the court held that a false statement regarding ownership of a piece of machinery was not material because the question regarding ownership in the

BERGSTROM 000359   5

machinery called for the legal opinion of the defendant, which was not pertinent to the inquiry under the circumstances of the case at bar.

Failure to disclose the filing of prior bankruptcy petitions hinders a bankruptcy judge's ability to make an informed and accurate determination of the debtor's purpose for filing the bankruptcy petition as well as the debtor's general status. The purpose of a debtor's filing is relevant in that in the event the bankruptcy is filed for a fraudulent purpose, the bankruptcy judge may sanction the debtor pursuant to 11 U.S.C. 109(g). In addition, statements designed to secure adjudication by a particular bankruptcy court are material. *O'Donnell,* 539 F.2d at 1238.

Prior bankruptcy information was required pursuant to Rule 104 in order to ensure that bankruptcy cases would be properly assigned to the judge assigned to any earlier filed bankruptcy case filed by the debtor (ensuring that all related cases filed within the last six years would be before the same bankruptcy judge). Appellant's strategy of filing false statements with his bankruptcy petitions effectively allows a petitioner to avoid a court with particular knowledge. Furthermore, false statements regarding the existence of other bankruptcy petitions are also material in that a petitioner is entitled to only one discharge every six years and such information should be disclosed in order to determine defendant's eligibility to file bankruptcy and obtain a discharge.[6] 11 U.S.C. § 727(a)(8). Finally, failure to disclose prior bankruptcies could impede an investigation into a debtor's financial affairs (e.g. a creditor). In sum, the misstatements made by the appellant were material.

### B. Fraudulent Intent

 **[5]**    The issue of whether defendant possessed knowing and fraudulent intent is a question of fact. The appellant's challenge to the sufficiency of the evidence with regard to this element is to be reviewed in the light most favorable to the prosecution for the determination of whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

 **[6]**    The government presented evidence which clearly established defendant's knowledge of the false statement. The defendant filed at least eight related bankruptcy cases in less than six years each filed by the defendant in a "pro se"

capacity. The court expressly found that the statements were knowingly made.

It is clear from the record that the oaths made by appellant were fraudulently made. Contrary to defendant's assertion, the district court made sufficient findings to sustain defendant's conviction. The number of bankruptcies, the fact that defendant altered his name slightly with each filing, his continued habitation of properties and refusal to make payments while systematically and repetitiously seeking automatic stays demonstrate fraudulent intent. The district court rejected defendant's assertion that he did not act with fraudulent intent, finding a total lack of credibility on the part of the defendant. We will not disturb the credibility determination made by the trier of fact. *See United States v. Boone,* 951 F.2d 1526, 1536 (9th Cir.1991).

Furthermore, the record shows that appellant had the ability to perform on his contracts with Prell and Larson, yet instead chose to file for bankruptcy in each case, that appellant used multiple bankruptcy filings solely for the purpose of staying his evictions, **\*1085** that appellant never paid rent to the victims, and that despite claims of uninhabitability, appellant continued to live on the properties. Failure to disclose prior bankruptcy proceedings was intended to deceive the bankruptcy court and Prell and Larson in order to use the bankruptcy process to live in these properties rent free.

Appellant argues that the false assertions in the Rule 104 statements were not necessary to his purpose of obtaining the automatic stay provisions, to which he felt entitled, under 11 U.S.C. § 362. However, appellant's use of multiple proceedings and multiple stays was improper and plaintiff clearly attempted to wrongfully serve his own interest by presenting facially valid petitions to the bankruptcy court. Most importantly, appellant's conduct was more than willful abuse of the bankruptcy process. Appellant's use of false statements to help effectuate his fraudulent scheme made his actions criminal pursuant 18 U.S.C. § 152.

 **[7]**    Finally, appellant did not merely make omissions as he claims in filing his bankruptcy petitions. Appellant falsely stated "none" in response to a question regarding prior bankruptcy filings. He also made false statements by selectively listing one previously filed petition and actively omitting to mention the other petitions previously filed. In any event, an omission is the equivalent of a false statement. *See United States v. Irwin,* 654 F.2d. 671, 676 (10th Cir.1981), *cert. denied,* 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d

BERGSTROM 000360    6

133 (1982), *overruled on other grounds, United States v. Daily,* 921 F.2d 994 (10th Cir.1991) (in prosecution for false statement to government agency, court held that leaving a blank is equivalent to an answer of none or a statement that no facts are to be reported). The district court made sufficient findings and the record shows knowing and fraudulent intent on behalf of the appellant.

2. Did the district court err under U.S.S.G. § 2F1.1(b)(1) in increasing the offense level by five levels for losses in excess of $40,000 because appellee failed to prove actual, intended or probable loss?

 [8]    [9]    The district court's interpretation of the Sentencing Guidelines is a question of law which is subject to *de novo* review, while factual determinations made in the course of applying the guidelines are reviewed for clear error. *See United States v. Wilson,* 900 F.2d 1350, 1355 (9th Cir.1990).

The district court did not err in increasing the offense level by five levels for losses in excess of $40,000.[7] U.S.S.G. § 2F1.1(b)(1) provides for an increase in the offense level where the amount of loss is greater than $2,000. If there is no evidence of actual loss or the actual loss is less than the intended loss, the loss that the defendants intended to inflict can be used. See § 2F.1.1 Application Note 7; *United States v. Galliano,* 977 F.2d 1350, 1352-53 (9th Cir.1992) *cert. denied,* 507 U.S. 966, 113 S.Ct. 1399, 122 L.Ed.2d 772 (1993).

 [10]    The district court found that the uncompensated use of Prell and Larson's property resulted in actual loss to the victims of $9,147 and $42,000, respectively. This calculation was based on evidence regarding the rents and mortgage payments due on the properties. We find no clear error in this calculation. It is not possible to determine the intended loss in this case: appellant apparently was willing to occupy the property of the victims without compensating them for as long as possible. Therefore, the actual loss, rather than the intended loss, was properly used in the calculation. *See* U.S.S.G. § 2F1.1, comment. (n. 7); *see also* **\*1086** *United States v. Galliano,* 977 F.2d 1350, 1352-53 (9th Cir.1992) *cert. denied,* 507 U.S. 966, 113 S.Ct. 1399, 122 L.Ed.2d 772 (1993). Furthermore, the record does not support appellant's contention that settlements were ever made with Prell and Larson. Appellant made payment to retrieve his property out of storage after his eviction from Prell's property and Larson paid appellant to leave his property so that he could make beneficial use of it. Therefore, we reject his argument that the loss amount is no greater than the amount he allegedly

"settled" with the victims. *See United States v. Gallegos,* 975 F.2d 710 (10th Cir.1992).

3. Was the restitution ordered by the district court excessive and improper under the Sentencing Guidelines?

 [11]    As stated above, the district court's factual determinations made in the course of applying the guidelines are reviewed for clear error.

U.S.S.G. § 5E1.1, entitled "Restitution," provides in pertinent part that: "(a) The court shall-(1) enter a restitution order if such order is authorized under 18 U.S.C. § 3663-3664." "In determining whether to impose an order of restitution, and the amount of restitution, the court shall consider the amount of loss the victim suffered as a result of the offense, the financial resources of the defendant, the financial needs of the defendant and his dependents, and such other factors the court deems appropriate. 18 U.S.C. § 3664(a)." U.S.S.G. § 5E1.1, comment. (backg'd.). The court will not impose restitution with respect to a loss for which the victim has received or is to receive compensation. 18 U.S.C. § 3663.

The record shows that the defendant was financially capable of complying with the order of restitution. The district court based the amount of the restitution award on the victim impact statement of the Presentence Report and by specifically finding that appellant's ability to earn income would support a finding that he would have the ability to make such restitution payments during the period of supervised release.

The Presentence Report found that actual damages totalling in the amount of $51,972 was suffered by the victims. This figure was reached by adding the damages suffered by Prell in the amount of $9,172 (adopting the judgment awarded to Prell by the Torrance Municipal Court) and the damages suffered by Larson in the amount of $42,000 (derived from appellant's failure to make any payment on the $1,030,000.00 purchase agreement and the monthly mortgage payments of $6,000.00 due during the seven months of appellant's occupancy). Appellant's payment for storage cost (of his personal property) and the negotiations between the appellant and the appellees do not constitute settlements. Neither Prell nor Larson received any compensation for the damages suffered by them as a result of defendant's conduct. The district court's restitution order was not clearly erroneous.

4. Did the district court err in imposing two points for "more than minimal planning" under the Sentencing Guidelines?

**BERGSTROM 000361**

Case 2:26-bk-13348-DS    Doc 21    Filed 06/03/26    Entered 06/03/26 19:14:40    Desc
Main Document      Page 296 of 301

U.S. v. Lindholm, 24 F.3d 1078 (1994)
Bankr. L. Rep. P 75,971

**[12]**  A district court's determination that a defendant has engaged in more than minimal planning is heavily dependent upon the facts of the case and a clearly erroneous standard of review is applied. *See U.S. v. Mullins,* 992 F.2d 1472, 1479 (9th Cir.) *cert. denied,* 509 U.S. 905, 113 S.Ct. 2997, 125 L.Ed.2d 691 (1993).

**[13]**  U.S.S.G. § 2F.1(b)(2) provides for a two level enhancement if the conduct involved more than minimal planning or a scheme to defraud more than one victim. " 'More than minimal planning' means more planning than is typical for commission of the offense in a simple form." U.S.S.G. § 1B1.1 comment, (n. 1(f)). While commission of appellant's crime was simple in the sense that it was effectuated by failing to provide required information on bankruptcy documents, the element of planning was rather sophisticated. In a three year period, defendant entered into two lease/purchase agreements, defaulted on obligations and filed several fraudulent bankruptcies, three of which he was indicted for. The fact that defendant's behavior was repeated and involved an extended period of time implicates appellant's scheme as involving more than minimal planning. U.S.S.G. § 1B1.1, comment (n. 1(f)). Defendant's conduct rose to a level beyond minimal planning **\*1087** and the district court's two level enhancement will not be disturbed.

5. Should the district court have applied a two point reduction under the Sentencing Guidelines § 3E1.1 for acceptance of responsibility?

**[14]**  Appellant contends that he was entitled to a two-point reduction in offense level for accepting responsibility for his crimes. The district court's refusal to grant the reduction was based upon its determination that appellant had not accepted responsibility. We review that determination for clear error. *United States v. Gonzalez,* 897 F.2d 1018, 1019 (9th Cir.1990). Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is entitled to great deference on review. U.S.S.G. § 3E1.1, comment (n. 5).

U.S.S.G. § 3E1.1(a) governs reductions for acceptance of responsibility: "If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by 2 levels." The guidelines specifically acknowledge that this adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. U.S.S.G. § 3E1.1, comment (n. 2).

At trial appellant attempted to fix blame on the victims he defrauded. Moreover, the central issue of appellant's guilt was over his fraudulent intent-a factual matter. *See United States v. Barron-Rivera,* 922 F.2d 549 (9th Cir.1991). In deciding against granting a reduction for acceptance of responsibility, the district judge commented: "you really feel that you are innocent of the charges although you've been convicted of them already." The district court's determination that appellant did not accept responsibility is not clearly erroneous.

6. Did the district court err in determining appellant's criminal history category since appellant's prior convictions were consolidated for sentencing?

**[15]**  The Presentence Report adopted by the trial court assigned eleven criminal list points for appellant's prior state convictions under U.S.S.G. §§ 4A1.1(a) and (b). However, the sentences for three of appellant's prior convictions were vacated and then consolidated for sentencing (cases C56667, 56668 and C68748).

According to the U.S.S.G. § 4A1.2(a), prior sentences imposed in "related cases" are to be treated as one sentence for the purposes of sections 4A1.1(a), (b) and (c). Prior sentences are considered "related" if they resulted from offenses that were consolidated for sentencing. U.S.S.G. § 4A1.1, comment (n. 3).

The district court treated each of these three convictions separately on the basis that the cases were separated by an intervening arrest. Pursuant to U.S.S.G. § 4A1.2, comment (n. 3), prior sentences are not considered related if they were for offenses that were separated by an intervening arrest. This language was added to the Application Notes effective November 1, 1991. The three offenses at issue were offenses committed prior to November 1, 1991.

**[16]**  **[17]**  Generally a district court is to apply the version of the Sentencing Guidelines in effect on the date of sentencing. *United States v. Mooneyham,* 938 F.2d 139, 140 (9th Cir.), *cert. denied,* 502 U.S. 969, 112 S.Ct. 443, 116 L.Ed.2d 461 (1991). However, in *United States v. Bishop,* 1 F.3d 910 (9th Cir.1993) this court held that the guidelines application note regarding the effect of

Case 2:26-bk-13348-DS    Doc 21    Filed 06/03/26    Entered 06/03/26 19:14:40    Desc
Main Document    Page 297 of 301

U.S. v. Lindholm, 24 F.3d 1078 (1994)
Bankr. L. Rep. P 75,971

intervening arrests on consolidation should not be given retroactive effect.[8] Thus, under the holding of *Bishop,* three of appellant's prior convictions should have been treated as one offense in calculating the criminal history score because the offenses were procedurally consolidated for resentencing. Such consolidation may result in a criminal history score that underrepresents the seriousness of appellant's criminal history and the danger he **\*1088** represents to the public. *See* U.S.S.G. § 4A1.2, comment. (n. 3). If such is the result of the consolidation, an upward departure may be warranted.

This case should be remanded to the district court for the purposes of recalculating appellant's criminal history score.

## III. CONCLUSION

The judgment of conviction is affirmed. However, the sentence imposed is vacated and the case is remanded to the district court solely for the purpose of resentencing.

AFFIRMED, VACATED IN PART and REMANDED.

## All Citations

24 F.3d 1078, Bankr. L. Rep. P 75,971

## Footnotes

\*    The Honorable Edward C. Reed, Jr., Senior United States District Judge, District of Nevada, sitting by designation.

1    Specifically, in connection with each of the petitions for bankruptcy filed by appellant relevant to this case, appellant failed to reveal under penalty of perjury other prior bankruptcy petitions he had filed.

2    Evidence regarding the same type of fraud was committed by the appellant in an incident referred to as the "Halligan matter." The trial court found evidence of this matter to be irrelevant because it involved conduct after the indicted counts. Because the district court did not rely on this information, this court will not consider evidence relating to the Halligan matter in the appeal.

3    Between August 8, 1986 and May 19, 1992 appellant filed six personal bankruptcies and two bankruptcies on behalf of corporations in which he was the principal officer (those entries marked with an asterisk are the petitions relating to the indictment at issue):

   **8/8/86:** Chapter Seven bankruptcy filed by defendant in the name of Emissions Engineering (Vern Lindholm listed as the president).

   **10/22/86:** Chapter Seven joint bankruptcy petition filed by defendant in the name of Vernon Robert Lindholm Jr. and Linda Ann Lindholm.

   **10/8/88:** Chapter Seven bankruptcy petition filed by defendant in the name of European Auto Care Center, Inc., with Vern Lindholm listed as the president and Linda Lindholm as the Vice President.

   **\*1/24/90:** Chapter Seven bankruptcy petition filed by defendant in the name of Vernon Robert Lindholm II (Count I of the Indictment).

   **\*4/6/90:** Chapter Seven bankruptcy petition filed in the name of Vernon Robert Lindholm Jr. (Count II of the Indictment).

   **\*6/3/91:** Chapter Seven bankruptcy petition filed by defendant in the name of Vernon Robert Lindholm. (Count III of the Indictment).

   **4/27/92** and **5/19/92:** Chapter Seven bankruptcy petitions filed by defendant in the name of Vernon Robert Lindholm Jr.

4    *See* n. 3 *infra* for list of bankruptcy proceedings filed by appellant.

5    Although appellant claims at the time he signed such statement he was under the impression that his prior bankruptcies had been dismissed, he has also claimed that he is a cum laude graduate of the University of Southern California, that he had attended Western Law School and that he represented himself in both state civil cases and federal bankruptcy

BERGSTROM 000363    9

court. This cuts against the credibility of the claim that he was under the impression that the prior bankruptcies were dismissed. Moreover, regardless of his belief, appellant was under a duty to disclose all prior bankruptcy filings and their subsequent disposition notwithstanding whether such prior bankruptcies had been dismissed or not. *See United States v. Beery,* 678 F.2d 856 (10th Cir.1982), *cert. denied,* 471 U.S. 1066, 105 S.Ct. 2142, 85 L.Ed.2d 499 (1985) (even if defendant had considered bankruptcy proceeding to be invalid, that would not preclude convicting him of concealing assets from receiver and trustee in bankruptcy).

6    In this case defendant received a discharge of all debts scheduled in his 1986 joint bankruptcy petition on February 7, 1990. Despite the fact that a petitioner is only allowed one discharge every six years, defendant filed four additional bankruptcy petitions subsequent to the date of his discharge. *See supra note 2, at 1081.*

7    Contrary to appellant's contention, the trial court did not violate Fed.R.Crim.P. 32 by failing to make findings as to defendant's allegations regarding the Presentence Report or failing to make determinations that no findings were necessary because the controverted matters were not to be taken into consideration at sentencing. Appellant stated during the sentencing proceeding that there were no factual inaccuracies in the Presentence Report. There were no disputed facts, merely disputed arguments with regard to the Presentence Report. Rule 32(c)(3)D only applies to factual inaccuracies, not to recommendations, opinions or conclusions not factual in nature. *United States v. Hart,* 922 F.2d 613, 616 (10th Cir.1990); *United States v. Aleman,* 832 F.2d 142, 145 (11th Cir.1987).

8    The district court in this case did not have the benefit of *Bishop* at the time appellant was sentenced.

---

**End of Document**                                        © 2026 Thomson Reuters. No claim to original U.S. Government Works.

---

  **BERGSTROM 000364** 10

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
281 E. Colorado Blvd., Suite 378, Pasadena, CA 91101


A true and correct copy of the foregoing document entitled (*specify*): **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JUDGMENT CRYSTAL BERGSTROM'S NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. §§ 1307(c) AND 349(a) OR, ALTERNATELY, 11 U.S.C. § 521(e)(2)(A)(ii)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 3, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **June 3, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Debtor:** Carolyn Jean Lindholm, 4445 Dundee Drive, Los Angeles, CA 90027

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 6/3/2026 | Grace Garcia | */s/ Grace Garcia* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Crystal Bergstrom:  cbergstrom@judicialenforcement.com

Kathy A Dockery (TR):  EFiling@LATrustee.com

United States Trustee (LA):  ustpregion16.la.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

2. SERVED BY UNITED STATES MAIL

Label Matrix for local noticing
0973-2
Case 2:26-bk-13348-DS
Central District of California
Los Angeles
Wed Jun  3 13:38:00 PDT 2026

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

County of Los Angeles Dept. of Public Health
Environmental Health
5050 Commerce Drive
Baldwin Park, CA. 91706-1423

(p)JUDICIAL JUDGMENT ENFORCEMENT SERVICES
29911 NIGUEL ROAD #6086
LAGUNA NIGUEL CA 92607-2403                NEF

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

First National Bank of Omaha
c/o BQ & Associates
14211 Arbor Street
Suite 100
Omaha, NE 68144-2312

Franchise Tax Board
P.O. Box 942840
Sacramento, CA. 94240-0040

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Legacy Vacation Resorts - Steamboat Springs
P.O. Box 690999
Orlando, FL 32869-0999

Los Angeles Department of Water and Power (L
P.O. Box 51111
Los Angeles, CA. 90051-5700

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

PENNYMAC LOAN SERVICES, LLC
PO BOX 2410
Moorpark, CA 93020-2410

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA  98083-0788

Southern California Gas Company
P.O. Box 1626
Monterey Park, CA. 91754-8626

The Dunning Law Firm
9619 Chesapeake Drive, Suite 210
San Diego, CA. 92123-1329

United States Trustee (LA)        NEF
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Carolyn Jean Lindholm
4445 Dundee Dr
Los Angeles, CA 90027-1211

Kathy A Dockery (TR)              NEF
801 Figueroa Street, Suite 1850
Los Angeles, CA 90017-5569

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Crystal Bergstrom
29911 Niguel Road, #6086
Laguna Niguel, CA. 92607

Internal Revenue Service
P.O. Box 7704
San Francisco, CA. 94120-7704

(d)Crystal Bergstrom
Judicial Judgment Enforcement Service
29911 Niguel Road, #6086
Laguna Niguel, CA 92607

End of Label Matrix
Mailable recipients    18
Bypassed recipients     0
Total                  18