| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Carolyn Lindholm<br>4445 Dundee Drive<br>Los Angeles, CA. 90027<br>213-219-2609<br>tocarolynlindholm@gmail.com<br>SBN 206450 | **FILED**<br>**JUN 2 3 2026**<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:                    Deputy Clerk |
| ☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Carolyn Lindholm | CASE NO.: 2-26-bk-13348-DS |
|---|---|
| | CHAPTER: 13 |
| | **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>**(with supporting declarations)** |
| Debtor(s). | DATE: ℙℰℕⅅⅈℕ𝒢<br>TIME:<br>COURTROOM: |

**Movant:** Carolyn Lindholm

1. NOTICE IS HEREBY GIVEN to all interested parties
(Secured Creditor/Lessor),trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location:**

   ☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

3. ☐ a. This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this
   motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                   Page 1                        **F 4001-1.IMPOSE.STAY.MOTION**

attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

☒ b.  This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served: ☐ at the hearing ☐ at least _____ days before the hearing.

    (1) ☐ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

    (2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon appropriate creditor(s) and trustee, if any.

    (3) ☒ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4.  You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5.  If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: 06/18/2026

_____
Printed name of law firm (if applicable)

Carolyn Lindholm
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*
F 4001-1.IMPOSE.STAY.MOTION

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** Carolyn Lindholm _____

1. **The Property or Debt at Issue:**
   a. ☐ Movant moves for an order imposing a stay with respect to the following property (Property):
   ☐ Vehicle (*describe year, manufacturer, type, and model*):
   Vehicle Identification Number:
   Location of vehicle (*if known*):

   ☐ Equipment (*describe manufacturer, type, and characteristics*):
   Serial number(s):

   Location (*if known*):

   ☐ Other Personal Property (*describe type, identifying information, and location*):

   ☐ Real Property
   Street Address:
   Apt./Suite No.:
   City, State, Zip Code:
   Legal description or document recording number (include county of recording):

   ☐ See attached continuation page

   The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) _____

   _____
   to secure the sum of approximately $ _____ now owed. (Secured Creditor/Lessor).
   Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. (*Attach additional sheets as necessary*)

   b. ☐ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the <u>Secured Creditors/Lessors</u> as described in this motion; and/or

   c. ☐ Movant moves for an order **imposing a stay** <u>as to *all creditors*</u>.

   d. ☐ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the <u>Secured Creditor/Lessor</u>, and/or

   e. ☒ Movant moves for an order continuing the **automatic stay** <u>as to *all creditors*</u>.

2. **Case History:**
   a. ☒ A voluntary ☐ An involuntary petition concerning an individual[s] under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed concerning the present case on (*specify date*): 04/07/2026

   b. ☐ An Order of Conversion to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*specify date*):

   c. ☐ Plan was confirmed on (*specify date*):

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

d.  Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case.  These cases and the reasons for dismissal are:

1.  Case name: Carolyn & Robert Lindholm
    Case number: 2:25-bk-20998-DS          Chapter: 13
    Date filed: 12/08/2025                 Date dismissed:
    Relief from stay re this Property      ☐ was    ☒ was not granted
    Reason for dismissal:
    I don't know, but believe it related to inadequate production of documents.

2.  Case name:
    Case number:                           Chapter:
    Date filed:                            Date dismissed:
    Relief from stay re this Property      ☐ was    ☐ was not granted
    Reason for dismissal:

    ☐ See attached continuation page

e.  ☐ As of the date of this motion the Debtor ☐ has ☐ has not  filed a statement of intentions regarding this Property as required under 11 U.S.C. § 521(a)(2).  If a statement of intentions has been filed, Debtor ☐ has ☐ has not  performed as promised therein.

f.  ☐ The first date set for the meeting of creditors under 11 U.S.C. § 341(a) is/was _____ and the court ☐ has ☐ has not  fixed a later date for performance by Debtor of the obligations described at 11 U.S.C. § 521(a)(2).  The extended date (if applicable) is _____.

g.  ☐ In a previous case(s), as of the date of dismissal there was:
    ☐ an action by the Secured Creditor/Lessor under 11 U.S.C.§ 362(d) still pending or
    ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3.  The equity in the property is calculated as follows:

a)  1.  Property description/value: _____  $ _____
    2.  Creditor/Lien amount: _____  $ _____
    3.  Creditor/Lien amount: _____  $ _____
    4.  Creditor/Lien amount: _____  $ _____
    5.  Creditor/Lien amount: _____  $ _____
    6.  Total Liens                                    $ _____
    7.  Debtor's Homestead Exemption                   $ _____
    8.  Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)  $ _____

b)  1.  Property description/value: _____  $ _____
    2.  Creditor/Lien amount: _____  $ _____
    3.  Creditor/Lien amount: _____  $ _____
    4.  Creditor/Lien amount: _____  $ _____
    5.  Creditor/Lien amount: _____  $ _____
    6.  Total Liens                                    $ _____
    7.  Debtor's Homestead Exemption                   $ _____
    8.  Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)  $ _____

    ☐ See attached continuation page

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **Grounds for Continuing The Stay:**

a. ☒ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

1. ☒ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

   A. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);

   B. ☒ Good faith is shown because
   See attached Declaration of Carolyn Lindholm.

   ☒ See attached continuation page

2. ☐ The Property is of consequential value or benefit to the estate because:

   A. ☐ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached (*describe separately as to each property*);

   B. ☐ The Property is necessary to a reorganization for the following reasons:

   ☐ See attached continuation page

   C. ☐ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection):

   ☐ See attached continuation page

3. ☒ The presumption of a bad faith filing under 11 U.S.C. § 362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

   A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§ 362(i);

   B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;

   C. ☒ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because:
   See Declaration of Carolyn Lindholm

   ☐ See attached continuation page

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012         **F 4001-1.IMPOSE.STAY.MOTION**

D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

_____

_____

_____

☐ See attached continuation page

E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

_____

_____

_____

☐ See attached continuation page

F. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

_____

_____

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

☐ See attached continuation page

G. ☐ For the following additional reasons:

_____

_____

_____

☐ See attached continuation page

4. ☐ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(3)(C)(ii) is overcome in this case because

_____

_____

_____

☐ See attached continuation page

5. **Grounds for Imposing a Stay:**
   a. ☐ Pursuant to 11 U.S.C. § 362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:
      1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

2.  ☐  The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons:

_____

_____

_____

☐  See attached continuation page

3.  ☐  The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection):

_____

_____

_____

☐  See attached continuation page

b.  ☐  The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

1.  ☐  The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C. § 707(b);

2.  ☐  Good faith is shown because:

_____

_____

_____

☐  See attached continuation page

c.  ☐  The presumption of a bad faith filing under 11 U.S.C.§ 362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

1.  ☐  Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows:

_____

_____

_____

☐  See attached continuation page

2.  ☐  Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal  was as the result of the negligence of Debtor's attorney;

3.  ☐  Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

_____

_____

_____

☐  See attached continuation page

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                        Page 7                                F 4001-1.IMPOSE.STAY.MOTION

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

_____

_____

_____

☐ See attached continuation page

5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

_____

_____

_____

(from which the court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

☐ See attached continuation page

6. ☒ For the following additional reasons:
   See attached Declaration of Carolyn Lindholm.

_____

_____

_____

_____

_____

☐ See attached continuation page

7. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(4)(D)(ii) is overcome in this case because

_____

_____

_____

☐ See attached continuation page(s)

6. **Evidence in Support of Motion: (*Important Note: Declaration(s) in support of the Motion MUST be attached hereto.*)**

   a. ☐ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.

   b. ☒ Other Declaration(s) are also attached in support of this Motion.

   c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____

   d. ☐ Other evidence (*specify*):

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this court issue an Order Imposing a Stay and granting the following (*specify forms of relief requested*):**

1. ☐ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 8                        F 4001-1.IMPOSE.STAY.MOTION

2. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☐ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☒ That a Stay be imposed as to all creditors until further order of the court.

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by (specify proposed adequate protection)

_____

_____

_____

8. ☐ For other relief requested, see attached continuation page.

Date: __06/21/2026__

Respectfully submitted,

Carolyn Lindholm
_____
Movant name

_____
Firm name of attorney for Movant (if applicable)

_____
Signature

_____
Printed name of individual Movant or Attorney for Movant

## DECLARATION OF MOVANT

I, _____, am the _____
of Movant. I have read the foregoing motion consisting of _____ pages, and the attached materials incorporated therein by reference. If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded. I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _____ | _____ | _____ |
| *Date* | *Printed name of declarant* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 9                    **F 4001-1.IMPOSE.STAY.MOTION**

## DECLARATION OF CAROLYN LINDHOLM IN SUPPORT OF MOTION FOR AN ORDER CONTINUING THE AUTOMATIC STAY

I, Carolyn Lindholm, hereby declare:

1. I am the Debtor in Chapter 13 Case No. 2:26-bk-13348-DS. I am an attorney at law, and representing myself. I have been an attorney since 1982, practicing primarily medical malpractice defense, with a prominent downtown LA firm, in which I was a shareholder.

2. This declaration is based upon my own personal knowledge, and if called upon to do so, I could competently testify to all matters set forth herein.

3. I filed a prior bankruptcy within the past year, which was dismissed in the early stages. I was not very knowledgeable about bankruptcies at that time, and I was getting advice from experienced professionals in the field, but I believe that I did not provide all required documentation in a timely manner due to my lack of knowlede. I am again getting advice from knowledgeable professionals, but I am also working to educate myself on the bankruptcy process.

4. The need for me to file for bankruptcy is caused by a scheme to defraud in order to take my home, in which I have lived for 44 years, by unlicensed collector Crystal Bergstrom (hereinafter "Bergstrom") and her scheming contingency-fee attorney friends. When Bergstrom announced by letter that she become the Assignee of a $20,000 judgment, which my husband and I had been attempting to settle and pay for 6 years, my husband offered $25,000 in 5 payments. Bergstrom accepted and documented the agreement by e-mail.

5. As soon as the contract with Bergstrom was made, and during the short time before the first payment, Bergstrom did her homework. She is a grifter besides being an unlicensed collector. She discovered on the internet that I owned a home with nearly $3 million in equity, according to Zillow. She decided to back out of the settlement. If I had paid the $25,000, I believe she still would not have settled the case and just taken the money, as evidenced by the fact that she had collected $14, 071.53 on or before September

1

25, 2024, according to her sworn declaration filed in the Superior Court, but not one penny has been paid to the original creditor. She has received demands from me and my husband to dispute this, and she has ignored them every time.

6. After Bergstrom backed out of the settlement, after consulting with other attorneys, I believed my only alternative was to file a lawsuit to enforce the settlement contract with Bergstrom. Bergstrom's contingency-fee friends, who she knew through the California Association of Judgment Creditors, filed an Anti-SLAPP motion. (One of Bergstrom's attorney friends from the Association, Paul Philip Young, their website informs handles ethics for the organization. At the beginning of this matter in 2024, the California Association of Judgment Creditors had about two dozen members, which has since been reduced by half. Most of the websites of the remaining members of the Association, very few of whom are attorneys, are dead websites.)

7. Since my husband and I have professional liability, homeowners insurance, and a personal liability umbrella, my husband contacted our insurance carrier, one of the largest insurers in the World. They recently stated nine billion dollars in profits for the last quarter, and are under investigation by the California Department of Insurance for failure to timely pay claims. Instead of opening a claim, the insurance adjuster "jerked us around" for 3 weeks. The Court denied my request for a continuance of the anti-SLAPP motion, although I was scheduled to be in trial that day, and we did not yet have counsel. By the time the attorney for our insurance company denied the claim, judgment had already been entered on the anti-SLAPP. I had no time to prepare a proper opposition, which I am now going to do, with assistance of counsel, through an adversary proceeding in the Bankruptcy Court. The Superior Court judge granted the virtually-unopposed motion, and awarded over $21,000 in legal fees. When my husband asked an attorney friend who is a millionaire class action lawyer to look at the anti-SLAPP motion, he ran the motion through ChatGTP and generated virtually the same pleading in 8 minutes. The Ford Motor Company has just sued Quill and Arrow, LLP, another large contingency-fee law firm, stating that Quill holds itself out as a California law firm, when in truth, Quill is not

2

principally a law firm but a fraudulent and illegal billing factory, at California attorney rates for work performed entirely by non-lawyers earning as little as $13/hour in other countries. Ford states in its Complaint that they have already paid over $100 million dollars in legal fees at California attorney rates of $350-$950/hour when, in fact, the billing records are utter fabrications. Chora, Young's only posted address is a Post Office box in the Pasadena main Post Office. I was present when my husband asked a receptionist for Chora, Young on the phone for their actual street address; the receptionist began crying, and said they would fire her if she told anyone their actual address. I have already filed a motion to tax costs with the Superior Court. Nevertheless, Bergstrom's law firm presents these contested fees to this Court as unappealable judgments and a reason to sell my home immediately. It appears that these same lawyers are now presenting the new amount of over $360,000....no damages, just legal fees, in a simple case.

8. A few days after this bankruptcy was filed, I was forced to appear in the Los Angeles Superior Court before Judge Tony Richardson again on a motion for an order to sell my home, despite and in violation of the automatic stay. Joseph Chora of Chora, Young & Manasserian, LLP, appeared on behalf of Bergstrom. Mr. Chora acknowledged that I had filed a Chapter 13 bankruptcy, and when confronted, he asked the Court to continue the hearing for about 4 months; the Court continued the hearing to August, 2026. Everything Mr. Chora said in Court that day indicated that he would allow time for a Chapter 13 plan to be confirmed. Based upon Mr. Chora's being caught in violation of the stay, and his representations to me and to the Court that day, I did not anticipate a need to request an extension of the automatic stay, but everything Bergstrom and her attorneys do is laser-focused on selling my home. Mr. Chora generally seems to make everyone uncomfortable by constantly bragging that he sells peoples homes, and he called himself an "enforcer" and an "executioner" in his role working for disbarred and imprisoned former lawyer Thomas Girardi.

9. After serving notice on the Superior Court regarding expiration of the automatic stay, Mr. Chora and/or his colleagues at his firm (hereinafter "CYM") served levies on

3

bank accounts for me and my husband; CYM opposed my husband's exemption for his Social Security payments; and at the recent hearing on the opposition to the exemption, I was served with an SDT for me to appear on July 17, 2026 and to produce 62 categories of documents dating from January 1, 2016. CYM has also filed a new levy on our home.

10. The recent activities by CYM are harassment, and are intended to continue to build legal fees, as well as to distract me from the things I must do for my Chapter 13. I have a full-time job, so my evenings and weekends are spent on what is required for the Chapter 13, as well as dealing with the activities by CYM.

11. After the sudden death of the CPA my husband and I used for a few years on July 27, 2024, we discovered that although the CPA had informed us he had filed our 2022 tax return, the return had not been filed. It was our understanding that the CPA probably had our 2023 tax return done at the time of his death, but we had not yet seen it. My husband tried to obtain our files from the CPA's sister when she came from out of state to take care of her brother's affairs, but she was not cooperative, and he was unable to obtain copies of anything the CPA had relating to us. Locating and reassembling the documentation for tax returns for 2022 and 2023 has taken many hours of our time. My husband prepared a 2024 tax return and attempted to file it online; we only recently learned that he was not successful in filing it. We have a new CPA, and are working to get our tax returns for 2022, 2023 and 2024 filed. We are also working on preparation of our tax return for 2025. This all takes a lot of my time. I understand from my initial 341 meeting that the tax returns for 2022, 2023 and 2024 must be completed and filed before a Chapter 13 plan for me can be confirmed, so I am working to get that done as soon as possible.

12. My husband and I have recently been informed that the IRS is claiming we have tax liabilities for earlier years as well, which we are investigating, and this takes more of my time.

13. I need to know what my tax liabilities are for my Chapter 13 plan.

4

14.   I request that the Court extend the automatic stay to allow time for a Chapter 13 plan to be approved.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Dated this 21st day of June, 2026 and executed at Los Angeles, California.

Carolyn Lindholm

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 ~~and not a party to this bankruptcy case or adversary proceeding~~. My business address is:
4445 Dundee Drive, Los Angeles, CA. 90027

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE (with supporting declarations)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Crystal Bergstrom  cb ergstrom@judicialenforcment.com
Kathy Dockery  EFiling@LATrustee.com
Kevin Ronk  Kevin@portilloronk.com, eService@cymlaw
United States Trustee  ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) _06/21/2026_ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Internal Revenue Service, P.O. Box 7704, San Francisco, CA. 94120-7704
Franchise Tax Board, P.O. Box 94240-0040, Sacramento, CA. 94240-0040
LADWP, P.O. Box 51111, Los Angeles, CA. 90051-0100
So Ca. Gas Co., P.O. Box 1626, Monterey Park, CA. 91754-8626

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _06/21/2026_ | _Carolyn Lindholm_ | _(signature)_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                              Page 10                       **F 4001-1.IMPOSE.STAY.MOTION**

SERVED BY UNITED STATES MAIL – CONTINUED FROM PRIOR PAGE

The Dunning Law Firm, 9619 Chesapeake Dr., #210, San Diego, CA.  91706

County of Los Angeles Dept. of Public Health, Environmental Health, 5050 Commerc Driv, Baldwin Park, CA.  91706

Legacy Vacation Resorts, Steamboat Springs, P.O. Box 690999, Orlando, FL.  32869