| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |

**FILED & ENTERED**

JUN 24 2026

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bakchell   DEPUTY CLERK**

☐ *Individual appearing without attorney*
☐ *Attorney for Movant*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

In re:

CAROLYN JEAN LINDHOLM,

CASE NUMBER: 2:26-bk-13348-DS

CHAPTER: 13

**ORDER ☐ GRANTING   ☒ DENYING MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY**

☒  No hearing held
☐  Hearing held

DATE:
TIME:
COURTROOM:
ADDRESS:

Debtor(s).

**Movant** *(name)*: Carolyn Jean Lindholm (the "Debtor")

1.  The Motion was:  ☐ Opposed     ☒ Unopposed     ☐ Settled by stipulation

2.  The Motion affects the following property (Property):

☐  Vehicle *(describe year, manufacturer, type and model)*:

    *Vehicle identification number:*
    *Location of vehicle (if known):*

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2018*                                         Page 1                                **F 4001-1.IMPOSE.STAY.ORDER**

☐ Equipment *(describe manufacturer, type, and characteristics)*:

*Serial numbers(s):*
*Location (if known):*

☐ Other personal property *(describe type, identifying information, and location)*:

☐ Real property:

*Street Address:*
*Unit Number:*
*City, State, Zip Code:*

Legal description or document recording number (*including county of recording*):

☐ See attached page.

3. The Motion is granted on the grounds that:

a. ☐ This case was filed in good faith.

b. ☐ The Property is of consequential value or benefit to the estate.

c. ☐ The presumption of bad faith under 11 U.S.C. § 362(c)(3)(C)(i) or (c)(4)(D)(i) has been overcome as to all creditors.

d. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(3)(C)(ii) or (c)(4)(D)(ii) has been overcome.

4. The stay of 11 U.S.C. § 362(a) is

a. ☐ Imposed *as to all creditors* until further order of the court.

b. ☐ Imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

c. ☐ Imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

d. ☐ Continued *as to all creditors* until further order of the court.

e. ☐ Continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

f. ☐ Continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

5. ☐ The stay is imposed or continued in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this order.

6. ☐ See attached continuation page for additional provisions.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2018*                                          Page 2                                          **F 4001-1.IMPOSE.STAY.ORDER**

7. ☒ The Motion is denied:    ☐ without prejudice    ☒ with prejudice    ☒ on the following grounds:

a. ☐ Based upon the findings of fact and conclusions of law made on the record at the hearing

b. ☐ Unexcused non-appearance by Movant

c. ☐ Lack of proper service

d. ☐ Lack of good cause shown

e. ☒ Other (*specify*):

Under Local Bankruptcy Rule 9013-1(j), the court, in its discretion, may dispense with oral argument.  L. Bankr. R. 9013-1(j).  Here, the court will exercise such discretion and rule on the motion without a hearing.

This case was filed on April 7, 2026.  The Debtor had a prior case pending and dismissed within a year before the petition date (In re Carolyn Jean Lindholm and Robert Lindholm, Case No. 25-20998; filed 12/8/25; dismissed 1/14/26).  By operation of law, the automatic stay terminated under 11 U.S.C. § 362(c)(3)(A) on the 30th day after the petition date (i.e., May 7, 2026).  The Debtor's motion to continue the stay was not filed within the 30-day period after the petition, as required by 11 U.S.C. § 362(c)(3)(B), and accordingly, there is no basis under the statute to continue the stay.

### 

Date: June 24, 2026

Deborah J. Saltzman
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2018*                                    Page 3                              **F 4001-1.IMPOSE.STAY.ORDER**